IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR, and GERARDO MEZA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11 CV 1702 |
| THE TOWN OF CICERO, a municipal corporation, LARRY DOMINICK, in his official and individual capacity, PAUL DEMBOWSKI, LARRY POLK, and SERGE ROCHER, in their individual capacities, | ) ) ) ) ) ) ) | Judge Ronald A. Guzman |
| Defendants. | | |

## DEFENDANTS' AMENDED MOTION IN LIMINE NO. 6 TO BAR GERARDO MEZA FROM TESTIFYING AT TRIAL REGARDING ALLEGED STATEMENTS MADE BY JAMES VASSELLI

NOW COME the Defendants, the TOWN OF CICERO, LARRY DOMINICK, PAUL DEMBOWSKI, LARRY POLK, and SERGE ROCHER, by and through its counsel, Cynthia S. Grandfield of Del Galdo Law Group, LLC, and in support of its motion in limine to bar Gerardo Meza ("Meza") from testifying at trial regarding alleged statements made by James Vasselli states as follows:

In previous hearings, Meza has testified that Assistant Town Attorney James Vasselli ("Vasselli") stated to him that the Town approved the use of the bar on the second floor at Serenata Restaurant and Bar. The Defendants anticipate that Meza intends to present similar testimony regarding alleged statements made by Vasselli in this trial. However, the record in this case does not support the admission of such testimony. Vasselli has denied making those statements in a sworn affidavit that was submitted in this case. See *Vasselli Affidavit* attached as *Exhibit A*. The Affidavit was produced in January 2007 and Plaintiff never sought Vasselli's deposition and he is not listed as

1

a witness in this case. Further, any statements made by Vasselli to Meza constitute inadmissible hearsay. Therefore, any attempt from Meza to testify regarding these alleged statements made by Vasselli are in bad faith and should not be permitted.

Defendants initially filed this motion, along with eight (8) other motions, on Monday, January 2nd 2012. Subsequent to filing and upon the court's granting of a continuance for filing of the final pre-trial order to January 25th, 2012, Defendants' counsel sent correspondence to Plaintiffs' counsel on January 17th summarizing the objections and issues contained in the motions and inquiring as to if any of these could be resolved. Defendants further proposed Plaintiffs' counsel discuss any objections that she had with Defendants' counsel to see if those objections could be resolved. Defendants' counsel indicated availability to further discuss those matters on either Wednesday the 18th or Thursday the 19th and indicated she would follow-up on the 20th with Plaintiffs' counsel. Plaintiffs' counsel instead indicated Monday the 23rd. On the 23rd, Plaintiffs' counsel indicated that she did not believe any of the issues, with respect to objections of either party could be resolved. Thus, the parties were unable to resolve the issues raised in this motion.

WHEREFORE, the Defendants, respectfully requests that Gerardo Meza be barred from testifying at trial regarding any alleged statements made by James Vasselli.

Respectfully submitted,
Defendants

By: */s/ Cynthia S. Grandfield*
Cynthia S. Grandfield
One of Defendants' Attorneys

Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
*Attorneys for the Defendants*
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)