IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF CICERO, et al., <br><br> Defendants. | Case No. 11 CV 01702 <br><br> Honorable Ronald A. Guzman |

**PLAINTIFFS' MOTION *IN LIMINE* # 1**
<u>**OFFENSIVE COLLATERAL ESTOPPEL**</u>

Plaintiffs LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA (collectively "Plaintiffs"), through their undersigned counsel, move *in limine* to bar Defendants from re-litigating issues that are precluded under the doctrine of collateral estoppel (issue preclusion). Defendants have made it clear in their submissions for the proposed pretrial order that they will seek to make arguments and seek to admit evidence on issues that have already been litigated in a prior forum between the parties and that are barred by collateral estoppel. Therefore, the granting of this motion will greatly shorten the trial by barring Defendants from litigating issues that have already been decided in Plaintiffs' favor. In support, Plaintiffs state as follows:

**I. Introduction**

The Illinois Liquor Commission and Judge Berman of the Circuit Court of Cook County, Chancery Division have already conclusively determined several issues in prior related actions that bar Defendants from re-litigating those issues in this case: (a) the Town of Cicero, through the Cicero Liquor Commissioner, violated Serenata's due process rights; (b) the Cicero Liquor Commissioner "did not proceed in the manner provided for by law in that he accepted

inadmissible hearsay evidence" when it revoked Plaintiffs' liquor license; and (c) Plaintiff Meza's reliance on the Town attorney's statement that the Town approved of the second floor "was reasonable and appropriate in light of the surrounding circumstances." (*See* Exhibit 1, 4/13/07 Circuit Ct. Hr'g Trans. 27:9-18; Exhibit 2, 1/7/08 Ill. State Liq. Comm'n. Order at 2.)

## II. Legal Standard for Collateral Estoppel or Issue Preclusion

"In Illinois, fact issues finally decided in an administrative proceeding that is judicial in nature precludes litigation of those same fact issues in a subsequent proceeding." *Daniel Harder, Inc. v. Village of Forest Park*, 2007 WL 1673259, * 2 (N.D. Ill. 2007) (internal citations omitted). The same preclusive principal applies to actions under 42 U.S.C. § 1983. *Id*. Collateral estoppel, or fact preclusion, applies where (1) a material fact issue decided in an earlier adjudication is identical to the one in the current proceeding; (2) there was a final judgment on the merits in the earlier adjudication, and (3) the party against whom estoppel is asserted was a party or was in privity with a party in the earlier adjudication. *VanCrete v. Appelman*, 263 Fed.Appx. 496, 499 (7th Cir. Feb. 6, 2008) (citing Illinois law and *Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 361 F.3d 359, 363 (7th Cir.2004); *Lieberman v. Liberty Healthcare Corp.*, 408 Ill.App.3d 1102, 1107 (4th Dist. 2011). Collateral estoppel permits a party to foreclose his opponent from re-litigating an issue previously lost by that opponent in a prior action if these conditions are met. *See Illinois Health Maint. Org. Guar. Ass'n v. Department of Ins.*, 372 Ill.App.3d 24, 48 (1st Dist. 2007) (approving of offensive collateral estoppel without consideration of fairness where there is mutuality of parties); *see also Avitia v. Metropolitan Club of Chicago, Inc.*, 924 F.2d 689, 690 (7th Cir. 1991) (holding that collateral estoppel bars the plaintiff from relitigating the district court's determination that they could not seek injunctive relief under the FLSA). "In addition, under Illinois law (and federal law as well) a judicial finding will be given collateral estoppel effect only if reached after a full and fair

hearing." *VanCrete*, 263 Fed.Appx. at 499 (citing *Extra Equipamentos E Exportacao Ltda.,* 361 F.3d at 363.

Moreover, the doctrine of collateral estoppel may be used both offensively and defensively. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979) (permitting the plaintiff to argue offensive collateral estoppel against the defendant). Offensive use of collateral estoppel allows a plaintiff to foreclose a defendant from re-litigating an issue the defendant has previously litigated unsuccessfully in another action against the same or another plaintiff. *Id*.

Here, offensive use of collateral estoppel bars Defendants from arguing: (a) that they did not violate Plaintiffs' due process rights, where the Circuit Court of Cook County Chancery Division found that Defendant Town of Cicero **did** violate Plaintiffs' due process rights; (b) that the revocation of Plaintiffs' liquor license was legal, where the Illinois State Liquor Commission on appeal found that the revocation was **not** in a manner provided for by law; and (c) that Meza did not have permission to build out the second floor, where the Illinois State Liquor Commission found that Meza's reliance on the Town attorney's statement that the Town approved of the second floor "was reasonable and appropriate in light of the surrounding circumstances." (*See* Exhibit 1, 4/13/07 Circuit Ct. Hr'g Trans. 27:9-18; Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2.)

### A. The Cook County Chancery Court Already Found that Cicero Violated Plaintiffs' Due Process Rights

The first material fact issue that was decided in an earlier proceeding that Defendants will attempt to argue is that Defendants allegedly did not violate Serenata's due process rights by, in part, denying Serenata the right to present evidence at the Cicero liquor commission hearings. However, all of the elements of collateral estoppel are met as to this issue, and Defendants are barred by collateral estoppel from arguing that they did not violate Plaintiffs' due process rights.

3

On April 13, 2007, before the Circuit Court of Cook County, Chancery Division, Judge Berman granted Plaintiffs' emergency motion for a restraining order and entering an injunction against the Town of Cicero in proceeding with the summary suspension of Plaintiffs' liquor license in response to the Motion for Immediate Closure and Order summarily suspending Cicero's liquor license for seven (7) days dated April 9, 2007 and the hearing that occurred before the Cicero Liquor Commission on April 12, 2007. Judge Berman determined that the Town of Cicero violated Serenata's due process rights, holding:

> THE COURT: You know, I'll tell you something, gentlemen. I mean I read -- When I read all this stuff, this is, as I told you on Wednesday, and I had this case from the beginning, and I got a little bit of a sense, I mean this really, when I read this hearing transcript from yesterday, I mean I was just taken aback at how much of a really of a rubber stamp this hearing was. If you look at the -- I am trying to stretch this into a way that -- because I agree it's essentially a summary proceeding but there are some due process rights here, and there should be some opportunity to be heard.
>
> * * *
>
> The Court is ruling on this one particular request for summary suspension under the statute that there was not an opportunity to appear and defend that I felt comported with what I think is our due process rights and the whole gamut of things we've been talking about. That's all it is saying. This is this one particular hearing where the hearing officer basically decided this case before one side I think had a chance to put on any evidence, you know, jumped the gun on that.
>
> * * *
>
> The hearing officer didn't give [Serenata] an opportunity to defend. I think this was as much of a rubber stamp proceeding as I can possibly image, that's why. There is a way to conduct a hearing. There is a way to make sure that each side is clearly given an opportunity to present their side of the case. This wasn't done that way. Okay. That's what I am ruling.
>
> * * *
>
> I am just looking at this hearing, the transcript, and it just when I read it, I was shocked by the lack of opportunity for one side to at least put forth a case before there was in my opinion a rubber stamp.

(Exhibit 1, 4/13/07 Circuit Ct. Hr'g Trans. 20:3-15, 25:7-24, 27:9-26.)

Plaintiffs have alleged in this case that "[o]n April 9, 2007, Cicero served Serenata with another Motion for Immediate Closure and Order summarily suspending Cicero's liquor license for seven (7) days. . . . ," "Serenata appeared at the hearing of April 12, 2007 through its counsel," "[t]he Town of Cicero [] sustained the Order suspending Serenata's liquor license for

4

seven (7) days without the Town of Cicero presenting any evidence in clear violation of . . . fundamental due process," and that "[d]espite Serenata's request to present evidence in response to the charges, Cicero through its hearing officer refused to hear any evidence and denied Serenata the right to present such evidence." (Docket #1-1, Compl. ¶¶ 84-89.) Plaintiffs allege that Defendants Town of Cicero, Dominick, and Dembowski violated Serenata's fundamental due process rights as guaranteed under the United States and Illinois Constitutions by proceeding in this manner, (*Id.* ¶ 86; *see also Id.* at Count III), and that Judge Berman granted Plaintiffs' motion for an injunction and found that Cicero violated Plaintiffs' due process rights, (*Id.* ¶¶ 88, 89).

The first element of collateral estoppel is met in this case as "a material fact issue decided in an earlier adjudication is identical to the one in the current proceeding." *See Lieberman*, 408 Ill.App.3d at 1107. The second element of collateral estoppel is also satisfied. Judge Berman's decision was final and binding on the parties. The Town also had a full opportunity to litigate the case as the Town presented argument at length before the Circuit Court on this issue. (*See generally* Exhibit 1, 4/13/07 Circuit Ct. Hr'g Trans.) Finally, because the Town of Cicero was a party – Plaintiff/Counter-Defendant – in the case before Judge Berman, the third element of collateral estoppel is also satisfied. *See VanCrete*, 263 Fed.Appx. at 499; *Lieberman*, 408 Ill.App.3d at 1107; (*see also* Exhibit 1, 4/13/07 Circuit Ct. Hr'g Trans. at 1 (caption)).

In addition, Defendants Dembowski and Dominick are in privity with Defendant Town of Cicero. Strict identity of the parties is not necessary to achieve privity. *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 301 (7th Cir.1985). To be in privity the parties must be "so closely aligned that they represent the same legal interest." *Id.* at 315; *see Southwest Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 95 (5th Cir.1977). Dominick is the Town President and Liquor Commissioner for the Town of Cicero. Dominick appointed Dembowski as the Deputy

Liquor Commissioner, and signed off on the order suspending Serenata's liquor license on April 9, 2007 and the notice of hearing for April 12, 2007, (*see* Exhibit 3, Pls.' "Reserved" Trial Ex. 14, Serenata_004377; Pls.' "Reserved" Trial Ex. 15, Serenta_004399-004401), as well as other suspensions and notice of hearings. At all relevant times, all of these Defendants served the Town of Cicero and were acting in their capacity as agents and employees of the Town of Cicero. (*Id.*) Defendant Larry Dominick, as Town President and Liquor Commissioner, and Defendant Dembowski as the Deputy Liquor Commissioner, were involved in the issuance of the liquor citations and orders of suspension to Serenata, which was the subject of the proceedings before the Circuit Court of Cook County. Defendant Dembowski was also a witness during the proceedings before the Cicero Liquor Commission. Further, Defendants Dominick and Dembowski are represented by the same counsel as Defendant Town of Cicero, Del Galdo Law Group, which provides a strong inference that Defendants have a joint defense in this case, share the same legal interests, and are in privity.

Accordingly, the requirements of collateral estoppel are met and Defendants Town of Cicero, Dominick, and Dembowski should be barred from arguing that they did not violate Plaintiffs' due process rights during the April 12, 2007 liquor commission hearing, as the Circuit Court of Cook County has conclusively determined in a prior proceeding that Defendants did in fact violate Plaintiffs' due process rights. Defendants should also be barred from raising any evidence they contend support their claim that they did not violate Plaintiffs' due process rights in light of the fact that Defendants are collaterally estopped from re-litigating this issue.

Because Defendants are barred by collateral estoppel on Plaintiffs' due process claim as to the April 9, 2007 order of suspension and April 12, 2007 hearing before the Cicero Liquor Commission, Defendants are also barred from calling any witnesses or admitting any exhibits to try to contend otherwise. For example, Defendants have listed several witnesses that Defendants

should be barred from calling based on the fact that collateral estoppel applies to the incident of March 1, 2007, which is the subject of the April 9, 2007 order of suspension and the April 12, 2007 hearing, which Judge Berman found violated Plaintiffs' due process rights. Defendants have listed the following witnesses on Schedule D of the proposed PTO that Defendants should be barred from calling based on collateral estoppel on this issue: Paul Dembowski (will call), Larry Dominick (will call), Officer Galarza (*sic*) (will call), Richard F. Pelligrino (will call), and Officer McMahon (may call). (*Compare* Exhibit 4, Proposed PTO Schedule D, Witness List, *with* Compare Exhibit 5, Defs.' Rule 26 Disclosures.) All of these witnesses Defendants have listed in their Rule 26 disclosures as offering testimony relating to the order of suspension and notice of hearing for April 12, 2007, the same hearing Judge Berman held violated Plaintiffs' due process rights. (Exhibit 5, Defs.' Rule 26 Disclosures.) Therefore, Defendants are barred by collateral estoppel from calling these witnesses. Defendants have also marked Exhibits relating to the order of suspension and hearing of April 12, 2007, (*see, e.g.,* Exhibit 6, Proposed PTO Schedule C at Defs.' Ex. 14 ("La Playita Liquor Citations 2006-2009")), which are barred by collateral estoppel.

Plaintiffs have shown that all of the elements of collateral estoppel have been met; therefore, this Court should grant Plaintiffs' motion in *limine* to bar Defendants from arguing that they did not violate Plaintiffs' due process rights as to the April 9, 2007 order of closure and April 12, 2007 hearing. Because Defendants are barred by collateral estoppel from arguing that they did not violate Plaintiffs' due process rights as to the April 12, 2007 hearing, Defendants should also be barred from calling witnesses or trying to introduce other evidence as to those issues.

**B. The Illinois State Liquor Commission Already Found that Cicero Did Not Proceed In The Manner Provided For By Law When It Revoked Plaintiffs' Liquor License**

The second material fact issue involves Defendants Cicero, Dominick, and Dembowski's revocation of Plaintiffs' liquor license, which the Illinois State Liquor Commission held that

7

"Commissioner [Defendant Dominick] did not proceed in the manner provided for by law." (*See* Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2.) The fact that Defendants' revocation of Plaintiffs' liquor license was not "in the manner provided for by law" was conclusively decided on January 7, 2008, when the Illinois State Liquor Commission found that the Cicero Liquor Commission failed to support their findings that Serenata violated the Liquor Code with admissible evidence. (*See* Exhibit 2, 1/7/08 Ill. State Liq. Comm'n. Order at 2.) The Town had a fully litigated this issue as it participated in and gave argument at the public hearing regarding this issue before the Cicero Liquor Commission, gave argument to the Illinois State Liquor Commission on the issue on Plaintiffs' appeal of the revocation to the Illinois State Liquor Commission, and gave argument on its petition for rehearing before the Illinois State Liquor Commission, which was denied. (*See id.*; *see also* Exhibit 7, Pls.' "Reserved" Trial Ex. 26, 2.7.08 ILCC Order Denying Cicero App ReHearing 08-CA-16, "reserved" if Court denies this motion; *see also* Exhibit 6, Proposed PTO Schedule C (reflecting "reserved" exhibits).)

On September 10, 2007, Cicero, Dominick, and Dembowski issued an order revoking Plaintiffs' Liquor License based on Case Nos. 06C-LLC-12, 07C-LLC-01, and 07C-LLC-3 before the Cicero Local Liquor Commission. Plaintiffs appealed the revocation to the Illinois State Liquor Commission. On January 7, 2008, the State Liquor Commission reversed the revocation and held in relevant part: "[W]ith regards to Count No. 06C-LLC-12: a) The Commissioner did not proceed in the manner provided for by law in that he accepted inadmissible hearsay evidence. . . ." (*See* Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2.)

The first element of collateral estoppel is met on this issue because "a material fact issue decided in an earlier adjudication is identical to the one in the current proceeding." *See VanCrete*, 263 Fed.Appx. at 499; *Lieberman*, 408 Ill.App.3d at 1107; *see also Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (establishing the elements of collateral estoppel). In this case,

8

Plaintiffs allege that "[d]espite the lack of evidence presented by Cicero, on September 10, 2007, the Cicero Local Liquor Commission sustained all charges [06C-LLC-12, 07C-LLC-01, 07C-LLC-3] except 07C-LLC-05, and issued an order completely revoking Serenata's liquor license;" "[t]hat same afternoon, Serenata filed an appeal to the State Commission, in accordance with 235 ILCS § 5/7-9;" and that the Illinois State Liquor Commission ultimately reversed the revocation. (Docket #1-1 ¶¶ 93, 94, 101.) These material facts and those raised in Case Nos. 06C-LLC-12, 07C-LLC-01, and 07C-LLC-3 are identical to the issues already decided by the Illinois State Liquor Commission. The second element of collateral estoppel is also satisfied on this issue. The Illinois State Liquor Commissioner's order was "final" and binding on the parties. (Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2 ("This is a final order. . . .").) The Town also had a full opportunity to litigate the case as the Town presented argument at length before the Illinois State Liquor Commission. Defendants also filed a petition for rehearing, which was denied. (*See* Exhibit 7, Pls.' "Reserved" Trial Ex. 26; *see also* Exhibit 6, Proposed PTO Schedule C (reflecting "reserved" exhibits).) Finally, because the Town of Cicero was a party in the case before the Illinois State Liquor Commission and because Defendants Dominick and Dembowski are in privity with the Town of Cicero the third element of collateral estoppel is also satisfied. *See Lieberman*, 408 Ill.App.3d at 1107; *see also* at 5-6, *supra*.

Similar to the due process issue discussed above, Defendants are also barred from presenting evidence through witnesses and exhibits on issues that have already been adjudicated and are barred by collateral estoppel, *i.e.*, the revocation of Plaintiffs' liquor license, and those issues raised in Case Nos. 06C-LLC-12, 07C-LLC-01, and 07C-LLC-3. Therefore, Defendants should be barred from calling witnesses and offering testimony relating to those issues already decided by the Illinois State Liquor Commission, including the following: Paul Dembowski (will call), Larry Dominick (will call), Larry Polk (will call), Officer Galarza (will call), Ronald Opalecky

(will call), Ted Peszynski (will call), Richard F. Pelligrino (will call), Frank Zolp (may call), Sergeant Camacho (may call), Officer Perez (may call), Sergeant Mazza (may call). (*Compare* Exhibit 4, Proposed PTO Schedule D, Witness List, *with* Compare Exhibit 5, Defs.' Rule 26 Disclosures.) Defendants should also be barred from relying on exhibits relating to those issues already decided by the Illinois State Liquor Commission, *i.e.*, all documents relating to Case Nos. 06C-LLC-12, 07C-LLC-01, and 07C-LLC-3. (*See, e.g.,* Exhibit 6, Proposed PTO Schedule C at Defs.' Exs. 10, 12, 14, 16, 17). The re-litigation of the issues addressed in these documents and by the testimony of these witnesses is barred by collateral estoppel.

### C. The Illinois State Liquor Commission Already Found That Meza Was Reasonable In His Reliance on the Town Attorney's Admission That The Town Approved of the Second Floor of Serenata Restaurant

The third material fact issue that has already been decided and is barred by collateral estoppel is the fact that the Illinois State Liquor Commission found that Plaintiff Gerry Meza was reasonable in relying on the Town Attorney's statement that Serenata had been approved for the use of the bar on the second floor of the restaurant. (*See* Exhibit 2, 1/7/08 Ill. State Liq. Comm'n. Order at 2.) This issue was conclusively decided on January 7, 2008 when the Illinois State Liquor Commission found that the Cicero Liquor Commission's findings were not supported by the evidence, and reversed the revocation of Plaintiffs' liquor license by the Town of Cicero. As to this issue, the Illinois State Liquor Commission held:

> b) The findings are not supported by substantial evidence in light of the whole record in that the Commissioner failed to provide sufficient proof to support his finding that the Licensee 'blatantly and with a flagrant disregard for public safety' was serving alcoholic liquor in an unauthorized portion of the licensed business. The Town failed to refute Licensee's testimony that Town Attorney, Jim Vasselli acknowledged local approval of the use of the bar on the second floor. Statements by a Town Attorney carry significant legal impact and this Commission finds Licensee's reliance on said statement was reasonable and appropriate in light of the surrounding circumstances.

(*See* Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2.)

10

The first element of collateral estoppel is met on this issue because "a material fact issue decided in an earlier adjudication is identical to the one in the current proceeding." *See VanCrete*, 263 Fed.Appx. at 499; *Lieberman*, 408 Ill.App.3d at 1107; *see also Winters v. Taylor*, 333 Fed.Appx. 113, 116 (7th Cir. 2009) (establishing elements of collateral estoppel, and holding collateral estoppel bars plaintiff from re-litigating plaintiff's intentional infliction of emotional distress and negligence claims). In this case, Plaintiffs allege that the Town of Cicero forced the closing of the restaurant because of the bar on the second floor, that the Cicero Liquor Commission ultimately revoked Plaintiffs' liquor license on this issue (and others as set forth above in Section B, *supra*), and that the Illinois State Liquor Commission reversed the revocation. (*See* Docket #1-1, Complaint ¶¶ 58-61, 63, 66, 101.) The second element of collateral estoppel is also satisfied on this issue. The Illinois State Liquor Commissioner's order was "final" and binding on the parties. (Exhibit 2, 1/7/08 Ill. State Liq. Comm'n Order at 2 ("This is a final order. . . .").) The Town also had a full opportunity to litigate the case as the Town presented argument at length before the Illinois State Liquor Commission. Defendants also filed a petition for rehearing, which was denied. (*See* Exhibit 7, Pls.' "Reserved" Trial Ex. 26.) The third element of collateral estoppel is also met because the Town of Cicero was a party in the case before the Illinois State Liquor Commission and because Defendants Dominick and Dembowski are in privity with the Town of Cicero. *See VanCrete*, 263 Fed.Appx. at 499; *Lieberman*, 408 Ill.App.3d at 1107.

Defendants are also barred from presenting evidence through witnesses and exhibits on issues that have already been adjudicated and are barred by collateral estoppel, *i.e.*, those issues raised in Case No. 07C-LLC-01. Therefore, Defendants should be barred from calling witnesses and offering testimony relating to those issues already decided by the Illinois State Liquor Commission, including the following: Paul Dembowski (will call), Larry Dominick (will call),

11

Larry Polk (will call), Officer Galarza (will call), Ronald Opalecky (will call), Ted Peszynski (will call), Richard F. Pelligrino (will call), and Frank Zolp (may call). (*Compare* Exhibit 4, Proposed PTO Schedule D, Witness List, *with* Compare Exhibit 5, Defs.' Rule 26 Disclosures.) Defendants should also be barred from relying on exhibits relating to this issue, which has already decided by the Illinois State Liquor Commission, *i.e.*, all documents relating to Case Nos. 07C-LLC-01. (*See, e.g.,* Exhibit 6, Proposed PTO Schedule C at Defs.' Exs. 10, 12, 14, 16, 17). The re-litigation of the issues addressed in these documents and the testimony sought to be offered is barred by collateral estoppel.

## III. Conclusion

In conclusion, a finding that Defendants are barred by collateral estoppel from re-litigating these issues will substantially reduce the trial time and limit a substantial number of witnesses or limit the testimony of said witnesses. For example, Plaintiffs' and Defendants' testimony can be limited to issues not already determined by the Circuit Court of Cook County and the Illinois State Liquor Commission. In addition, Plaintiffs have identified 34 exhibits that will not need to be used at trial if the Court grants Plaintiffs' motion in *limine* on collateral estoppel and prevents the re-litigation of issues already conclusively determined by the Circuit Court of Cook County and the Illinois State Liquor Commission. (*See* Exhibit 6, Schedule C of PTO at Plaintiffs' Reserved Exhibits.) Furthermore, numerous exhibits identified by Defendants would not need to be admitted into evidence as Defendants would present this evidence solely to refute and re-litigate the findings of the Circuit Court of Cook County and the Illinois State Liquor Commission. The application of collateral estoppel in this case would significantly reduce the amount of trial time, and thus, is in the interest of judicial economy. The issues addressed above that are subject to collateral estoppel can easily be addressed by the Court with an instruction to

the jury on those issues that have already been determined in a prior proceeding by a prior Court, and by referencing the orders referenced above.

The Seventh Circuit Pattern Jury Instructions, Instruction No. 1.04 provides that the Court may take judicial notice of certain facts, and that the jury "must accept those facts as proved." Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04. The Committee Comments to 1.04 states:

> Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Judicial notice may be taken at any stage of the proceedings, but generally only after the parties have been afforded an opportunity to be heard on the matter. Rule 201(g) requires the court in civil cases to 'instruct the jury to accept as conclusive any fact judicially noticed.' It may be advisable to explain the reasoning behind the taking of judicial notice in a particular instance . . . if it is thought necessary to reinforce the command of the instruction. *See Shapleigh v. Mier,* 299 U.S. 468, 475 (1937) ('To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can otherwise be acquired. But the truth, of course, is that judicial notice and judicial knowledge are far from being one.'). If the jury has not been informed of the facts judicially noticed, those facts should be described when this instruction is given.

Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04, Comm. Comment. Based on the Seventh Circuit Pattern Jury Instruction 1.04, F.R.E. 201, and the case law supporting a finding of collateral estoppel in this case as set forth above, Plaintiffs submit the attached proposed jury instructions on these issues, *see* Exhibit A attached hereto.

WHEREFORE, for the above state reasons, Plaintiffs respectfully pray that this Court enter an Order (1) barring Defendants from re-litigating those issues already rejected by the Illinois Liquor Commission and those conclusively determined by the Circuit Court of Cook County and holding that Defendants are collaterally estopped from re-litigating these issues, (2) instructing the jury that the above issues have already been decided in a prior proceeding, *see* Plaintiffs' proposed instructions attached hereto as Exhibit A; and (3) granting such other relief as is just and equitable.

Respectfully submitted,

PLAINTIFFS LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR and GERARDO MEZA

*s/Dana L. Kurtz*

Attorney for Plaintiffs

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this 25th day of January 2012.

K. Austin Zimmer         zimmer@dlglawgroup.com
Cynthia Sara Grandfield  grandfield@dlglawgroup.com

*s/Dana L. Kurtz*