# EXHIBIT A

## 1.04 EVIDENCE

I have taken judicial notice of certain facts. You must accept those facts as proved.

1. The Court finds that Defendants Town of Cicero, Larry Dominick, and Paul Dembowski violated Plaintiffs' due process rights based on the following facts that I have taken judicial notice of:

    a. On April 13, 2007, before the Circuit Court of Cook County, Chancery Division, Judge Berman granted Plaintiffs' emergency motion for a restraining order and entering an injunction against the Town of Cicero.

    b. Judge Berman held that the Town of Cicero violated Serenata Restaurant's due process rights.

    c. Judge Berman found that the hearing on April 12, 2007 was "as much of a rubber stamp proceeding as [he] can possibly image."

    d. The interests of Defendant Larry Dominick, as the Liquor Commissioner, and Defendant Paul Dembowski, as the Deputy Liquor Commissioner were so

Plaintiffs' Instruction No. _7.A_

**Source**: Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04 (adapted). The Committee Comments to 1.04 state: "Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Judicial notice may be taken at any stage of the proceedings, but generally only after the parties have been afforded an opportunity to be heard on the matter. Rule 201(g) requires the court in civil cases to 'instruct the jury to accept as conclusive any fact judicially noticed.' It may be advisable to explain the reasoning behind the taking of judicial notice in a particular instance . . . if it is thought necessary to reinforce the command of the instruction. *See Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) ('To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can otherwise be acquired. But the truth, of course, is that judicial notice and judicial knowledge are far from being one.'). If the jury has not been informed of the facts judicially noticed, those facts should be described when this instruction is given."

Objected to _____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

closely aligned that they represent the same legal interest as the Town of Cicero when Judge Berman held that the Town of Cicero violated Serenata Restaurant's due process rights.

2. The Court finds that Defendants Town of Cicero, Larry Dominick, and Paul Dembowski did not proceed in a manner provided for by law in revoking Plaintiffs' liquor license based on the following facts that I have taken judicial notice of:

    a. On January 7, 2008, the Illinois State Liquor Commission held that the Town of Cicero Liquor "Commissioner did not proceed in the manner provided for by law" in revoking Plaintiffs' liquor license.

    b. The interests of Defendant Larry Dominick, as the Liquor Commissioner, and Defendant Paul Dembowski, as the Deputy Liquor Commissioner were so closely aligned that they represent the same legal interest as the Town of Cicero during the proceedings before the Illinois State Liquor Commission.

3. The Court finds that Plaintiff Meza was reasonable in relying on the Town Attorneys' statement that Serenata Restaurant had been approved for the use of the bar

Plaintiffs' Instruction No. _7.A_

**Source**: Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04 (adapted). The Committee Comments to 1.04 state: "Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Judicial notice may be taken at any stage of the proceedings, but generally only after the parties have been afforded an opportunity to be heard on the matter. Rule 201(g) requires the court in civil cases to 'instruct the jury to accept as conclusive any fact judicially noticed.' It may be advisable to explain the reasoning behind the taking of judicial notice in a particular instance . . . if it is thought necessary to reinforce the command of the instruction. *See Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) ('To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can otherwise be acquired. But the truth, of course, is that judicial notice and judicial knowledge are far from being one.'). If the jury has not been informed of the facts judicially noticed, those facts should be described when this instruction is given."

Objected to _____
Given _____
Given as Modified _____
Refused _____
Withdrawn _____

on the second floor of the restaurant based on the following facts that I have taken judicial notice of:

    a.  On January 7, 2008, the Illinois State Liquor Commission found that the Cicero Liquor Commission's findings were not supported by the evidence, and reversed the revocation of Plaintiffs' liquor license by the Town of Cicero.

    b.  The Illinois State Liquor Commission held: "The findings [of the Cicero Liquor Commission] are not supported by substantial evidence in light of the whole record in that the Commissioner failed to provide sufficient proof to support his finding that the Licensee 'blatantly and with a flagrant disregard for public safety' was serving alcoholic liquor in an unauthorized portion of the licensed business. The Town failed to refute Licensee's testimony that Town Attorney, Jim Vasselli acknowledged local approval of the use of the bar on the second floor. Statements by a Town Attorney carry significant legal impact and this Commission finds Licensee's reliance on said statement was reasonable and appropriate in light of the surrounding circumstances.

    c.  The interests of Defendant Larry Dominick, as the Liquor Commissioner, and Defendant Paul Dembowski, as the Deputy Liquor Commissioner were so

Plaintiffs' Instruction No. _7.A_

**Source**: Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04 (adapted). The Committee Comments to 1.04 state: "Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Judicial notice may be taken at any stage of the proceedings, but generally only after the parties have been afforded an opportunity to be heard on the matter. Rule 201(g) requires the court in civil cases to 'instruct the jury to accept as conclusive any fact judicially noticed.' It may be advisable to explain the reasoning behind the taking of judicial notice in a particular instance . . . if it is thought necessary to reinforce the command of the instruction. *See Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) ('To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can otherwise be acquired. But the truth, of course, is that judicial notice and judicial knowledge are far from being one.'). If the jury has not been informed of the facts judicially noticed, those facts should be described when this instruction is given."

Objected to _____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

closely aligned that they represent the same legal interest as the Town of Cicero during the proceedings before the Illinois State Liquor Commission.

You must accept my findings and these facts as proved.

Plaintiffs' Instruction No. _7.A_

**Source**: Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04 (adapted). The Committee Comments to 1.04 state: "Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Judicial notice may be taken at any stage of the proceedings, but generally only after the parties have been afforded an opportunity to be heard on the matter. Rule 201(g) requires the court in civil cases to 'instruct the jury to accept as conclusive any fact judicially noticed.' It may be advisable to explain the reasoning behind the taking of judicial notice in a particular instance . . . if it is thought necessary to reinforce the command of the instruction. *See Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) ('To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can otherwise be acquired. But the truth, of course, is that judicial notice and judicial knowledge are far from being one.'). If the jury has not been informed of the facts judicially noticed, those facts should be described when this instruction is given."

Objected to _____
Given _____
Given as Modified _____
Refused _____
Withdrawn _____

## Due Process Claim - 42 U.S.C. § 1983

**Pre-Trial Judicial Determination in Favor of Plaintiffs**

The Court has found the Town of Cicero, Larry Dominick as the Liquor Commissioner, and Paul Dembowski as the Deputy Liquor Commissioner violated Gerry Meza and Serenata Restaurant's due process rights under the Fourteenth Amendment to the United States Constitution, so you will only need to decide Gerry Meza's and Serenata Restaurant's damages on this claim.

Plaintiffs' Instruction No. _7.B_

**Source**: Fed. Civ. Jury Instructions of The 7th Circuit No. 1.04 (adapted); *see also* Plaintiffs' Collateral Estoppel Motion

Objected to _____
Given _____
Given as Modified _____
Refused _____
Withdrawn _____

# EXHIBIT 1

```
 1   STATE OF ILLINOIS    )
                          ) SS.
 2   COUNTY OF COOK       )

 3      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
            COUNTY DEPARTMENT, CHANCERY DIVISION
 4

 5   THE TOWN OF CICERO, a        )
     municpal corporation,        )
 6           Plaintiff,           )
                                  )
 7        vs.                     )
                                  )
 8   LA PLAYITA CICERO, INC.,     )
     d/b/a SERENATA RESTAURANT    )
 9   AND BAR,                     )
             Defendant.           )
10   -------------------------    ) No. 07 CH 00474
     LA PLAYITA CICERO, INC.,     )
11   d/b/a SERENATA RESTAURANT    )
     AND BAR,                     )
12           Counter-Plaintiff,   )
                                  )
13        vs.                     )
                                  )
14   THE TOWN OF CICERO, a        )
     municpal corporation,        )
15           Counter-Defendant.   )

16

17               TRANSCRIPT OF PROCEEDINGS

18   had at the hearing of the above-entitled cause

19   before the HON. ANDREW BERMAN, one of the Judges of

20   Said Court, in his courtroom, Room 2308, Daley

21   Center, Chicago, Illinois taken before Mary

22   Woolsey, License No. 084-002894, on Friday, April

23   13, 2007, at 10:30 o'clock a.m.

24

25

26
```

1

Serenata_003426

```
 1
     APPEARANCES:
 2
         GIGLIO & DEL GALDO,
 3       10526 West Cermak Road, Suite 300,
         Westchester, Illinois 60154, by::
 4       MR. AUSTIN ZIMMER and
         MR. MARK SCARLATO,
 5
             appeared on behalf of the Plaintiff
 6           and Counter-Defendant;
 7       KURTZ LAW OFFICES, LLC,
         414 South State Street,
 8       Lockport, Illinois 60441, by:
         MS. DANA L. KURTZ,
 9
             appeared on behalf of the Defendant
10           and Counter-Plaintiff.
11
                     *   *   *   *   *
12
13       THE CLERK:  Town of Cicero vs. La Playita.
14       THE COURT:  Okay.  Miss Kurtz, Mr. Scarlato.  I
15   had a chance to get everything that came over the
16   fax machine and look at it.  And so Miss Kurtz
17   apparently was at the proceeding yesterday, and I
18   had a transcript of that proceeding.  And you're
19   asking based upon that -- Why don't you, since this
20   is your motion, why don't you state what it is and
21   give me the argument on it.
22       MS. KURTZ:  Absolutely, Judge.  I have a hard
23   copy for the Court as well.
24       THE COURT:  I have the fax copy which is not --
25   it is fine, it is readable.
26       MS. KURTZ:  Okay.  Judge, it is our motion for
27   an emergency motion for temporary restraining
28   order.  We also, I believe, sent over the verified
```

2

Serenata_003427

1    counterclaim which alleges Section 1983

2    allegations, violations of due process and equal

3    protection.

4        THE COURT:  I didn't actually get a copy of

5    that.  Did you fax that?

6        MS. KURTZ:  Judge, I don't know if my paralegal

7    did but I have a copy of the order.

8        THE COURT:  Okay.  This didn't get on -- That's

9    all right.

10       MS. KURTZ:  And, Judge, what we set out in the

11   motion is essentially what happened at the hearing

12   was a complete violation of Serenata's due process

13   rights, not only a violation of the specific

14   provisions of the liquor code but also violations

15   under Section 1983 and the Illinois Constitution.

16   We also set out case law for the Court that shows

17   that a TRO should be entered in this case.

18   Serenata has an ascertainable right.  There is

19   irreparable harm.  There is no adequate remedy at

20   law.  There is a fair question of likelihood of

21   success.  We cited several cases for the Court,

22   including the Inanin case where Judge Norgle in the

23   District Court of the Northern District of Illinois

24   granted a preliminary injunction.

25         And looking at the balance of

26   equities, your Honor, in this case, clearly the

27   balance of equities we asked essentially in the

28   order, the proposed order for the TRO, that this

29   Court stay the summary suspension until the 16th or

3

1    until such time as the liquor commission of the

2    Town of Cicero provides Serenata with a hearing

3    that comports with due process.  That we be allowed

4    to present -- that the Town of Cicero, the burden

5    is with the Town.  That is clear from the statute

6    under Section 235, Section 5/7-6 which provides

7    that --

8        THE COURT:  Do you have a copy of your proposed

9    order?

10       MS. KURTZ:  Yes, Judge.  It is attached as

11   Exhibit 2 to --

12   THE COURT:  To what?

13       MS. KURTZ:  Yes.  I can tear it off or I can

14   give you this.

15       THE COURT:  Wait a second.  I have so many

16   pages of fax that came over.  Okay.  Go ahead.

17       MS. KURTZ:  So essentially under 235 Section

18   5/7-6, it provides that all of the proceedings must

19   comport with due process and standard rules of

20   evidence.  In this case before the hearing officer,

21   he heard no testimony from the Town of Cicero.

22       THE COURT:  You know what, in interest of time,

23   I want to turn to them and ask because I had a

24   chance to look at this, and I mean this statute

25   provides an opportunity to appear and defend.  And

26   I read the transcript of yesterday's proceeding

27   and, you know, it was -- I found that to be, to

28   stretch that into an opportunity to defend is a

4

1    stretch frankly, and I want to know how you feel
2    that comports with due process.
3        MR. ZIMMER:  Your Honor, what the statute
4    states is an opportunity to be heard.  This is the
5    equivalent, I would compare it to a statutory
6    summary suspension hearing for a driver's license.
7        THE COURT:  Let's talk about opportunity to be
8    heard.  Doesn't that mean that someone at least
9    gets confronted with the evidence, that there is a
10   chance to -- I mean this thing seemed to me, the
11   word summary, you know, is a pretty good
12   description because it seemed to be wham, wham, and
13   then allowed, that's it.  And I mean, I found
14   reading that, I found it to be sort of shocking,
15   frankly, in terms of the amount of time that was
16   spent actually delving into the facts, looking at
17   whether or not there was an immediate threat to the
18   welfare of the community based upon an incident
19   that happened I think six weeks prior, if my math
20   is correct.  March 1, that the alleged incident, is
21   that -- Am I right about that?  I want to get the
22   dates straight.
23       MR. ZIMMER:  Yes.  It would be, yes, four to
24   five, five weeks probably.
25       THE COURT:  Yesterday was April 12.  The entire
26   month of March and then 12 days of April, so that's
27   about six weeks.  The proceeding, I looked at it
28   and I found it frankly shockingly brief and Ms.
29   Kurtz's opportunity to defend appeared to me to be

5

Serenata_003430

```
 1    I mean minimal at best.  And, you know, and I want
 2    to know why, you know, what -- she has no
 3    administrative remedy, it is clear from what it was
 4    two days ago, we were here and we were talking
 5    about that, and at that point I agreed with you,
 6    administrative remedy should be exhausted.  She had
 7    a hearing set for Thursday.  She had a hearing.
 8    Her big complaint was she couldn't be there.
 9    Apparently she rearranged her schedule and was
10    there.  And then I saw what happened at the hearing
11    and, you know, administrative -- there is -- these
12    things, and this is the second one of these, there
13    is no remedy here that she has.  You just swallow
14    the seven-day suspension, in theory they can be one
15    after another, I suppose, under your theory with
16    this type of hearing.  And I want to, you know, if
17    there is any justification for this, you know, I
18    ask lawyers all the time and that's what lawyers
19    are supposedly trying to do, put yourself in the
20    shoes of the other side and trying to defend
21    something like this, you know, how would you defend
22    it based upon what was -- what opportunity she was
23    given.
24        MR. ZIMMER:  I would love to answer that, your
25    Honor.  Here is what I would have done here and
26    what should have happened.  As you see in the
27    transcript, multiple times, Judge, I stood up and
28    said it is clearly their burden, it is their
```

6

```
 1    opportunity to be heard.  She made legal argument
 2    after legal argument.  I sat down again, I said it
 3    is their opportunity to be heard.  There was a
 4    hearing officer sitting right there.  The statute
 5    does not require us to set forth any evidence.  And
 6    the comparison I wanted to make is just like at a
 7    statutory summary suspension for a driver's
 8    license, it is the burden of the aggrieved person
 9    to set forth evidence.
10              I told her multiple times, they have
11    an opportunity to be heard.  When the hearing
12    officer looked to me, I don't have to set forth any
13    evidence.  The power is of the liquor commissioner
14    to suspend.  And instead of complying with the law
15    and setting forth any evidence, she made legal
16    argument and legal argument and legal argument.
17    The hearing officer said that's enough.  She didn't
18    set forth any evidence.  She was done.  Instead of
19    trying to set forth any evidence and put forth
20    witnesses, she was arguing about the burden.  It
21    wasn't a revocation hearing, it is a suspension
22    hearing.  She was there and she could have put
23    testimony on, she didn't want to.  But instead, she
24    wanted to argue as far as what the burden was.  She
25    was given an opportunity to be heard on several,
26    several times.  She was given an opportunity to
27    call witnesses and she didn't do that.  We had the
28    hearing officer.  We had the notice of the hearing.
29        MR. SCARLATO:  Your Honor, if I can interjected
```

7

Serenata_003432

1    a point.  Much is said about the fact that the

2    incident occurred on March 1 and charges were not

3    brought until the 12th.  That's the Town of Cicero

4    conducting an investigation into whether or not the

5    allegations were true, okay.  If this had happened

6    on March 1 and we had brought the action on March

7    2, then you can say, well, it's summary because

8    they are not investigating.

9                    We investigated the facts of the

10   matter.  And to go a step further, to go back,

11   let's look at what's actually happening here, your

12   Honor.  These people are allegedly serving alcohol

13   to minors.  These minors are going out and they are

14   getting into car accidents.

15       THE COURT:  No.  The theory I understand

16   completely.  Let's not get into that.  But back to

17   the idea, I mean what seems like what Mr. Zimmer is

18   saying is that I mean the municipality doesn't have

19   to put on any evidence at all.  Zero.  Zip.  Right,

20   is that what you're saying?

21       MR. ZIMMER:  For the suspension hearing.  It

22   has inherent power.

23       THE COURT:  So why does it say, start out with,

24   "The liquor control commissioner has reason to

25   believe"?  Now, you know, "reason to believe" to me

26   would mean that someone would have to give a person

27   a reason, you know, not just say Mr. Control

28   Commissioner, suspend this license.  And unless

8

Serenata_003433

```
 1   there is evidence to the contrary, you are required
 2   to do it for seven days.
 3       MR. SCARLATO:  They are provided --
 4       THE COURT:  Well, they are provided with
 5   evidence, correct?
 6       MR. ZIMMER:  Provided with a written notice and
 7   a written complaint?
 8       THE COURT:  A complaint, that's conclusory.
 9   Anyone can say, you know, that such and such
10   happened in a complaint and please do this but, you
11   know, you need some evidence to support the
12   allegations in whatever the complaint is.  So, you
13   know, why even have a liquor control commissioner
14   if there is not sort of a supposedly independent
15   person that's listening to some evidence, whether
16   it's done by affidavit or, you know, rather than
17   just say sign this, you know, then there is no
18   reason to have a person even hearing it.  Am I
19   missing something here?
20       MR. ZIMMER:  Yes, you are missing something.
21   Because how the statute is written out, he has to
22   have a reason to suspend someone, and he is given
23   the power.  It doesn't mean there has to be a third
24   party that agrees with that reason.  He has to have
25   a reason.
26       THE COURT:  But a reason means, a reason means
27   a reason.  And I mean, if you came to me and just
28   said, you know, Judge, order that car parked across
29   the street towed.  And I said okay, sign it.  I
```

9

Serenata_003434

```
 1    mean you got to give me a reason why or -- I am
 2    pulling an example out of the air.  You have to
 3    give me a reason why I should order it towed.  And
 4    you can say well, it's parked in front of a meter
 5    and the meter is expired and it says something that
 6    it has to be towed if a meter is expired, and I
 7    have, you know, an affidavit from somebody that saw
 8    that, I have a witness that saw that.  In other
 9    words, you can't just come to a person who has the
10    authority to enter orders, in this case the liquor
11    control commissioner, and say do this.  You have to
12    say do this for, and it says right in the statute,
13    a reason.  And you can't just say, as we all know
14    in all pleadings, in every case, in every
15    situation, in every court in the country, you know,
16    you allege what are the reasons for why somebody
17    should do something but then you need facts to
18    support those.  Now in some cases, you know, the
19    fact that the burden of proof are different, the
20    facts can be brought in by hearsay, by affidavit.
21    There is all sorts of different situations, but it
22    is more than just people that are empowered to
23    issue orders are more than rubber stamps.  In other
24    words, they need something to back up their putting
25    their signature on an order.  And that's what all I
26    am getting at here.
27             It seems to me you're telling me you
28    don't need any evidence at all.  You just say to
```

10

Serenata_003435

```
 1    the liquor control commissioner, suspend their
 2    license because we think that you should suspend
 3    it.  And that's why I'm asking you, and I am just
 4    throwing this out to you, the word reason is in
 5    there to believe, reason to believe, and that's why
 6    we have people having hearings and judges having
 7    hearings and so on because they hear evidence.  And
 8    you're right, in some cases, the law allows for a
 9    real minimal amount of evidence.  In criminal cases
10    on probable cause to issue a warrant, it is all
11    hearsay but so and so forth, but at least it is
12    some evidence before a judge before a warrant is
13    issued.  It is not just a prosecutor or police
14    officer saying, Judge, issue an arrest warrant for
15    Joe Smith.  There has to be some probable cause and
16    it can be done in ways that are not admissible in
17    trial proceedings and so forth, but there is some
18    reason for that person to sign their name on
19    whatever document.  And that's what I am requesting
20    of you two here to tell me where we got there on
21    this case.
22        MR. ZIMMER:  I would love to respond.  That's a
24    great example you make about police officers.  I
25    don't ask for anything.  What happened in this
26    case, the deputy liquor commissioner, he has the
27    inherent power to suspend for seven days just like
28    a police officer has the powers of a law
29    enforcement officer to pull someone over for a
30    traffic violation or anything like that.
```

11

```
 1        THE COURT:  Of course he has the power.  I am
 2   not disagreeing with that but he has the power when
 3   he has the reason to believe that the continued
 4   operation of a particular license premises will
 5   immediately threaten the welfare of the community.
 6   That's when he has the power.  He doesn't have the
 7   power to do it arbitrarily and capriciously.
 8        MR. ZIMMER:  And he didn't do it arbitrarily or
 9   capriciously.  He had written reasons, they were
10   served a written notice, which is required.  And
11   all that else is required is an opportunity to be
12   heard.  And Cicero goes a step further.  We don't
13   have a liquor commissioner be the one that hears
14   it, which he very well could.  We bring in an
15   independent hearing officer to hear the situation.
16   The statute says an opportunity to be heard.  They
17   were given an opportunity to be heard and the
18   reasons.  It is their burden just like if you were
19   stopping -- wanted to have a problem with a traffic
20   stop.  You had to put forth evidence.  You would
21   have to set forth evidence because a police officer
22   has the powers of a law enforcement official to pull
23   you over.
24        THE COURT:  So you're saying that, I mean the
25   reasons, the evidence was written submissions and
26   there were exhibits in there, you're right about
27   that.  And those were exhibits, I don't have the
28   exhibits attached, but it was more than just you're
```

12

Serenata_003437

```
 1    saying suspend the license, there were exhibits
 2    given to the -- I assume this is a gentleman, the
 3    liquor control commissioner?
 4        MR. ZIMMER:  Yes.
 5        THE COURT:  And Miss Kurtz's defense to this or
 6    defending of this and her opportunity was to say
 7    that your burden wasn't met and she didn't have to
 8    put on any evidence and, therefore, she didn't put
 9    any.
10        MR. ZIMMER:  Correct.  She could have called
11    somebody.
12        THE COURT:  Let's hear from Miss Kurtz about
13    that.
14        MS. KURTZ:  In fact, your Honor, that's not
15    what happened.  We argued that the burden was
16    theirs under both provisions of the statute.  7-5
17    has to be read in conjunction with 7-6.  It is
18    paragraph 8 of our motion, Judge.  It is also cited
19    by the Golden Egg case.
20        THE COURT:  Okay.  Go ahead.
21        MS. KURTZ:  It states all proceedings for
22    revocation or suspension, and it goes on to talk
23    about shall be in accordance with the rules and
24    regulations established by the commission, not
25    inconsistent with the law; however, no such
26    licensee shall be revoked or suspended except after
27    a hearing with reasonable notice to licensee and
28    after an opportunity to appear and defend.  I
29    presented both this provision of the statute as
```

13

```
 1    well as the case law to the hearing officer.

 2        THE COURT:  But this doesn't say anything about

 3    a burden of proof.

 4        MS. KURTZ:  It does not.  In fact, there is

 5    other provisions of the burden of proof under the

 6    administrative procedures Section 10-15, which I

 7    also provided to the hearing officer, that the

 8    standard of proof is by preponderance of the

 9    evidence and presented case law that the Town of

10    Cicero has the burden of proof not only --

11        THE COURT:  So where do you get to

12    preponderance of evidence?  I want to know how you

13    get there.  That they have a burden of proof on a

14    summary because this is -- Counsel is correct in

15    the sense, I mean this is sort of analogous to a

16    summary suspension proceeding, as best as I can

17    tell.  That's not a bad analogy.  So how do you get

18    to that they have a burden of proof by a

19    preponderance on what in fact is a summary

20    suspension proceeding?

21        MS. KURTZ:  That the section provides, the

22    5-7-6 provides that rules and regulations

23    established not inconsistent with the law that is

24    under the Administrative Procedure Act, it provides

25    it is by preponderance of the evidence.  I also

26    provided to the hearing officer --

27        THE COURT:  But so I mean, I understand where

28    you're going, and I am not, you know, as you can
```

14

```
1    tell, I got some questions about this.  But let's
2    move on.  What do you have to say in response to
3    their argument that you did -- You were there and I
4    know from seeing you on Wednesday that you
5    rearranged your schedule to be there and I
6    understand how important this is to you and how
7    zealous you're representing your client in this
8    case.  Certainly there is no question about that.
9    But it looks to me you had an opportunity if you
10   wanted to to present evidence and chose to say
11   their evidence wasn't enough, if I am reading that
12   correctly.  It wasn't like somebody said no, Miss
13   Kurtz, your witnesses lined up out there are not
14   going to be heard.  That didn't happen, right?
15       MS. KURTZ:  No.  That did happen.
16       THE COURT:  How did that happen?
17       MS. KURTZ:  As reflected in pages 29 and 30, I
18   think it starts at 28 of the transcript.
19       THE COURT:  Let me get there.
20       MS. KURTZ:  It states actually on 27, your
21   Honor, where the hearing officer -- We started with
22   the argument.  The hearing officer then said, "At
23   this time, based on the written documentation
24   before me and the arguments," after he had admitted
25   Exhibits 1, 2 and 3, which are essentially
26   pleadings, they are not verified, there were no
27   affidavits, it was just a pleading, an order, and a
28   notice of hearing of summary suspension.  He said,
29   "Based on the written documentation before me and
```

15

Serenata_003440

1    the arguments, I do hereby rule that the facts

2    alleged to warrant the order of closure for seven

3    days."  It was at that point I said if the hearing

4    officer is going to rule in that fashion that I ask

5    to present evidence.  We had witnesses in the

6    courtroom.  Mr. Maza was present.  We were prepared

7    to present evidence.

8        THE COURT:  Let me ask because I mean if you

9    read this, do you have a copy of the transcript?

10       MR. ZIMMER:  I didn't get it yet.

11       MS. KURTZ:  In fact, they do, your Honor.  I

12   provided them a copy this morning.

13       THE COURT:  Because this is right here.  It

14   does, and I don't know what the exhibits were.

15   That wasn't made plain from the record, but I am

16   not going to assume for purposes of this case that

17   they were -- that they were not evidentiary

18   exhibits because that was not made clear.  I am not

19   going to take that against the village that they

20   were mere pleadings but if you -- I mean you read

21   this, Mr. Zimmer marks the exhibits and he moves

22   for immediate closure of the premises.  That's

23   Exhibit Number 3 is -- actually notice of the

24   hearing is Exhibit 1, the order of closing it is

25   Exhibit 2, and the motion for closing is Number 3

26   so they aren't evidentiary exhibits.  I mean that's

27   clear from this.  I mean this is out of your own

28   mouth yesterday.  Notice of hearing is Exhibit 1,

16

1    order is Number 2, and the motion for closing it is

2    Number 3.  I mean that doesn't show there are any

3    police reports, any affidavits, anything on that.

4            And then it goes, whereupon they are

5    marked for identification, and then the hearing

6    officer immediately says based upon the written

7    documentations and the arguements before me, I rule

8    that I am closing it and Miss Kurtz goes, your

9    Honor, I would ask that we be entitled to present

10   witnesses, and I don't know how anybody could read

11   this and not say that the trier of fact had made a

12   decision prior to asking the other side if they had

13   any evidence to produce or wanted to produce.  This

14   is -- I can't for the life of me come up with a

15   reading of this.  If you were given this and the

16   names were blanked out and you were asked to read

17   this and say, you know, did the other side have an

18   opportunity to present evidence or did the judge

19   rule, you know, before the opportunity to be heard

20   was actually allowed, I mean it is really pretty

21   stark.

22      MR. ZIMMER:  I think it is pretty clear if you

23   read through the first --

24      THE COURT:  You are talking about she could

25   have called witnesses and so forth, and I mean this

26   guy made his ruling before she got a chance to call

27   witnesses or present evidence.  I mean it is just

28   there in chronological order right here.

29      MR. ZIMMER:  What happened is, if you go

17

```
1    through there, several times you see they have an

2    opportunity to be heard, and I gave them the

3    opportunity to be heard, she didn't want to be

4    heard, and she kept on arguing and arguing that's

5    our burden, our burden, our burden.  The hearing

6    officer ruled because they don't want to put forth

7    any evidence.  And then after he made the decision,

8    oh, then, gee I want to call some witnesses now.

9        MR. SCARLATO:  If that's going to be your

10   ruling, she said if that's going to be your ruling,

11   then I want my arguments to be counted as opening

12   statement and I want to put on evidence.  How many

13   bites of the apple do you want?

14       THE COURT:  And where do we get to that?

15       MS. KURTZ:  Judge --

16       MR. SCARLATO:  If you are not going to require

17   that the Town of Cicero present any evidenced to

18   substantiate the allegations, which is untrue,

19   because we presented the exhibits, we would ask

20   that we be entitled to present evidence in response

21   to the allegation.  But she had prior to that been

22   given the opportunity and she chose to make legal

23   arguments during her opportunity to present

24   evidence and put her case on in chief.  So now the

25   hearing officer makes a ruling and she doesn't like

26   the ruling, she wants to present evidence now.

27       THE COURT:  Well, you're right.  Backing up to

28   page 24, Miss Kurtz, you got after you've talked
```

18

1  about the burden and so on and so forth and Mr.

2  Zimmer is speaking again and due process only

3  requires an opportunity to be heard, that's what

4  due process means, an opportunity to be heard.  Mr.

5  Maza has an opportunity to be heard.  It is not our

6  burden.  He has inherent power to close down any

7  place if he sees a reason if there is immediate

8  danger for seven days.  You're talking about I

9  assume the commissioner not Mr. Maza, that is his

10  power.  The statute gives him the power.

11  And then Miss Kurtz is -- skipping a

12  litle bit, Miss Kurtz is given an opportunity to

13  respond and talks again about a burden and Mr.

14  Zimmer then goes back and that's when, you know, so

15  I mean you can read this, again, as, you know, you

16  at no point did you say until after this that, you

17  know, I want to put on evidence.  I mean you're

18  arguing about their evidence.  I understand this

19  was not exactly something that you've had weeks to

20  prepare for and so forth but where is the -- Where

21  in the previous part of the proceeding did you say

22  here is what we would like to do?  We are going to

23  present such and such, you want to be heard, you

24  want to present such and such evidence, so and so

25  is going to testify.

26  MS. KURTZ:  Your Honor, I indicated at the

27  beginning of the proceedings that we were prepared

28  to go to hearing on the matter.  And then the

29  hearing officer took argument.  It was Mr. Zimmer

Serenata_003444

```
 1   who started indicating that he believed it was our
 2   burden.  I cited the specific statutory provisions
 3   for the hearing officer, indicating that clearly
 4   states under the statute that it is their burden.
 5   Once the hearing officer asked if there were any
 6   exhibits to be admitted and admitted were Exhibits
 7   1, 2, and 3 by the Town, by Mr. Zimmer, I asked at
 8   that point if the hearing officer was placing the
 9   burden on us, that I would like the opportunity to
10   present evidence in response to those allegations.
11       THE COURT:  Where is that?
12       MS. KURTZ:  After the exhibits were presented,
13   I would ask to be entitled to present witnesses to
14   them.  It is very clear.
15       MR. SCARLATO:  It is after the ruling.
16       THE COURT:  That's after the hearing officer
17    has ruled.  And, you know, it is very hard for, and
18   this is why there are procedural rules for these
19   types of things, it is very hard for me to go back
20   into yesterday's proceeding and actually -- I am
21   reading a transcript and actually see how this
22   happened, it does -- it can be read in the sense
23   that Mr. Scarlato is suggesting, which is that
24   there is a fairly lengthy argument about the burden
25   and the opportunity and so forth, and then when the
26   hearing officer finally just says that's it, do you
27   have any exhibits and then rules, because all he
28   had been presented with was the written
```

20

```
1    documentation, and you hadn't put on any other
2    evidence and then --
3        MS. KURTZ:  Judge, we were not given the
4    opportunity.  I don't mean to interrupt the Court
5    but we were not given the opportunity to even call
6    witnesses.  I had indicated in the prior
7    proceedings, the prior portions of the transcript
8    that we were prepared for hearing today.  I also
9    advised the hearing officer that they noticed up
10   this hearing while I was out of town.  I changed my
11   schedule so that we could present evidence in
12   response to these charges.  It was Mr. Zimmer who
13   argued initially that it was our burden.  The
14   hearing officer then asked counsel what was my
15   response.  And so I argued the law, as you would in
16   any opening argument before a case.  And then once
17   he admitted those exhibits, I asked to present
18   witnesses.  And, Judge, if I can turn, your
19   attention to page 28, I am sorry, 29, after I'm
20   asked to present witnesses again that I never said
21   we weren't going to present any evidence, my
22   argument was essentially an opening argument.
23            And then Mr. Zimmer on page 29 says,
24   "At least we're in agreement now she wants to put
25   on witnesses.  That's fine.  It is their burden.  I
26   believe, though, they made the argument that they
27   don't feel it is their burden."  And then the
28   hearing officer says, "The ruling will stand."
29            Your Honor, this is a complete abuse
```

21

Serenata_003446

1    of due process rights if the Court goes back and

2    looks at it.

3        THE COURT:  You know, I'll tell you something,

4    gentlemen.  I mean I read -- When I read all this

5    stuff, this is, as I told you on Wednesday, and I

6    had this case from the beginning, and I got a

7    little bit of a sense, I mean this really, when I

8    read this hearing transcript from yesterday, I mean

9    I was just taken aback at how much of a really of a

10   rubber stamp this hearing was.  If you look at

11   the -- I am trying to stretch this into a way

12   that -- because I agree it's essentially a summary

13   proceeding but there are some due process rights

14   here, and there should be some opportunity to be

15   heard.

16       MR. SCARLATO:  Your Honor, she had her --

17       THE COURT:  Well, you know, but it looks like

18   the trier of fact, I mean, made a decision, you

19   know, bang like that before any opportunity to

20   present witnesses was given.  And I mean if you

21   read this thing as a whole, you know, he probably

22   shouldn't have done it in that way.  But once a

23   judge or someone says, you know, says I am ruling

24   in favor of one side and then they go oops, I

25   forgot to hear testimony and it's from the other

26   side, it doesn't look very good in terms of an

27   opportunity to be heard.  And I'll tell you and

28   here is the other thing, and this is a court of

22

Serenata_003447

```
 1    equity, and weighing what's going on here, and
 2    looking at threatening the immediate welfare of the
 3    community -- And the suspension, if I did nothing,
 4    would be up on Monday, correct?
 5        MS. KURTZ:  That's correct.
 6        THE COURT:  If I granted their motion for a
 7    TRO, in effect what would happen is they would be
 8    during the weekend, they would be allowed to serve
 9    liquor and certainly at this party that's been
10    planned.  This is an incident that occurred in
11    March, and I understand I'm not making light of
12    your argument.
13        MR. SCARLATO:  No, your Honor.  I have one
14    point if you entertain it.  Stepping away from the
15    hearing, Miss Kurtz's motion is still improper
16    because if you were to grant her temporary
17    restraining order, you would be giving her the
18    relief she ultimately requests, and the law is
19    crystal clear on the fact a TRO cannot grant the
20    relief ultimately requested.
21        THE COURT:  Whoa, whoa, whoa.  I thought the --
22    Again, I didn't get a chance to read the latest
23    verified counterclaim and stuff but I thought what
24    she was ultimately requesting was injunctive relief
25    that would prevent Cicero from engaging in what she
26    says is a course of conduct not just this one
27    seven-day period.  I'm not -- it wouldn't have
28    anything to do with if there is summary suspension
29    proceeding a week from today.  I mean that's not
```

Serenata_003448

1    going to be covered by any TRO.  This would just be

2    this one hearing which I looked at this and I tried

3    to stretch this into a way that had Cicero covering

4    her due process rights or her client's due process

5    rights and I am having, I am just having -- I can't

6    get there is what I'm saying.  But that doesn't

7    give her the ultimate relief she is asking for by

8    any means.  It covers this one seven-day suspension

9    and that's it.

10        MR. SCARLATO:  Well, I think it does, your

11   Honor, because ultimately what the Court is doing

12   is it's interjecting itself into administrative

13   proceedings.

14        THE COURT:  Except we agreed on this on

15   Wednesday, there is no -- there is no remedy.  I

16   mean these things come and go.  There is no appeal.

17   I mean there is appeal but the appeal, even if they

18   ruled the liquor commissioner was wrong, the

19   suspension has already been served and it is over;

20   it is in the past.  There is no remedy.

21              Again, if you put yourself in the

22   other lawyer's shoes, this is a situation that once

23   it is passed, it can't be -- the egg can't be

24   unbroken.  It can't be -- there is no remedy for

25   this if she's been wronged.  And it is not a

26   situation of a revocation of a license where that

27   definitely has to go in front of an administrative

28   appeal.  This is a different situation and it is a

24

Serenata_003449

1    little tiny discrete period of time and once it is

2    gone, it is gone and so there is no other remedy.

3        MR. SCARLATO:  But how then does the Town of

4    Cicero -- Then the Town of Cicero is relinquishing

5    its power to protect the health, safety, and

6    welfare.

7        THE COURT:  No.  The Court is ruling on this

8    one particular request for summary suspension under

9    the statute that there was not an opportunity to

10    appear and defend that I felt comported with what I

11    think is our due process rights and the whole gamut

12    of things we've been talking about.  That's all it

13    is saying.  This is this one particular hearing

14    where the hearing officer basically decided this

15    case before one side I think had a chance to put on

16    any evidence, you know, jumped the gun on that.

17    And that's it.  It is this one particular.  It has

18    nothing to do with anything in this case past,

19    present, or future except the present of this

20    particular suspension, that's all.  That's the only

21    thing she is asking for.  That's the only thing I

22    am ruling on, and I couldn't be more clear about

23    that I don't think if I repeated it another four

24    times.  So to answer your question.

25        MR. ZIMMER:  Actually the due process, to

26    respond to that, I mean I understand your concerns

27    but here is the situation.  You know, imagine if we

28    are down on the fourth floor in a traffic case and

29    someone came in opposing a statutory summary

Serenata_003450

```
 1   suspension motion, and they didn't put forth any
 2   evidence.  What is the Judge supposed to do?  The
 3   Judge is going to say you haven't met your burden.
 4   That's what happened here.
 5       THE COURT:  But imagine if the Judge rules in
 6   favor of the person seeking the suspension, and
 7   then the other lawyer said oh, Judge, I had
 8   evidence I wanted to put on.  And we all know, I
 9   mean it's not at that point, it's not a fair
10   hearing, you know.  And judges occasionally do
11   this, and I think that's what happened here.
12           As I said, I read this.  I read it as
13   carefully as I could.  I looked at it.  I tried
14   to -- As you know from Wednesday, I am not
15   unsympathetic with Cicero's position on a lot of
16   the things that are going on here and the
17   procedural aspects and what they have to do.  But
18   in this hearing, and I didn't even expect the
19   hearing was going to take place with her there from
20   what we said on Wednesday, but it did take place.
21   I did have a transcript.  The hearing didn't
22   comport with an opportunity to be heard that I
23   think was fair to the other side.  And they have no
24   other remedy.  There is no way this can be appealed
25   to anyone before it is already gone and over with.
26   So that's what I'm going to do.  I know, you know,
27   you guys aren't happy about it obviously.
28       MR. SCARLATO:  Your Honor, I wonder if we were
```

Serenata_003451

```
1    the Village of Barrington or if we were Oak Brook
2    whether or not this would be the same type of
3    ruling.
4        THE COURT:  I don't care what village you are.
5        MR. SCARLATO:   These are people who are serving
6    liquor to minors.  They get a summary suspension
7    for that and now they are getting taken off the
8    hook because why?  They have a party.
9        THE COURT:  No.  Because you had a hearing
10   yesterday.  The hearing didn't give her an
11   opportunity -- The hearing officer didn't give her
12   an opportunity to defend.  I think this was as much
13   of a rubber stamp proceeding as I can possibly
14   image, that's why.  There is a way to conduct a
15   hearing.  There is a way to make sure that each
16   side is clearly given an opportunity to present
17   their side of the case.  This wasn't done that way.
18   Okay.  That's what I am ruling.
19            And to suggest that it has anything to
20   do with what village it is is ludicrous.  I have no
21   idea, you know, what's going on behind the scenes
22   or anything and I can care less.  I am just looking
23   at this hearing, the transcript, and it just when I
24   read it, I was shocked by the lack of opportunity
25   for one side to at least put forth a case before
26   there was in my opinion a rubber stamp.
27            Now, that's not to say that had Miss
28   Kurtz been able to put on witnesses that the ruling
29   might have been the same but she wasn't able to.
```

27

Serenata_003452

```
 1    And the statute --
 2        MR. SCARLATO:  She was.
 3        THE COURT:  I read it and that's my ruling.
 4    Okay.  So that's it.
 5                Anyway, when are we coming back next
 6    on this?
 7        MS. KURTZ:  We have status dates already that
 8    we entered on Wednesday.
 9        THE COURT:  There is I think the next clerk
10    status date is May 14.
11        MR. SCARLATO:  The ruling is limited to reverse
12    of the --
13        THE COURT:  This particular --
14        MR. SCARLATO:  There is no TRO granted as to --
15        THE COURT:  Anything other than that.
16        MS. KURTZ:  Right.  And that's all we asked
17    for.
18        THE COURT:  That's the only thing.  In other
19    words, from now until Monday, and then the TRO is
20    gone because the subject of it is gone.  Okay.
21    That's the ruling.
22        MR. SCARLATO:  Okay.
23        MS. KURTZ:  Judge, do you want to modify the
24    order that you proposed or write one out?
25        THE COURT:  Whatever you think.  Where is the
26    modified order?
27        MS. KURTZ:  I have it.
28        THE COURT:  So April 17 is actually -- it
```

Serenata_003453

```
 1   expires April 16, if I am not mistaken.  So I am
 2   taking that out.  It is April 16 is when the order
 3   expires.
 4        MS. KURTZ:  That's fine, your Honor.
 5        THE COURT:  And I am going to strike the
 6   further status because we have a May 14 date
 7   already.
 8        MS. KURTZ:  Correct.
 9        THE COURT:  So I am going to use this.
10        MS. KURTZ:  Did you want to leave in the
11   language section about -- I don't know that you
12   need it, or until a hearing may be held before the
13   Cicero liquor commission or are you going to stop
14   it on the 16th?
15        THE COURT:  I am going to stop it on the 16th
16   because it is Friday.  There is not going to be
17   another hearing.  Okay.  So I don't expect this to
18   be true, but I hope I don't see you until May 14.
19        MS. KURTZ:  Thank you, Judge.
20                  (Which were all the proceedings had in
21                    the above-entitled cause.)
22
23
24
25
26
27
28
29
```

29

Serenata_003454

```
1    STATE OF ILLINOIS   )
                          )
2      COUNTY OF COOK     )

3

4                    I, MARY WOOLSEY, C.S.R., do hereby

5    certify that I am a court reporter doing business

6    in the City of Chicago; that I reported in

7    shorthand the hearing given at the above-entitled

8    cause on April 13, 2007; and that the foregoing is

9    a true and correct transcript of my shorthand notes

10   so taken as aforesaid.

11

12

13

14
                     Certified Shorthand Reporter
15

16   Illinois C.S.R. License No. 084-002894

17

18

19

20

21

22

23

24

25

26

27

28

29    NATIONAL COURT REPORTERS, INC.   888.800.9656
```

30

Serenata_003455

```
 1   STATE OF ILLINOIS  )
                        ) SS.
 2   COUNTY OF COOK     )

 3       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
             COUNTY DEPARTMENT, CHANCERY DIVISION
 4

 5   THE TOWN OF CICERO, a         )
     municpal corporation,         )
 6           Plaintiff,            )
                                   )
 7        vs.                      )
                                   )
 8   LA PLAYITA CICERO, INC.,      )
     d/b/a SERENATA RESTAURANT     )
 9   AND BAR,                      )
             Defendant.            )
10   ---------------------------   )  No. 07 CH 00474
     LA PLAYITA CICERO, INC.,      )
11   d/b/a SERENATA RESTAURANT     )
     AND BAR,                      )
12           Counter-Plaintiff,    )
                                   )
13        vs.                      )
                                   )
14   THE TOWN OF CICERO, a         )
     municpal corporation,         )
15           Counter-Defendant.    )

16

17           TRANSCRIPT OF PROCEEDINGS

18   had at the hearing of the above-entitled cause

19   before the HON. ANDREW BERMAN, one of the Judges of

20   Said Court, in his courtroom, Room 2308, Daley

21   Center, Chicago, Illinois taken before Mary

22   Woolsey, License No. 084-002894, on Friday, April

23   13, 2007, at 10:30 o'clock a.m.

24

25

26

                         1
```

```
 1   APPEARANCES:

 2

 3       GIGLIO & DEL GALDO,
         10526 West Cermak Road, Suite 300,
 4       Westchester, Illinois 60154, by::
         MR. AUSTIN ZIMMER and
 5       MR. MARK SCARLATO,

 6           appeared on behalf of the Plaintiff
             and Counter-Defendant;

 7   KURTZ LAW OFFICES, LLC,
     414 South State Street,
 8   Lockport, Illinois 60441, by:
     MS. DANA L. KURTZ,

 9

10           appeared on behalf of the Defendant
             and Counter-Plaintiff.

11

12              *    *    *    *

13       THE CLERK:  Town of Cicero vs. La Playita.

14       THE COURT:  Okay.  Miss Kurtz, Mr. Scarlato.  I

15   had a chance to get everything that came over the

16   fax machine and look at it.  And so Miss Kurtz

17   apparently was at the proceeding yesterday, and I

18   had a transcript of that proceeding.  And you're

19   asking based upon that -- Why don't you, since this

20   is your motion, why don't you state what it is and

21   give me the argument on it.

22       MS. KURTZ:  Absolutely, Judge.  I have a hard

23   copy for the Court as well.

24       THE COURT:  I have the fax copy which is not --

25   it is fine, it is readable.

26       MS. KURTZ:  Okay.  Judge, it is our motion for

27   an emergency motion for temporary restraining

28   order.  We also, I believe, sent over the verified

                         2
```

```
 1   counterclaim which alleges Section 1983

 2   allegations, violations of due process and equal

 3   protection.

 4       THE COURT:  I didn't actually get a copy of

 5   that.  Did you fax that?

 6       MS. KURTZ:  Judge, I don't know if my paralegal

 7   did but I have a copy of the order.

 8       THE COURT:  Okay.  This didn't get on -- That's

 9   all right.

10       MS. KURTZ:  And, Judge, what we set out in the

11   motion is essentially what happened at the hearing

12   was a complete violation of Serenata's due process

13   rights, not only a violation of the specific

14   provisions of the liquor code but also violations

15   under Section 1983 and the Illinois Constitution.

16   We also set out case law for the Court that shows

17   that a TRO should be entered in this case.

18   Serenata has an ascertainable right.  There is

19   irreparable harm.  There is no adequate remedy at

20   law.  There is a fair question of likelihood of

21   success.  We cited several cases for the Court,

22   including the Inanin case where Judge Norgle in the

23   District Court of the Northern District of Illinois

24   granted a preliminary injunction.

25           And looking at the balance of

26   equities, your Honor, in this case, clearly the

27   balance of equities we asked essentially in the

28   order, the proposed order for the TRO, that this

29   Court stay the summary suspension until the 16th or

                         3
```

```
 1   until such time as the liquor commission of the

 2   Town of Cicero provides Serenata with a hearing

 3   that comports with due process.  That we be allowed

 4   to present -- that the Town of Cicero, the burden

 5   is with the Town.  That is clear from the statute

 6   under Section 235, Section 5/7-6 which provides

 7   that --

 8       THE COURT:  Do you have a copy of your proposed

 9   order?

10       MS. KURTZ:  Yes, Judge.  It is attached as

11   Exhibit 2 to --

12   THE COURT:  To what?

13       MS. KURTZ:  Yes.  I can tear it off or I can

14   give you this.

15       THE COURT:  Wait a second.  I have so many

16   pages of fax that came over.  Okay.  Go ahead.

17       MS. KURTZ:  So essentially under 235 Section

18   5/7-6, it provides that all of the proceedings must

19   comport with due process and standard rules of

20   evidence.  In this case before the hearing officer,

21   he heard no testimony from the Town of Cicero.

22       THE COURT:  You know what, in interest of time,

23   I want to turn to then and ask because I had a

24   chance to look at this, and I mean this statute

25   provides an opportunity to appear and defend.  And

26   I read the transcript of yesterday's proceeding

27   and, you know, it was -- I found that to be, to

28   stretch that into an opportunity to defend is a
```

```
 1    stretch frankly, and I want to know how you feel
 2    that comports with due process.
 3        MR. ZIMMER:  Your Honor, what the statute
 4    states is an opportunity to be heard.  This is the
 5    equivalent, I would compare it to a statutory
 6    summary suspension hearing for a driver's license.
 7        THE COURT:  Let's talk about opportunity to be
 8    heard.  Doesn't that mean that someone at least
 9    gets confronted with the evidence, that there is a
10    chance to -- I mean this thing seemed to me, the
11    word summary, you know, is a pretty good
12    description because it seemed to be wham, wham, and
13    then allowed, that's it.  And I mean, I found
14    reading that, I found it to be sort of shocking,
15    frankly, in terms of the amount of time that was
16    spent actually delving into the facts, looking at
17    whether or not there was an immediate threat to the
18    welfare of the community based upon an incident
19    that happened I think six weeks prior, if my math
20    is correct.  March 1, the alleged incident, is
21    that -- Am I right about that?  I want to get the
22    dates straight.
23        MR. ZIMMER:  Yes.  It would be, yes, four to
24    five, five weeks probably.
25        THE COURT:  Yesterday was April 12.  The entire
26    month of March and then 12 days of April, so that's
27    about six weeks.  The proceeding, I looked at it
28    and I found it frankly shockingly brief and Ms.
29    Kurtz's opportunity to defend appeared to me to be
```

5

```
 1    I mean minimal at best.  And, you know, and I want
 2    to know why, you know, what -- she has no
 3    administrative remedy, it is clear from what it was
 4    two days ago, we were here and we were talking
 5    about that, and at that point I agreed with you,
 6    administrative remedy should be exhausted.  She had
 7    a hearing set for Thursday.  She had a hearing.
 8    Her big complaint was she couldn't be there.
 9    Apparently she rearranged her schedule and was
10    there, and then I saw what happened at the hearing
11    and, you know, administrative -- there is -- these
12    things, and this is the second one of these, there
13    is no remedy here that she has.  You just swallow
14    the seven-day suspension, in theory they can be one
15    after another, I suppose, under your theory with
16    this type of hearing.  And I want to, you know, if
17    there is any justification for this, you know, I
18    ask lawyers all the time and that's what lawyers
19    are supposedly trying to do, put yourself in the
20    shoes of the other side and trying to defend
21    something like this, you know, how would you defend
22    it based upon what was -- what opportunity she was
23    given.
24        MR. ZIMMER:  I would love to answer that, your
25    Honor.  Here is what I would have done here and
26    what should have happened.  As you see in the
27    transcript, multiple times, Judge, I stood up and
28    said it is clearly their burden, it is their
```

6

```
 1    opportunity to be heard.  She made legal argument
 2    after legal argument.  I sat down again, I said it
 3    is their opportunity to be heard.  There was a
 4    hearing officer sitting right there.  The statute
 5    does not require us to set forth any evidence.  And
 6    the comparison I wanted to make is just like at a
 7    statutory summary suspension for a driver's
 8    license, it is the burden of the aggrieved person
 9    to set forth evidence.
10        I told her multiple times, they have
11    an opportunity to be heard.  When the hearing
12    officer looked to me, I don't have to set forth any
13    evidence.  The power is of the liquor commissioner
14    to suspend.  And instead of complying with the law
15    and setting forth any evidence, she made legal
16    argument and legal argument and legal argument.
17    The hearing officer said that's enough.  She didn't
18    set forth any evidence.  She was done.  Instead of
19    trying to set forth any evidence and put forth
20    witnesses, she was arguing about the burden.  It
21    wasn't a revocation hearing, it is a suspension
22    hearing.  She was there and she could have put
23    testimony on, she didn't want to.  But instead, she
24    wanted to argue as far as what the burden was.  She
25    was given an opportunity to be heard on several,
26    several times.  She was given an opportunity to
27    call witnesses and she didn't do that.  We had the
28    hearing officer.  We had the notice of the hearing.
29        MR. SCARLATO:  Your Honor, if I can interjected
```

7

```
 1    a point.  Much is said about the fact that the
 2    incident occurred on March 1 and charges were not
 3    brought until the 12th.  That's the Town of Cicero
 4    conducting an investigation into whether or not the
 5    allegations were true, okay.  If this had happened
 6    on March 1 and we had brought the action on March
 7    2, then you can say, well, it's summary because
 8    they are not investigating.
 9        We investigated the facts of the
10    matter.  And to go a step further, to go back,
11    let's look at what's actually happening here, your
12    Honor.  These people are allegedly serving alcohol
13    to minors.  These minors are going out and they are
14    getting into car accidents.
15        THE COURT:  No.  The theory I understand
16    completely.  Let's not get into that.  But back to
17    the idea, I mean what seems like what Mr. Zimmer is
18    saying is that I mean the municipality doesn't have
19    to put on any evidence at all.  Zero.  Zip.  Right,
20    is that what you're saying?
21        MR. ZIMMER:  For the suspension hearing.  It
22    has inherent power.
23        THE COURT:  So why does it say, start out with,
24    "The liquor control commissioner has reason to
25    believe"?  Now, you know, "reason to believe" to me
26    would mean that someone would have to give a person
27    a reason, you know, not just say Mr. Control
28    Commissioner, suspend this license.  And unless
```

```
 1   there is evidence to the contrary, you are required
 2   to do it for seven days.
 3        MR. SCARLATO:  They are provided --
 4        THE COURT:  Well, they are provided with
 5   evidence, correct?
 6        MR. ZIMMER:  Provided with a written notice and
 7   a written complaint?
 8        THE COURT:  A complaint, that's conclusory.
 9   Anyone can say, you know, that such and such
10   happened in a complaint and please do this but, you
11   know, you need some evidence to support the
12   allegations in whatever the complaint is.  So, you
13   know, why even have a liquor control commissioner
14   if there is not sort of a supposedly independent
15   person that's listening to some evidence, whether
16   it's done by affidavit or, you know, rather than
17   just say sign this, you know, then there is no
18   reason to have a person even hearing it.  Am I
19   missing something here?
20        MR. ZIMMER:  Yes, you are missing something.
21   Because how the statute is written out, he has to
22   have a reason to suspend someone, and he is given
23   the power.  It doesn't mean there has to be a third
24   party that agrees with that reason.  He has to have
25   a reason.
26        THE COURT:  But a reason means, a reason means
27   a reason.  And I mean, if you came to me and just
28   said, you know, Judge, order that car parked across
29   the street towed.  And I said okay, sign it.  I
```
9

```
 1   mean you got to give me a reason why or -- I am
 2   pulling an example out of the air.  You have to
 3   give me a reason why I should order it towed.  And
 4   you can say well, it's parked in front of a meter
 5   and the meter is expired and it says something that
 6   it has to be towed if a meter is expired, and I
 7   have, you know, an affidavit from somebody that saw
 8   that, I have a witness that saw that.  In other
 9   words, you can't just come to a person who has the
10   authority to enter orders, in this case the liquor
11   control commissioner, and say do this.  You have to
12   say do this for, and it says right in the statute,
13   a reason.  And you can't just say, as we all know
14   in all pleadings, in every case, in every
15   situation, in every court in the country, you know,
16   you allege what are the reasons for why somebody
17   should do something but then you need facts to
18   support those.  Now in some cases, you know, the
19   fact that the burden of proof are different, the
20   facts can be brought in by hearsay, by affidavit.
21   There is all sorts of different situations, but it
22   is more than just people that are empowered to
23   issue orders are more than rubber stamps.  In other
24   words, they need something to back up their putting
25   their signature on an order.  And that's what all I
26   am getting at here.
27        It seems to me you're telling me you
28   don't need any evidence at all.  You just say to
```
10

```
 1   the liquor control commissioner, suspend their
 2   license because we think that you should suspend
 3   it.  And that's why I'm asking you, and I am just
 4   throwing this out to you, the word reason is in
 5   there to believe, reason to believe, and that's why
 6   we have people having hearings and judges having
 7   hearings and so on because they hear evidence.  And
 8   you're right, in some cases, the law allows for a
 9   real minimal amount of evidence.  In criminal cases
10   on probable cause to issue a warrant, it is all
11   hearsay but so and so forth, but at least it is
12   some evidence before a judge before a warrant is
13   issued.  It is not just a prosecutor or police
14   officer saying, Judge, issue an arrest warrant for
15   Joe Smith.  There has to be some probable cause and
16   it can be done in ways that are not admissible in
17   trial proceedings and so forth, but there is some
18   reason for that person to sign their name on
19   whatever document.  And that's what I am requesting
20   of you two here to tell me where we got there on
21   this case.
22        MR. ZIMMER:  I would love to respond.  That's a
23   great example you make about police officers.  I
24   don't ask for anything.  What happened in this
25   case, the deputy liquor commissioner, he has the
26   inherent power to suspend for seven days just like
27   a police officer has the powers of a law
28   enforcement officer to pull someone over for a
29   traffic violation or anything like that.
```
11

```
 1        THE COURT:  Of course he has the power.  I am
 2   not disagreeing with that but he has the power when
 3   he has the reason to believe that the continued
 4   operation of a particular license premises will
 5   immediately threaten the welfare of the community.
 6   That's when he has the power.  He doesn't have the
 7   power to do it arbitrarily and capriciously.
 8        MR. ZIMMER:  And he didn't do it arbitrarily or
 9   capriciously.  He had written reasons, they were
10   served a written notice, which is required.  And
11   all that else is required is an opportunity to be
12   heard.  And Cicero goes a step further.  We don't
13   have a liquor commissioner be the one that hears
14   it, which he very well could.  We bring in an
15   independent hearing officer to hear the situation.
16   The statute says an opportunity to be heard.  They
17   were given an opportunity to be heard and the
18   reasons.  It is their burden just like if you were
19   stopping -- wanted to have a problem with a traffic
20   stop.  You had to put forth evidence.  You would
21   have to set forth evidence because a police officer
22   has the powers of a law enforment official to pull
23   you over.
24        THE COURT:  So you're saying that, I mean the
25   reasons, the evidence was written submissions and
26   there were exhibits in there, you're right about
27   that.  And those were exhibits, I don't have the
28   exhibits attached, but it was more than just you're
```

1   saying suspend the license, there were exhibits
2   given to the -- I assume this is a gentleman, the
3   liquor control commissioner?
4        MR. ZIMMER:  Yes.
5        THE COURT:  And Miss Kurtz's defense to this or
6   defending of this and her opportunity was to say
7   that your burden wasn't met and she didn't have to
8   put on any evidence and, therefore, she didn't put
9   any.
10       MR. ZIMMER:  Correct.  She could have called
11  somebody.
12       THE COURT:  Let's hear from Miss Kurtz about
13  that.
14       MS. KURTZ:  In fact, your Honor, that's not
15  what happened.  We argued that the burden was
16  theirs under both provisions of the statute.  7-5
17  has to be read in conjunction with 7-6.  It is
18  paragraph 8 of our motion, Judge.  It is also cited
19  by the Golden Egg case.
20       THE COURT:  Okay.  Go ahead.
21       MS. KURTZ:  It states all proceedings for
22  revocation or suspension, and it goes on to talk
23  about shall be in accordance with the rules and
24  regulations established by the commission, not
25  inconsistent with the law; however, no such
26  licensee shall be revoked or suspended except after
27  a hearing with reasonable notice to licensee and
28  after an opportunity to appear and defend.  I
29  presented both this provision of the statute as

13

1   well as the case law to the hearing officer.
2        THE COURT:  But this doesn't say anything about
3   a burden of proof.
4        MS. KURTZ:  It does not.  In fact, there is
5   other provisions of the burden of proof under the
6   administrative procedures Section 10-15, which I
7   also provided to the hearing officer, that the
8   standard of proof is by preponderance of the
9   evidence and presented case law that the Town of
10  Cicero has the burden of proof not only --
11       THE COURT:  So where do you get to
12  preponderance of evidence?  I want to know how you
13  get there.  That they have a burden of proof in a
14  summary because this is -- Counsel is correct in
15  the sense, I mean this is sort of analogous to a
16  summary suspension proceeding, as best as I can
17  tell.  That's not a bad analogy.  So how do you get
18  to that they have a burden of proof by a
19  preponderance on what in fact is a summary
20  suspension proceeding?
21       MS. KURTZ:  That the section provides, the
22  5-7-6 provides that rules and regulations
23  established not inconsistent with the law that is
24  under the Administrative Procedure Act, it provides
25  it is by preponderance of the evidence.  I also
26  provided to the hearing officer --
27       THE COURT:  But so I mean, I understand where
28  you're going, and I am not, you know, as you can

14

1   tell, I got some questions about this.  But let's
2   move on.  What do you have to say in response to
3   their argument that you did -- You were there and I
4   know from seeing you on Wednesday that you
5   rearranged your schedule to be there and I
6   understand how important this is to you and how
7   zealous you're representing your client in this
8   case.  Certainly there is no question about that.
9   But it looks to me you had an opportunity if you
10  wanted to to present evidence and chose to say
11  their evidence wasn't enough, if I am reading that
12  correctly.  It wasn't like somebody said no, Miss
13  Kurtz, your witnesses lined up out there are not
14  going to be heard.  That didn't happen, right?
15       MS. KURTZ:  No.  That did happen.
16       THE COURT:  How did that happen?
17       MS. KURTZ:  As reflected in pages 29 and 30, I
18  think it starts at 28 of the transcript.
19       THE COURT:  Let me get there.
20       MS. KURTZ:  It states actually on 27, your
21  Honor, where the hearing officer -- We started with
22  the argument.  The hearing officer then said, "At
23  this time, based on the written documentation
24  before me and the arguments," after he had admitted
25  Exhibits 1, 2 and 3, which are essentially
26  pleadings, they are not verified, there were no
27  affidavits, it was just a pleading, an order, and a
28  notice of hearing of summary suspension.  He said,
29  "Based on the written documentation before me and

15

1   the arguments, I do hereby rule that the facts
2   alleged to warrant the order of closure for seven
3   days."  It was at that point I said if the hearing
4   officer is going to rule in that fashion like I ask
5   to present evidence.  We had witnesses in the
6   courtroom.  Mr. Maza was present.  We were prepared
7   to present evidence.
8        THE COURT:  Let me ask because I mean if you
9   read this, do you have a copy of the transcript?
10       MR. ZIMMER:  I didn't get it yet.
11       MS. KURTZ:  In fact, they do, your Honor.  I
12  provided them a copy this morning.
13       THE COURT:  Because this is right here.  It
14  does, and I don't know what the exhibits were.
15  That wasn't made plain from the record, but I am
16  not going to assume for purposes of this case that
17  they were -- that they were not evidentiary
18  exhibits because that was not made clear.  I am not
19  going to take that against the village that they
20  were mere pleadings but if you -- I mean you read
21  this, Mr. Zimmer marks the exhibits and he moves
22  for immediate closure of the premises.  That's
23  Exhibit Number 3 is -- actually notice of the
24  hearing is Exhibit 1, the order of closing it is
25  Exhibit 2, and the motion for closing is Number 3
26  so they aren't evidentiary exhibits.  I mean that's
27  clear from this.  I mean this is out of your own
28  mouth yesterday.  Notice of hearing is Exhibit 1,

1  order is Number 2, and the motion for closing it is
2  Number 3.  I mean that doesn't show there are any
3  police reports, any affidavits, anything on that.
4          And then it goes, whereupon they are
5  marked for identification, and then the hearing
6  officer immediately says based upon the written
7  documentations and the arguements before me, I rule
8  that I am closing it and Miss Kurtz goes, your
9  Honor, I would ask that we be entitled to present
10 witnesses, and I don't know how anybody could read
11 this and not say that the trier of fact had made a
12 decision prior to asking the other side if they had
13 any evidence to produce or wanted to produce.  This
14 is -- I can't for the life of me come up with a
15 reading of this.  If you were given this and the
16 names were blanked out and you were asked to read
17 this and say, you know, did the other side have an
18 opportunity to present evidence or did the judge
19 rule, you know, before the opportunity to be heard
20 was actually allowed, I mean it is really pretty
21 stark.
22     MR. ZIMMER:  I think it is pretty clear if you
23 read through the first --
24     THE COURT:  You are talking about she could
25 have called witnesses and so forth, and I mean this
26 guy made his ruling before she got a chance to call
27 witnesses or present evidence.  I mean it is just
28 there in chronological order right here.
29     MR. ZIMMER:  What happened is, if you go

17

1  through there, several times you see they have an
2  opportunity to be heard, and I gave them the
3  opportunity to be heard, she didn't want to be
4  heard, and she kept on arguing and arguing that's
5  our burden, our burden, our burden.  The hearing
6  officer ruled because they don't want to put forth
7  any evidence.  And then after he made the decision,
8  oh, then, gee I want to call some witnesses now.
9      MR. SCARLATO:  If that's going to be your
10 ruling, she said if that's going to be your ruling,
11 then I want my arguments to be counted as opening
12 statement and I want to put on evidence.  How many
13 bites of the apple do you want?
14     THE COURT:  And where do we get to that?
15     MS. KURTZ:  Judge --
16     MR. SCARLATO:  If you are not going to require
17 that the Town of Cicero present any evidenced to
18 substantiate the allegations, which is untrue,
19 because we presented the exhibits, we would ask
20 that we be entitled to present evidence in response
21 to the allegation.  But she had prior to that been
22 given the opportunity and she chose to make legal
23 arguments during her opportunity to present
24 evidence and put her case on in chief.  So now the
25 hearing officer makes a ruling and she doesn't like
26 the ruling, she wants to present evidence now.
27     THE COURT:  Well, you're right.  Backing up to
28 page 24, Miss Kurtz, you got after you've talked

18

1  about the burden and so on and so forth and Mr.
2  Zimmer is speaking again and due process only
3  requires an opportunity to be heard, that's what
4  due process means, an opportunity to be heard.  Mr.
5  Maza has an opportunity to be heard.  It is not our
6  burden.  He has inherent power to close down any
7  place if he sees a reason if there is immediate
8  danger for seven days.  You're talking about I
9  assume the commissioner not Mr. Maza, that is his
10 power.  The statute gives him the power.
11     And then Miss Kurtz is -- skipping a
12 litle bit, Miss Kurtz is given an opportunity to
13 respond and talks again about a burden and Mr.
14 Zimmer then goes back and that's when, you know, so
15 I mean you can read this, again, as, you know, you
16 at no point did you say until after this that, you
17 know, I want to put on evidence.  I mean you're
18 arguing about their evidence.  I understand this
19 was not exactly something that you've had weeks to
20 prepare for and so forth but where is the -- Where
21 in the previous part of the proceeding did you say
22 here is what we would like to do?  We are going to
23 present such and such, you want to be heard, you
24 want to present such and such evidence, so and so
25 is going to testify.
26     MS. KURTZ:  Your Honor, I indicated at the
27 beginning of the proceedings that we were prepared
28 to go to hearing on the matter.  And then the
29 hearing officer took argument.  It was Mr. Zimmer

19

1  who started indicating that he believed it was our
2  burden.  I cited the specific statutory provisions
3  for the hearing officer, indicating that clearly
4  states under the statute that it is their burden.
5  Once the hearing officer asked if there were any
6  exhibits to be admitted and admitted were Exhibits
7  1, 2, and 3 by the Town, by Mr. Zimmer, I asked at
8  that point if the hearing officer was placing the
9  burden on us, that I would like the opportunity to
10 present evidence in response to those allegations.
11     THE COURT:  Where is that?
12     MS. KURTZ:  After the exhibits were presented,
13 I would ask to be entitled to present witnesses to
14 them.  It is very clear.
15     MR. SCARLATO:  It is after the ruling.
16     THE COURT:  That's after the hearing officer
17 has ruled.  And, you know, it is very hard for, and
18 this is why there are procedural rules for these
19 types of things, it is very hard for me to go back
20 into yesterday's proceeding and actually -- I am
21 reading a transcript and actually see how this
22 happened, it does -- it can be read in the sense
23 that Mr. Scarlato is suggesting, which is that
24 there is a fairly lengthy argument about the burden
25 and the opportunity and so forth, and then when the
26 hearing officer finally just says that's it, do you
27 have any exhibits and then rules, because all he
28 had been presented with was the written

1    documentation, and you hadn't put on any other
2    evidence and then --
3        MS. KURTZ:  Judge, we were not given the
4    opportunity.  I don't mean to interrupt the Court
5    but we were not given the opportunity to even call
6    witnesses.  I had indicated in the prior
7    proceedings, the prior portions of the transcript
8    that we were prepared for hearing today.  I
9    advised the hearing officer that they noticed up
10   this hearing while I was out of town.  I changed my
11   schedule so that we could present evidence in
12   response to these charges.  It was Mr. Zimmer who
13   argued initially that it was our burden.  The
14   hearing officer then asked counsel what was my
15   response.  And so I argued the law, as you would in
16   any opening argument before a case.  And then once
17   he admitted those exhibits, I asked to present
18   witnesses.  And, Judge, if I can turn, your
19   attention to page 28, I am sorry, 29, after I'm
20   asked to present witnesses again that I never said
21   we weren't going to present any evidence, my
22   argument was essentially an opening argument.
23           And then Mr. Zimmer on page 29 says,
24   "At least we're in agreement now she wants to put
25   on witnesses.  That's fine.  It is their burden.  I
26   believe, though, they made the argument that they
27   don't feel it is their burden."  And then the
28   hearing officer says, "The ruling will stand."
29           Your Honor, this is a complete abuse

21

1    of due process rights if the Court goes back and
2    looks at it.
3        THE COURT:  You know, I'll tell you something,
4    gentlemen.  I mean I read -- When I read all this
5    stuff, this is, as I told you on Wednesday, and I
6    had this case from the beginning, and I got a
7    little bit of a sense, I mean this really, when I
8    read this hearing transcript from yesterday, I mean
9    I was just taken aback at how much of a really of a
10   rubber stamp this hearing was.  If you look at
11   the -- I am trying to stretch this into a way
12   that -- because I agree it's essentially a summary
13   proceeding but there are some due process rights
14   here, and there should be some opportunity to be
15   heard.
16       MR. SCARLATO:  Your Honor, she had her --
17       THE COURT:  Well, you know, but it looks like
18   the trier of fact, I mean, made a decision, you
19   know, bang like that before any opportunity to
20   present witnesses was given.  And I mean if you
21   read this thing as a whole, you know, you probably
22   shouldn't have done it in that way.  But once a
23   judge or someone says, you know, says I am ruling
24   in favor of one side and then they go oops, I
25   forgot to hear testimony and it's from the other
26   side, it doesn't look very good in terms of an
27   opportunity to be heard.  And I'll tell you and
28   here is the other thing, and this is a court of

22

1    equity, and weighing what's going on here, and
2    looking at threatening the immediate welfare of the
3    community -- And the suspension, if I did nothing,
4    would be up on Monday, correct?
5        MS. KURTZ:  That's correct.
6        THE COURT:  If I granted their motion for a
7    TRO, in effect what would happen is they would be
8    during the weekend, they would be allowed to serve
9    liquor and certainly at this party that's been
10   planned.  This is an incident that occurred in
11   March, and I understand I'm not making light of
12   your argument.
13       MR. SCARLATO:  No, your Honor.  I have one
14   point if you entertain it.  Stepping away from the
15   hearing, Miss Kurtz's motion is still improper
16   because if you were to grant her temporary
17   restraining order, you would be giving her the
18   relief she ultimately requests, and the law is
19   crystal clear on the fact a TRO cannot grant the
20   relief ultimately requested.
21       THE COURT:  Whoa, whoa, whoa.  I thought the --
22   Again, I didn't get a chance to read the latest
23   verified counterclaim and stuff but I thought what
24   she was ultimately requesting was injunctive relief
25   that would prevent Cicero from engaging in what she
26   says is a course of conduct not just this one
27   seven-day period.  I'm not -- it wouldn't have
28   anything to do with if there is summary suspension
29   proceeding a week from today.  I mean that's not

23

1    going to be covered by any TRO.  This would just be
2    this one hearing which I looked at this and I tried
3    to stretch this into a way that had Cicero covering
4    her due process rights or her client's due process
5    rights and I am having, I am just having -- I can't
6    get there is what I'm saying.  But that doesn't
7    give her the ultimate relief she is asking for by
8    any means.  It covers this one seven-day suspension
9    and that's it.
10       MR. SCARLATO:  Well, I think it does, your
11   Honor, because ultimately what the Court is doing
12   is it's interjecting itself into administrative
13   proceedings.
14       THE COURT:  Except we agreed on this on
15   Wednesday, there is no -- there is no remedy.  I
16   mean these things come and go.  There is no appeal.
17   I mean there is appeal but the appeal, even if they
18   ruled the liquor commissioner was wrong, the
19   suspension has already been served and it is over;
20   it is in the past.  There is no remedy.
21           Again, if you put yourself in the
22   other lawyer's shoes, this is a situation that once
23   it is passed, it can't be -- the egg can't be
24   unbroken.  It can't be -- there is no remedy for
25   this if she's been wronged.  And it is not a
26   situation of a revocation of a license where that
27   definitely has to go in front of an administrative
28   appeal.  This is a different situation and it is a

1 little tiny discrete period of time and once it is
2 gone, it is gone and so there is no other remedy.
3    MR. SCARLATO: But how then does the Town of
4 Cicero -- Then the Town of Cicero is relinquishing
5 its power to protect the health, safety, and
6 welfare.
7    THE COURT: No. The Court is ruling on this
8 one particular request for summary suspension under
9 the statute that there was not an opportunity to
10 appear and defend that I felt comported with what I
11 think is our due process rights and the whole gamut
12 of things we've been talking about. That's all it
13 is saying. This is this one particular hearing
14 where the hearing officer basically decided this
15 case before one side I think had a chance to put on
16 any evidence, you know, jumped the gun on that.
17 And that's it. It is this one particular. It has
18 nothing to do with anything in this case past,
19 present, or future except the present of this
20 particular suspension, that's all. That's the only
21 thing she is asking for. That's the only thing I
22 am ruling on, and I couldn't be more clear about
23 that I don't think if I repeated it another four
24 times. So to answer your question.
25    MR. ZIMMER: Actually the due process, to
26 respond to that, I mean I understand your concerns
27 but here is the situation. You know, imagine if we
28 are down on the fourth floor in a traffic case and
29 someone came in opposing a statutory summary

25

1 suspension motion, and they didn't put forth any
2 evidence. What is the Judge supposed to do? The
3 Judge is going to say you haven't met your burden.
4 That's what happened here.
5    THE COURT: But imagine if the Judge rules in
6 favor of the person seeking the suspension, and
7 then the other lawyer said oh, Judge, I had
8 evidence I wanted to put on. And we all know, I
9 mean it's not at that point, it's not a fair
10 hearing, you know. And judges occasionally do
11 this, and I think that's what happened here.
12        As I said, I read this. I read it as
13 carefully as I could. I looked at it. I tried
14 to -- As you know from Wednesday, I am not
15 unsympathetic with Cicero's position on a lot of
16 the things that are going on here and the
17 procedural aspects and what they have to do. But
18 in this hearing, and I didn't even expect the
19 hearing was going to take place with her there from
20 what we said on Wednesday, but it did take place.
21 I did have a transcript. The hearing didn't
22 comport with an opportunity to be heard that I
23 think was fair to the other side. And they have no
24 other remedy. There is no way this can be appealed
25 to anyone before it is already gone and over with.
26 So that's what I'm going to do. I know, you know,
27 you guys aren't happy about it obviously.
28    MR. SCARLATO: Your Honor, I wonder if we were

26

1 the Village of Barrington or if we were Oak Brook
2 whether or not this would be the same type of
3 ruling.
4    THE COURT: I don't care what village you are.
5    MR. SCARLATO: These are people who are serving
6 liquor to minors. They got a summary suspension
7 for that and now they are getting taken off the
8 hook because why? They have a party.
9    THE COURT: No. Because you had a hearing
10 yesterday. The hearing didn't give her an
11 opportunity -- The hearing officer didn't give her
12 an opportunity to defend. I think this was as much
13 of a rubber stamp proceeding as I can possibly
14 image, that's why. There is a way to conduct a
15 hearing. There is a way to make sure that each
16 side is clearly given an opportunity to present
17 their side of the case. This wasn't done that way.
18 Okay. That's what I am ruling.
19        And to suggest that it has anything to
20 do with what village it is is ludicrous. I have no
21 idea, you know, what's going on behind the scenes
22 or anything and I can care less. I am just looking
23 at this hearing, the transcript, and it just when I
24 read it, I was shocked by the lack of opportunity
25 for one side to at least put forth a case before
26 there was in my opinion a rubber stamp.
27        Now, that's not to say that had Miss
28 Kurtz been able to put on witnesses that the ruling
29 might have been the same but she wasn't able to.

27

1 And the statute --
2    MR. SCARLATO: She was.
3    THE COURT: I read it and that's my ruling.
4 Okay. So that's it.
5        Anyway, when are we coming back next
6 on this?
7    MS. KURTZ: We have status dates already that
8 we entered on Wednesday.
9    THE COURT: There is I think the next clerk
10 status date is May 14.
11    MR. SCARLATO: The ruling is limited to reverse
12 of the --
13    THE COURT: This particular --
14    MR. SCARLATO: There is no TRO granted as to --
15    THE COURT: Anything other than that.
16    MS. KURTZ: Right. And that's all we asked
17 for.
18    THE COURT: That's the only thing. In other
19 words, from now until Monday, and then the TRO is
20 going because the subject of it is gone. Okay.
21 That's the ruling.
22    MR. SCARLATO: Okay.
23    MS. KURTZ: Judge, do you want to modify the
24 order that you proposed or write one out?
25    THE COURT: Whatever you think. Where is the
26 modified order?
27    MS. KURTZ: I have it.
28    THE COURT: So April 17 is actually -- it

1    expires April 16, if I am not mistaken.  So I am

2    taking that out.  It is April 16 is when the order

3    expires.

4         MS. KURTZ:  That's fine, your Honor.

5         THE COURT:  And I am going to strike the

6    further status because we have a May 14 date

7    already.

8         MS. KURTZ:  Correct.

9         THE COURT:  So I am going to use this.

10        MS. KURTZ:  Did you want to leave in the

11   language section about -- I don't know that you

12   need it, or until a hearing may be held before the

13   Cicero liquor commission or are you going to stop

14   it on the 16th?

15        THE COURT:  I am going to stop it on the 16th

16   because it is Friday.  There is not going to be

17   another hearing.  Okay.  So I don't expect this to

18   be true, but I hope I don't see you until May 14.

19        MS. KURTZ:  Thank you, Judge.

20             (Which were all the proceedings had in

21             the above-entitled cause.)

22

23

24

25

26

27

28

29

                              29

---

1    STATE OF ILLINOIS  )
                         )
2    COUNTY OF COOK     )

3

4         I, MARY WOOLSEY, C.S.R., do hereby

5    certify that I am a court reporter doing business

6    in the City of Chicago; that I reported in

7    shorthand the hearing given at the above-entitled

8    cause on April 13, 2007; and that the foregoing is

9    a true and correct transcript of my shorthand notes

10   so taken as aforesaid.

11

12

13

14

15                    Certified Shorthand Reporter

16   Illinois C.S.R. License No. 084-002894

17

18

19

20

21

22

23

24

25

26

27

28

29   NATIONAL COURT REPORTERS, INC.   888.800.9656

                              30

# EXHIBIT 2

# STATE OF ILLINOIS
## LIQUOR CONTROL COMMISSION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | APPEAL 08 CA 16 |
| La Playita Cicero, Inc. | ) | ON THE RECORD |
| d/b/a Serenata Restaurant and Bar | ) | |
| 6007-09 W. Cermak Road | ) | |
| Cicero, IL 60804 | ) | |

## ORDER

THIS MATTER having come to be heard upon the Appeal of La Playita Cicero, Inc d/b/a Serenata Restaurant and Bar, Appellant herein, this Commission having reviewed the official report of proceedings, having heard the argument of counsel, and being otherwise fully informed does hereby make the following:

### STATEMENT OF FACTS

1) That on August 29, 2007, the Local Liquor Commissioner for the Town of Cicero ("Commissioner") held a public hearing, pursuant to notice, for the Appellant to show cause why their local liquor license should not be disciplined.

2) That on September 10, 2007, the Commissioner entered his Order revoking the local liquor license of the Licensee, finding in relevant part:

   A) <u>Count No. 06C-LLC-12:</u> That on September 26, 2006, Licensee served alcoholic liquor to a minor under the age of 21 years old, namely, Maria Aguayo.
   B) <u>Count No. 07C-LLC-01:</u> That on December 31, 2006, Licensee "blatantly and with a flagrant disregard for public safety" served alcoholic liquor in an unauthorized portion of the licensed business.
   C) <u>Count No. 07C-LLC-3:</u> That on January 12, 2007, Licensee "engaged in conduct evincing a reckless disregard for public safety bordering on intentional cover-up."

3) That an Appeal from said action was filed with this Commission on September 10, 2007.

4) That the Town of Cicero has enacted an ordinance requiring appeals of the Orders of the Local Liquor Control Commissioner be heard by this Commission "on the record."

5) That this Commission held a public hearing in this matter, pursuant to notice, on December 5, 2007; both parties were represented by counsel; and argument was heard.

## CONCLUSIONS OF LAW

1) That this Commission has jurisdiction over the parties hereto and the subject matter hereof.

2) That this Commission has proceeded in a proper and lawful manner.

3) That with regards to Count No. 06C-LLC-12:
   a) The Commissioner did not proceed in the manner provided for by law in that he accepted inadmissible hearsay evidence, to wit: the testimony of Cicero Police Sergeant Larry Polk regarding statements made to him by Maria Aguayo. The Commissioner erred in relying solely upon said statements to support his findings that the Appellant had served alcoholic liquor to Ms. Aguayo, a minor under the age of 21 years old.

4) That with regards to Count No. 07C-LLC-01:
   a) The Commissioner proceeded in a manner provided by law;
   b) The findings are not supported by substantial evidence in light of the whole record in that the Commissioner failed to provide sufficient proof to support his finding that the Licensee "blatantly and with a flagrant disregard for public safety" was serving alcoholic liquor in an unauthorized portion of the licensed business. The Town failed to refute Licensee's testimony that Town Attorney, Jim Vasselli acknowledged local approval of the use of the bar on the second floor. Statements by a Town Attorney carry significant legal impact and this Commission finds Licensee's reliance on said statement was reasonable and appropriate in light of the surrounding circumstances.

5) That with regards to Count No. 07C-LLC-3:
   a) The Commissioner proceeded in a manner provided by law.

   b) The findings are supported by substantial evidence in light of the whole record.

6) In light of this Commission's determinations as described in Paragraphs 3 & 4 above, the Order is not supported by the findings.

**IT IS HEREBY ORDERED** that the Order of the Local Liquor Commissioner of the Town of Cicero **REVOKING** the local liquor license of the Appellant BE, and HEREBY IS, **MODIFIED** to a TEN (10) DAY SUSPENSION.

**IT IS FURTHER ORDERED** that credit is given for Five (5) days previously served pursuant to Local Liquor Commissioner's Emergency Closure Order.

THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW

Pursuant to 235 ILCS Sec. 5/7-10 of the Illinois Liquor Control Act, a Petition for Rehearing may be filed with this Commission within twenty (20) days from the service of this Order. The date of mailing is deemed to be the date of service. If the parties wish to pursue an Administrative Review action in the Circuit Court, the Petition for Rehearing must be filed within twenty (20) days after service of this Order as such Petition is a jurisdictional prerequisite to the Administrative Review.

Serenata_005510

ENTERED before the Illinois Liquor Control Commission at Chicago, Illinois, on January 7, 2008.

Stephen B. Schnorf, Commissioner

Daniel J. Downes, Commissioner

James M. Hogan, Commissioner

John M. Aguilar, Commissioner

ATTEST:

Susan McNulty, Secretary

Serenata_005511

STATE OF ILLINOIS )
                              ) SS
COUNTY OF COOK )

The undersigned certifies that the foregoing ORDER was sent via facsimile and a copy was mailed First Class Mail on January 7, 2007 at the United States Post Office, 100 West Randolph Street, Chicago, Illinois 60601; addressed to the following:

K. Austin Zimmer, Esq.
One of the Attorneys for the Town of Cicero
Giglio & Del Galdo, LLC
10526 W. Cermak Rd., Ste 300
Westchester, IL 60154

Dana L. Kurtz
Kurtz Law Offices, LLC
414 S. State St.
Lockport, IL 60441

Serenata_005512

# EXHIBIT 3

TOWN OF CICERO
LOCAL LIQUOR CONTROL COMMISSION

IN RE PROCEEDINGS TO REVOKE    )
TOWN OF CICERO RETAIL LIQUOR  )
LICENSE NO. IAA-018-05/0212-06  )
                               )
ISSUED TO                                      )
LA PLAYITA CICERO, INC./               )
SERENATA RESTAURANT AND BAR, )
       LICENSEE                                )    NO. 07 C-LLC-05
                               )
LICENSED PREMISES                     )
LOCATED AT                                  )
6007-09 WEST CERMAK ROAD        )
CICERO, ILLINOIS                          )

## ORDER

WHEREFORE, IT IS HEREBY ORDERED that the Local Liquor Control Commissioner has reason to believe that any continued operation of that portion of Serenata Restaurant and Bar a/k/a La Playita Cicero, Inc. (the "Licensee Corporation," which is located at 6007-09 West Cermak Road, Cicero, Illinois), which currently serves alcoholic beverages will immediately threaten the welfare of the community. As such, the Licensee Corporation will cease all on site operations relating to the sale, offer of sale, giving away and/or delivery of alcoholic beverages. Said suspension is set to run for the next seven (7) days, from 6:00 p.m., the 9th day of April, 2007 to 5:59 p.m., the 16th day of April, 2007.

PLEASE TAKE FURTHER NOTICE that the Licensee Corporation has the right to be heard regarding this suspension during the suspension period pursuant to 235 ILCS 5/7-5 (Ill. Gen. Assembly 2007).

By order of

Paul Dembowski

Paul Dembowski
Deputy Local Liquor Control Commissioner,
          on behalf of
Larry Dominick
Town of Cicero
Town President
Local Liquor Control Commissioner

Dated this

9TH day of APRIL_____, 2007

## TOWN OF CICERO
## LOCAL LIQUOR CONTROL COMMISSION

| | | |
|---|---|---|
| IN RE PROCEEDINGS TO REVOKE | ) | |
| TOWN OF CICERO RETAIL LIQUOR | ) | |
| LICENSE NO. IAA-018-05/0212-06 | ) | |
| | ) | |
| ISSUED TO | ) | |
| LA PLAYITA CICERO, INC./ | ) | |
| SERENATA RESTAURANT AND BAR, | ) | |
|     LICENSEE | ) | NO. 07 C-LLC-05 |
| | ) | |
| LICENSED PREMISES | ) | |
| LOCATED AT | ) | |
| 6007-09 WEST CERMAK ROAD | ) | |
| CICERO, ILLINOIS | ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that pursuant to the provisions of the Code of Ordinances of the Town of Cicero, Illinois (CICERO, ILL., THE CODE OF ORDINANCES OF THE TOWN OF CICERO, ILL. ch. 1, *et seq.* (1958)(Municode.com 2007)) (the "Code"), including, without limitation, Section 10-66 of the Code and the provisions of the Liquor Control Act of 1934 (235 ILCS 5/1-1, *et seq.* (Ill. Gen. Assembly 2007)) (the "Act") including, without limitation, Section 7-5 of the Act, a hearing will be held at the P.S.O. Building, which is located at 5410 West 34th Street in the Town of Cicero (the "Town") on the 12th day of April, 2007 at 1:00 p.m. in connection with Town Liquor License No. IAA-018-05/0212-06 issued to the premises located at 6007-09 West Cermak Road, Cicero, Illinois (the "Premises") upon the following:

### INTRODUCTION

1.    Pursuant to the Act and Section 10-56 of the Code, the Town issued a liquor license to Serenata Restaurant and Bar a/k/a La Playita Cicero, Inc. (the "Licensee"), which is located at the Premises.

2.    Pursuant to Section 10-70 of the Code and Section 7-5 of the Act, no licensee shall violate any local, state or federal law on the Premises.

3.    On March 1, 2007 a Cicero police officer (the "Officer") responded to the scene of a motor vehicle accident at approximately 3:30 a.m.

4.    While investing the accident scene, the Officers spoke with Victor Morales ("Morales"), a passenger in the vehicle that was involved in the accident, and Morales informed the Officers that Jeanette Gallarzo ("Gallarzo"), the driver of

1

Serenata_004399

the vehicle, and Morales had been coming from the club at the Licensee when the vehicle that they were driving was struck by a hit-and-run driver.

5.   Morales also informed the Officers that he and Gallarzo were drinking alcoholic liquors at the Licensee.

6.   After Gallarzo was transported to the hospital, she informed the Officers that she had consumed two (2) beers, as defined in Chapter 10 of the Code, at the Licensee.

7.   At the time of the accident both Morales and Gallarzo were under twenty-one (21) years of age.

8.   That based on the violations of local and state law set forth in the abovementioned paragraphs, for the reasons set forth below and because the Licensee's continued operation of the Premises serves as an immediate threat to the welfare of the community, the Town seeks the revocation of the Licensee's Liquor License so that the Licensee will no longer be permitted to sell alcoholic beverages at the Premises.

## COUNT I
### SELLING ALCOHOLIC BEVERAGES TO PERSONS UNDER THE AGE OF 21 YEARS

1-8.   The Town restates and realleges those allegations set forth in paragraphs 1-8 of the Introduction and incorporates the same as paragraphs 1-8 of this Count I.

9.   While investigating a traffic accident, the Officer discovered that an employee or the owner of the Licensee sold and/or delivered beer to Morales and Gallarzo.

10.   Selling alcoholic beverages to Morales and Gallarzo, and to minors in general, is a violation of Section 10-24 of the Code ("Underage persons frequenting establishments or purchasing or receiving liquor") and Section 6-16 of the Act ("Prohibited sales and possession").

   **WHEREFORE**, it is prayed that, based upon one or more of the abovementioned allegations of misconduct at the Licensee's Premises, by the licensed corporation and/or by and through its agents and employees, all Liquor Licenses issued to the Premises and the Licensee be revoked.

   That pursuant to Section 7-3 of the Act, if the Licensee posted any bond, said bond shall be forfeited subsequent to revocation of the license.

   **PLEASE TAKE FURTHER NOTICE** that at the hearing you may be represented by counsel and may produce witnesses and introduce evidence on your

2

Serenata_004400

behalf. IN THE EVENT OF YOUR FAILURE TO APPEAR, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU.

By Order of

Paul Dembowski
Deputy Local Liquor Control Commissioner,
on behalf of
Larry Dominick
Town of Cicero
Town President
Local Liquor Control Commissioner

Dated: 4·9·07

3

Serenata_004401

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LA PLAYITA CICERO, INC., d/b/a
SERENATA RESTAURANT & BAR, and
GERARDO MEZA,

          Plaintiffs,

      v.                               Case No. 11 CV 01702

TOWN OF CICERO, a municipal
corporation, LARRY DOMINICK, in his
official and individual capacities, PAUL        Honorable Judge Ronald A. Guzman
DEMBOWSKI, LARRY POLK, and SERGE
ROCHER, in their individual capacities,

          Defendants.

**SCHEDULE D**

**PARTIES' LIST OF POTENTIAL WITNESSES**

**Plaintiffs' List of Potential Witnesses**

**Will Call**

| 1. | Gerardo Meza | No objection. |
|----|--------------|---------------|
| 2. | Grace Meza | No objection. |
| 3. | Dr. Greg Green | No objection, except to the extent indicated in Defendants' Motion in Limine pursuant to Fed. R. Evid. 703. |
| 4. | Dr. Robert Marshall | No objection. |
| 5. | Jose Alex Arista | Objection, improperly disclosed witness pursuant to Rule 26(a), relevance, and incomplete impeachment. *See* Defendants' Motions in Limine. |
| 6. | Jose Del Angel | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (waste time as would require a trial within a trial). *See* |

| | | Defendants' Motions in Limine. |
|---|---|---|
| 7. | Paul Dembowski | No objection. |
| 8. | Larry Dominick | No objection. |
| 9. | James Klosak | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value), 608(b). *See* Defendants' Motions in Limine. |
| 10. | Larry Polk | No objection. |
| 11. | Serge Rocher | No objection. |
| 12. | Joel Serrano | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value, and waste time as would require a trial within a trial). *See* Defendants' Motions in Limine. |
| 13. | El Torito, Angel Reynoso | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value, and waste time as would require a trial within a trial). *See* Defendants' Motions in Limine. |
| 14. | El Mason, Jose Torres | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value, and waste time as would require a trial within a trial). *See* Defendants' Motions in Limine. |
| 15. | Elvira Andrade | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value), and 404. *See* Defendants' Motions in Limine. |
| 16. | Marcos Zapata | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401. *See* Defendants' Motions in Limine. |
| 17. | Tony DeLeone | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (would require a trial within a trial), and 404. *See* Defendants' Motions in Limine. |
| 18. | Liz Hernandez | Objection, non disclosed witness. *See* Defendants' Motions in Limine. |
| 19. | Beatrice Hernandez | Objection, non disclosed witness. *See* Defendants' Motions in Limine. |

**May Call**

| | | |
|---|---|---|
| 1. | Nicholas Vardaos | Objection, improperly disclosed witness pursuant to Rule 26(a). *See* Defendants' Motions in Limine. |
| 2. | Chris Alexapolous, Pls' bookkeeper | Objection, non-disclosed witness. |
| 3. | Frank Zolp | No objection. |
| 4. | Ed Ziemba | No objection. |
| 5. | Sharon Starzyk | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, incomplete impeachment, 403 (prejudicial effect exceeds probative value, and would waste time as would require trial within a trial), 404, and 608(b). *See* Defendants' Motions in Limine. |
| 6. | Noel Uvalle | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (would waste time by requiring trial within a trial), 404. *See* Defendants' Motions in Limine. |
| 7. | Robert Garcia | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value). *See* Defendants' Motions in Limine. |
| 8. | Rhonda Gross | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value). *See* Defendants' Motions in Limine. |
| 9. | Richard Dominick | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value and would waste time as requiring a trial within a trial). *See* Defendants' Motions in Limine. |
| 10. | Gary Lelis | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value, and would waste time as requiring a trial within a trial). *See* Defendants' Motions in Limine. |
| 11. | Ana Maria Montes de Oca Rojas | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value, and would waste time as would require trial within a trial), 404, 608(b), 802. *See* Defendants' Motions in Limine. |

| | | |
|---|---|---|
| 12. | Mercy Rojas | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value and would require trial within a trial). *See* Defendants' Motions in Limine. |
| 13. | Jeannie Serrano | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value and would waste time as would require trial within a trial). *See* Defendants' Motions in Limine. |
| 14. | Officer Cruz | Objection, improperly disclosed witness pursuant to Rule 26(a). *See* Defendants' Motions in Limine. |
| 15. | Leticia Gaytan | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401. *See* Defendants' Motions in Limine. |
| 16. | Brian Petracek | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, 403 (prejudicial effect exceeds probative value), 404, 608(b). *See* Defendants' Motions in Limine. |
| 17. | Mark Scarloto | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401, would require Plaintiffs' counsel to be called as a witness. |
| 18. | Cindy Dembowski | Objection, improperly disclosed witness pursuant to Rule 26(a). *See* Defendants' Motions in Limine. |
| 19. | Keeper of records for Town of Cicero | Objection, improperly disclosed witness pursuant to Rule 26(a). *See* Defendants' Motions in Limine. |
| 20. | Keeper or records for the Pension Board of the Town of Cicero and/or Robert (Bob) Pollack who was the secretary of the Pension Board during the relevant time | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401. *See* Defendants' Motions in Limine. |
| 21. | Keeper of records for the Town of Cicero Board of Fire and Police Commissioners | Objection, improperly disclosed witness pursuant to Rule 26(a), Fed. R. Evid. 401. *See* Defendants' Motions in Limine. |

Plaintiffs reserve the right to call witnesses listed by Defendants and non-listed witnesses in rebuttal. Plaintiffs also reserve the right to call any of Defendants' designated witnesses to the extent such witnesses are not precluded from testifying by the Court on other grounds and to call additional witnesses as required to rebut that evidence at trial, which was not reasonably anticipated or foreseeable at the time of the close of discovery.

**Defendants Witness List**

**Will Call**

|     | Witness | Plaintiffs' Objections |
| --- | --- | --- |
| 1. | Larry Dominick | No objection, except those incidents barred by collateral estoppel as set forth in Plaintiffs' motion *in limine*. |
| 2. | Paul Dembowski | No objection, except those incidents barred by collateral estoppel as set forth in Plaintiffs' motion *in limine*. |
| 3. | Larry Polk | No objection, except those incidents barred by collateral estoppel as set forth in Plaintiffs' motion *in limine*. |
| 4. | Serge Rocher | No objection. |
| 5. | Officer Galarza | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 6. | Ronald Opalecky | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 7. | Ted Peszynski | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 8. | Richard Pellegrino | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 9. | Ashley Kennedy | Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
| 10. | Victoria Smith | Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
| 11. | Lisa Irazoque | Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
| 12. | Dr. Alan Jaffe, Defs' Expert | Fed. R. Evid. 702, 703, 704; *see also* Plaintiffs' motion *in limine*. |
| 13. | Jason Franks, Defs' Expert | Fed. R. Evid. 702, 703, 704; *see also* Plaintiffs' motion *in limine*. |

**May Call**

|     |     |     |
| --- | --- | --- |
| 1. | Frank Zolp | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |

| 2. | Jerry Jarosz | Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
|---|---|---|
| 3. | Jorge Montes De Oca | Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
| 4. | Ana Maria Montes De Oca | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; Defendants failed to disclose this witness as required under Fed. R. Civ. P. 26; *see also* Plaintiffs' motions *in limine*. |
| 5. | Keeper of Records, Town of Cicero | Vague as to which records, if consistent with the Town's Rule 26 disclosure, which was limited to payroll records, then objections based on Fed. R. Evid. 401, 402, 403, 404, 602, and 608. |
| 6. | Elbert Choi, Defs' Expert | Fed. R. Evid. 702, 703, 704; *see also* Plaintiffs' motion *in limine*. |
| 7. | Sergeant Camacho | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 8. | Officer Eddie Perez | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 9. | Officer McMahon | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 10. | Sergeant Mazza | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; *see also* Plaintiffs' motions *in limine*, and barred by collateral estoppel. |
| 11. | Commander J. Malinski | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; see also Plaintiffs' *motions in limine*. |
| 12. | James Klosak | Fed. R. Evid. 401, 402, 403, 404, 602, and 608; see also Plaintiffs' *motions in limine*. |
| 13. | Dana Kurtz | Defendants failed to disclose as required under Fed. R. Civ. P. 26; any issue that Defendants might seek to call Plaintiffs' counsel as a witness, which is unknown since Defendants did not disclose as required by Rule 26, would be barred by collateral estoppel and the orders entered in state court and by the Illinois State Liquor Commission; moreover, such an attempt to call Plaintiffs' counsel is unnecessary as Plaintiffs and other witnesses can testify as to the facts at issue in this case. |

Defendants reserve the right to call witnesses listed by the Plaintiffs as well as non-listed witnesses in their case as permitted by the Federal Rules of Civil Procedure and

the Federal Rules of Evidence. Defendants also reserve the right to call any of the Plaintiffs' designated witnesses to the extent that such witnesses are not precluded from testifying by the Court on other grounds and to call additional witnesses as required to rebut that evidence at trial which was not reasonably anticipated or foreseeable at the time of the close of discovery.

# EXHIBIT 5



## DEL GALDO LAW GROUP, LLC

*Attorneys & Counselors*

1441 S. Harlem Avenue
Berwyn, Illinois  60402
Telephone (708) 222-7000 – Facsimile (708) 222-7001
www.dlglawgroup.com

## FACSIMILE  COVER  SHEET

**TO:**       Dana L. Kurtz, Esq.

**FROM:**     Cynthia S. Grandfield, Esq.

**RE:**       LaPlayita Cicero, Inc., *d/b/a* Serenata
              Restaurant and Bar, and Gerardo Meza v.
              Town of Cicero, et al. (Case No. 2011 L 001502)

**Date:**     March 26, 2011

**TO FACSIMILE NUMBER:** (630) 604-9444

**NUMBER OF PAGES (Including THIS Page):** 8

( )  Correspondence   (X) Court Document Rule 26A disclosures
( )  Other (Describe):

**SPECIAL INSTRUCTIONS:**

===================================================================
   If there is a problem regarding the transmission of this document,
      please contact the above named individual at (708) 222-7000
===================================================================

This facsimile is intended only for the use of the addressee named herein and may contain legally privileged and confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, if long distance please call collect, and return the original facsimile to the sender's attention at the address above via the United States Postal Service.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure the undersigned certifies that (s)he transmitted the above cover sheet and the documents described herein to the number set forth above on the date and at the time set forth above.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LA PLAYITA CICERO, INC., *d/b/a* | ) |
| SERENATA RESTAURANT AND BAR, | ) |
| and GERARDO MEZA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.   11 CV 1702 |
| | ) |
| | ) |
| THE TOWN OF CICERO, a municipal | ) |
| corporation, LARRY DOMINICK, in his | ) |
| official and individual capacity, PAUL | ) |
| DEMBOWSKI, LARRY POLK, and SERGE | ) |
| ROCHER, in their individual capacities | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

TO:   Dana L. Kurtz
Heidi Karr Sleper
Christie Sicher
Kurtz Law Offices, LLC
32 Blaine Street
Hinsdale, Illinois 60521
*Fax: (630) 604-944*

    The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, that I caused this notice and **DEFENDANTS' RULE 26A DISCLOSURES** to be served upon the above-named parties by faxing a copy before 5:00 p.m. (without attaching documents due to volume) and mailing a copy with documents on May 26th, 2011

                             */s/ Cynthia S. Grandfield*
                             Cynthia S. Grandfield

Cynthia S. Grandfield (#6277559)
DEL GALDO LAW GROUP, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
Tel. (708) 222-7000
Fax. (708) 222-7001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LA PLAYITA CICERO, INC., *d/b/a*  )
SERENATA RESTAURANT AND BAR,      )
and GERARDO MEZA,                 )
                                  )
      Plaintiffs,                )
                                  )
                                  )
v.                                )   Case No.   11 CV 1702
                                  )
                                  )
THE TOWN OF CICERO, a municipal   )
corporation, LARRY DOMINICK, in his )
official and individual capacity, PAUL )
DEMBOWSKI, LARRY POLK, and SERGE  )
ROCHER, in their individual capacities )
                                  )
      Defendants.                )

## DEFENDANTS' RULE 26 INITIAL DISCLOSURES

The Town of Cicero, Larry Dominick, Paul Dembowski, Larry Polk, and Serge Rocher (the "Defendants"), by their attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC, pursuant to Federal Rule 26(A)(1)(a) discloses the following:

(i)  INDIVIDUALS BELIEVED BY DEFENDANTS TO HAVE DISCOVERABLE INFORMATION

1.  *Paul Dembowski* – Former Town Deputy Liquor Comissioner, the reasons for the citations of Serenata Restaurant and Bar, how he determines what licensees to inspect, and non-minority and/or political supporter of President Dominick establishments he has also cited for Liquor Code violations. He will further testify to Meza's battery against him and disorderly conduct in October of 2009.

2.  *Town President Larry Dominick*- The Town President will testify as to his zero tolerance for serving liquor to minors, his assistance in making Serenata and Meza's restaurant successful, the attempted extortion and continuing attempted extortion by *El Dia* and members of the Montes De

Oca family, and his delegation of duties to the Deputy Liquor Commissioner and a hearing officer for all liquor violations.

3. *Ana Maria Montes De Oca-Rojas*- Mrs. Rojas has information as the Editor-in-Chief of *El Dia* newspaper, the large sums of money received via Ms. Maltese during Betty Loren-Maltese's time as Town President, the positive articles published by the newspaper concerning Ms. Maltese even in the face of her indictment and conviction, her former and continuing communications/association with Ms. Maltese, Mrs. Rojas' own pattern of claiming other Town officials and employees made derogatory statements about her when her or her family's misconduct was reported, her own high salaries during administrations politically supported by *El Dia* and the Montes De Oca family, and her own bias against the Town and Town President for personal reasons.

4. *Esmerelda Montes De Oca* – Mrs. Montes De Oca has information as to the large sums of money received by *El Dia* via Ms. Maltese during Betty Loren-Maltese's time as Town President, her appointment to the Police and Fire Board that resulted in the appointment of several Town police officers that were unqualified but politically connected, and her and her husband's attempted extortion of Town President Dominick.

5. *Jorges Montes De Oca* – Mr. Montes De Oca has information as to the large sums of money received by *El Dia* via Ms. Maltese during Betty Loren-Maltese's time as Town President, and his attempted extortion of President Dominick.

6. *Officer Perez Star No. 209, Cicero PD* – Officer Perez has information about the traffic accident of an intoxicated driver on 09/28/2006 had been engaging in underage drinking in Serenata, which resulted in a dram shop incident report, and liquor license citations to Serenata.

7. *Lt. Polk Star No. 140, Cicero PD* – Lt. Polk has information about the same subject as

2

witness no. 6. Lt. Polk also has information related to the battery/disorderly conduct of Meza in October of 2009.

8. *Officer Martinez Star No. 535, Cicero PD* - Officer Martinez has information about the same subject as witness no. 6.

9. *Officer Galarza Star No. 256, Cicero PD* – Officer Galarza has information about the same subject as witness no. 6.

10. *Maria Aguayo, 6226 S. Keating, Chicago, IL 60629* – Ms. Aguayo was the driver of the vehicle on 09/28/2006 and admitted to Sgt. Polk that she had been drinking at Serenata's immediately prior to the incident and was underage.

11. *Gloria Quinones, 1915 Norfolk Avenue, Westchester, IL 60154* - Ms. Quinones was the driver of the vehicle Ms. Aguayo collided with on 09/28/2006.

12. *Sgt. Mazza Star No. 142, Cicero PD* – Sgt. Mazza has information about the live Mariachi band at Serenata's, in violation of the Town's entertainment ordinance, on 10/20/2006 – 10/21/2006 that resulted in liquor citations.

13. *Officer Cesar Surillo, Cicero PD* - Officer Surillo has information related to a disturbance outside Serenata's on 11/10/2006 that involved a battery to an individual working as a security guard at Serenata's, in violation of the liquor code that resulted in citations. He also has information regarding an incident on 01/12/2007 that involved battery to another security guard at Serenata, in violation of the liquor code that resulted in citations.

14. *Miguel A. Acosta, 2835 W. Pershing Rd.* - Mr. Acosta was the security guard injured at Serenata's on 11/10/2006.

15. *Officer Jacob Camacho, Cicero PD* - Officer Camacho has information related to the disturbance, as indicated above in witness no. 13 for 01/12/2007.

16. *Officer Elizaeth Gamez, Cicero PD* - Officer Gamez has information related to the same subject

matter as witness no. 15.

17. *Eugenio Barbosa, 2722 S. Millard, Chicago, IL 60623* - Mr. Barbosa was the injured security guard on 01/12/2007.

18. *Sgt. Cruz, Cicero PD* - Sgt. Cruz has information regarding the violations observed on 12/31/2006 that resulted in liquor citations.

19. *Officer Arocho, Cicero PD* - Officer Arocho has information on the same matter as witness no. 18.

20. *Officer Lara, Cicero PD* - Officer Lara has information on the same matter as witness no. 18.

21. *Officer McMahon, Cicero PD* - Officer McMahon has information regarding an auto accident that occurred on 03/01/2007 involving an intoxicated underage driver that "had a few beers" at Serenata.

22. *Supt. Bernard Harrison, Cicero PD* – Supt. Harrison has information as to the same matter as witness no. 21.

23. *Jeanette Gallarzo* - The intoxicated driver of the vehicle on 03/01/2007 that admitted to "having a few beers" at Serenata's prior to her accident.

24. *Victor Garcia, Town of Cicero Trustee* - Mr. Garcia has information as to the power and intimidation the Montes De Oca family exerted over Town residents and employees during Ms. Maltese's tenure as Town President.

25. *Richard F. Pellegrino* - The hearing officer appointed to by the Town President will testify as to how he conducted the procedural aspects of liquor citation hearings, including but not limited to Serenata, and his limited communications with the Town President regarding the "Findings of Fact."

26. *Sara Jelic or Keeper of Payroll Records, Town of Cicero* - Ms. Jelic or a keeper of records will, if

4

necessary, authenticate payroll records documenting the amount in payroll received by the Montes
De Oca family while a President they supported was in office.

27. *Keeper of Budget Records and Disbursements, Town of Cicero* - A Town of Cicero representative
will, if necessary, authenticate Town budget documents showing the amount of revenue received by
*El Dia* during times that they politically supported the Town President in office.

28. *Frank Zolp, Building Commissioner, Town of Cicero* - Mr. Zolp will testify as to the code
violations present on Serenata's property on December 31st, 2006 and January of 2007.

29. *Ronald Opalecky, Assistant Fire Marshal, Town of Cicero* - Mr. Opalecky will testify as to fire code
violations observed at Serenata on January 10th, 2007.

30. *Lt. Ted Peszynski, Fire Department, Town of Cicero* – Lt. Peszynski will testify as to the same
subject matter as witness no. 29.

31. *Jerry Jarosz, Business Licensing Department* – Mr. Jarosz has information relating to when
business licenses are renewed and when they expired in 2009.

32. *Serge Rocher* – Mr. Rocher will testify as to Mr. Meza's battery against him in October of 2009.

33. *Ashley Kennedy, Victoria Smith, and Lisa Irazoque* – All have information regarding the fact that
they were served alcohol as minors at Serenata in an undercover sting operation in October of 2009,
as well as the subsequent battery and disorderly conduct committed by Meza on that same date.
---All Town employees may be contacted and/or located via the Town attorney---

   (ii) DESCRIPTION OF DOCUMENTS IN CONTROL OF THE DEFENDANTS

Defendants are in possession of liquor, building and business license citations issued to Mr. Meza,
Town Liquor Control proceedings, relevant police reports, and citations of non-minority and
politically supportive establishments. The Town is in further possession of budget and payroll
records detailing the funds received by *El Dia* during previous administrations. The Town attaches
police reports related to Meza's 2006 and 2007 citations, as well as liquor commissioner citations for

5

those incidents. The Town also attaches citations of non-minority and politically supportive establishments. Further, the Town attaches the budget and payroll records. All of these documents are marked as TOC.00001 through TOC.01181. The Town believes Plaintiffs are already in possession of the remainder of the liquor citations and police reports related to Serenata and Meza, but will produce copies of these documents at Plaintiffs expense.

    (iii) COMPUTATION OF DAMAGES

Defendants have not claimed any damages.

    (iv) DEFENDANTS' INSURANCE INFORMATION

  The Town of Cicero is self-insured up to $1,000,000.00

Respectfully submitted,
Defendants

By: _/s/ Cynthia S. Grandfield_
    Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA, | |
| Plaintiffs, | |
| v. | Case No. 11 CV 01702 |
| TOWN OF CICERO, a municipal corporation, LARRY DOMINICK, in his official and individual capacities, PAUL DEMBOWSKI, LARRY POLK, and SERGE ROCHER, in their individual capacities, | Honorable Judge Ronald A. Guzman |
| Defendants. | |

**SCHEDULE C**

**TRIAL EXHIBITS**

**Plaintiffs' Proposed Exhibit List**

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| 1. | Cicero Town Ordinance on Liquor Commissioner | Objection, FRE 401, 402, 403 (confusing the issues) |
| 2. | 235 ILCS § 5/7-5 | Objection, FRE 401, 402, 403 (confusing the issues and misleading the jury) |
| 3. | 2.1.08_Order 7 Day Suspension and 2.5.08_Order of Closure and Not of Hrg 08 C-LLC-01 (Serenata_005533-005543) | No objection. |
| 4. | A. 2.6.08_Hearing Transcript 08 C-LLC-01 (Serenata_005544-005631) B. 3.24.08_Hearing Transcript 08 C-LLC-01 (Serenata_005826-005840) | Objection, FRE 401, 402, 403 (confuse the issues, waste of time, mislead the jury). |

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | C. 4.14.08_Hearing Transcript 08 C-LLC-01 (Serenata_006331-006460) | |
| 5. | 4.21.08 Order_30 day suspension and findings 08 C-LLC-01 (Serenata_006461-006470) | No objection. |
| 6. | 6.30.08_Serenata_Notice of Hearing, 08 C-BL-02 (Serenata_006503-006510) | |
| 7. | A. 6.30.08 Hearing Transcript 08 C-LLC-04 (Serenata_006511-006722) B. 7.7.08-Hearing Transcript 08 C-LLC-04 (Serenata_006723-007009) | Objection, FRE 401, 402, 403 (confuse the issues, waste of time, mislead the jury). |
| 8. | 7.30.08_Order of Suspension and Penalty 08 C-LLC-04 (Serenata_007010-007020) | No objection. |
| 9. | 10.28.08 AO Citation, Dram Shop, and AO Inquiry View (No Manager on Duty) (Serenata_007021, 007024, 007027-28, 007023) | |
| 10. | 12.8.08_Serenata Letter Frank Zolp (Serenata_007046) | Objection, FRE 401, 402, 403 (confusing the issue, misleading the jury), 802, 901. |
| 11. | 12.8.08_Serenata_LetterDembowski (Serenata_007047) | Objection, FRE 401, 402, 403 (confusing the issue and misleading the jury), 802, 901. |
| 12. | 12.8.08_TOC Not of Hearing 08 C-LLC-07 (Serenata_007048-007050) | No objection. |
| 13. | 12.18.08 Zimmer Email re AO Tickets in Default, and 12.18.08_Serenata_AO Citations in Default (Serenata_007051-007052, 007053-007059) | Objection, FRE 401, 402, 802, 901. |
| 14. | 1.12.09_Order of Suspension and Penalty 08 C-LLC-07 (Serenata_007060-007067) | No objection. |
| 15. | 1.20.09_Serenata_Letter to Mr. Zolp (Serenata_007068) | Objection, FRE 401, 402, 403 (mislead the jury and confuse the issue), 802, 901. |
| 16. | 7.24.09_Serenata_Dram Shop Incident Report to | Objection, FRE 401, 402, |

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | Serenata Restaurant for expired business license (Serenata_007099-007103) | 403 (mislead the jury and confuse the issues). |
| 17. | 7.27.09_Serenata_09 C-LLC-10_Not of Hearing No Business License (Serenata_007104-007105) | Objection, FRE 401, 402, 403. |
| 18. | 7.29.09_Serenata_Notice Business License Expires (Serenata_007106-007107) | Objection, FRE 401, 402, and 403 (mislead the jury and confuse the issues). |
| 19. | 7.29.09 Town of Cicero Liquor Commission Hearing Transcript (TOC02080-81, TOC02083-87, TOC02092-96, TOC02098-99, TOC02108-2110) | Objection, FRE 401, 402, and 403 (mislead the jury and confuse the issues). |
| 20. | 10.3.09_Serenata AO Citation (Serenata_007108-007112) | Objection, FRE 401, 402. |
| 21. | 10.13.09_Serenata_Not of Hearing for 10.26.09_09 C-LLC-21 (Serenata_007113-007116) | Objection, FRE 401, 402. |
| 22. | 12.31.09_Serenata_Serenata Mot to Dismiss (Serenata_007131-007138) | Objection, FRE 401, 402, 403 (unfair prejudice), 802, 901. |
| 23. | List of Attendees Meetings for CVA (Serenata_007689-007693) | Objection, FRE 401, 402, 403, and 901. This untitled, undated document is hearsay. No foundation or authentication of this document has been made or offered, including that of the handwriting made on the document. Moreover, to the extent that this document purports to be a membership list of precinct captains, it is not probative of whether Defendants intentionally retaliated against Plaintiffs or discriminated against |

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | | them. This exhibit is meant solely to air the names, addresses, and telephone numbers of President Dominick's supporters to the public and is prejudicial and harassing to the defendants and their constitutents. |
| 24. | D-2 Contributions | Objection, FRE 106, 403 901. No foundation can be laid for these documents and it is in violation of the doctrine of completeness in that it contains the contributions of several organizations and individuals lumped together, which prejudicially and falsely gives the impression that this is all or a significant portion of the contributions received by the Cicero Voters Alliance and Citizens to Elect Larry Dominick. |
| 25. | El Dia Articles | Objection, FRE 401, 402, 403, 801 and 802. These newspapers are hearsay and contain irrelevant articles and other information that have nothing whatsoever to do with Plaintiffs' allegations. Additionally, the probative value of certain articles presumably contained within these editions is *de* |

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | | *minimis* compared to the prejudice to Defendants. The contents of these exhibits should be excluded as they possess editorials and articles critical of President Dominick; these articles are prejudicial to President Dominick, as the jury could be unduly and unintentionally convinced that the contents of these articles are true.<br><br>To the extent these articles contain references to and articles concerning Mr. Meza and Serenata, these should be excluded pursuant to FRE 401 as not relevant to Plaintiffs' allegations and FRE 403. These articles are also a discovery violation. The *El Dia* articles were never disclosed by Plaintiffs[1] in this case in violation of Plaintiffs' duties under Rule 26 and responding to Defendants' written discovery requests, and, in fact, once Defendants subpoenaed the newspaper it took 4 months[2] and a |

---

[1]  Plaintiffs tendered these documents to Defendants on August 8, 2011.

[2]  Defendants served the subpoena on *El Dia* on August 22, 2011 by mail, just two weeks before the close of fact discovery. Fact discovery closed on September 8, 2011. Plaintiffs' counsel in fact responded by email on September 7, 2011 and by letter on

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | | court order to receive copies of the advertisements and articles tabbed by defense counsel after a review that lasted several days at Plaintiffs' counsel's office. |
| 26. | 4.29.11_Sun Times Article_Pesek Re-Elected (Serenata_008085) | Objection, FRE 401, 402, 403 (confuse the issues, mislead the jury, unfair prejudice), 802. |
| 27. | 5.1.11_Sun Times Article_Pesek_School board needs Invest (Serenata_008086) | Objection, FRE 401, 402, 403 (confuse the issues, mislead the jury, unfair prejudice), 802. |
| 28. | 4.11.11_Suntimes.com_Cicero Officials Linked to Criminals (Serenata_008094-008097) | Objection, FRE 401, 402, 403 (confuse the issues, mislead the jury, unfair prejudice), 802. |
| 29. | El Dia Newspaper Articles on Brian Petracek | Objection, FRE 401, 402, 403 (mislead the jury, confuse the issues, unfair prejudice), 802, and also a discovery violation. |
| 30. | Town Newsletter re Brian Petracek (excerpt) | Objection, FRE 401, 402, 403 (mislead the jury, confuse the issues, unfair prejudice), 802, and also a discovery violation. |
| 31. | A. 1.27.09 Police Report (Serenata_007096-007098)<br>B. Petracek Criminal File (Serenata_008118-008136) | Objection, FRE 401, 402, 403 (mislead the jury, confuse the issues, unfair prejudice), 802, and discovery violation. |
| 32. | Serenata_12.31.04_Financial Statement (Serenata_007555-007561) | Objection, FRE 702, 703, 901. |

October 7, 2011, and the documents were made available to Defendants' counsel as early as October 26, 2011 for their review.

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| 33. | Serenata_12.31.05_Financial Statement (Serenata_007562-007568) | Objection, FRE 702, 703, 901. |
| 34. | Serenata_12.31.06_Financial Statement (Serenata_007569-007575) | Objection, FRE 702, 703, 901. |
| 35. | Serenata_12.31.07_Financial Statement (Serenata_007576-007582) | Objection, FRE 702, 703, 901. |
| 36. | Serenata_12.31.08_Financial Statement (Serenata_007583-007589) | Objection, FRE 702, 703, 901. |
| 37. | Serenata_12.31.09_ Financial Statement (Serenata_007590-007596) | Objection, FRE 702, 703, 901. |
| 38. | Serenata_2004_Form 1120S_Income Tax (Serenata_007597-007606) | Objection, FRE 702, 703, 901. |
| 39. | Serenata_2005_Form 1120S_Income Tax (Serenata_007607-007619) | Objection, FRE 702, 703, 901. |
| 40. | Serenata_2006_Form 1120S_Income Tax (Serenata_007620-007635) | Objection, FRE 702, 703, 901. |
| 41. | Serenata_2007_Form 1120S_Income Tax (Serenata_007636-007649) | Objection, FRE 702, 703, 901. |
| 42. | Serenata_2008_Form 1120S_Income Tax (Serenata_007650-007665) | Objection, FRE 702, 703, 901. |
| 43. | Serenata_2009_Form 1120S_Income Tax (Serenata_007666-007680) | Objection, FRE 702, 703, 901. |
| 44. | Merendero San Marcos_2007 Tax Returns (Serenata_007834-007861) | Objection, FRE 401, 402, 403, 802, 901. |
| 45. | Merendero San Marcos _2008 Tax Returns (Serenata_007862-007900) | Objection, FRE 401, 402, 403, 802, 901. |
| 46. | Merendero San Marcos _2009 Tax Returns (Serenata_007901-007935) | Objection, FRE 401, 402, 403, 802, 901. |
| 47. | Merendero San Marcos _2010 Tax Returns (Serenata_007936-007968) | Objection, FRE 401, 402, 403, 802, 901. |
| 48. | 4.24.04_Serenata appraisal documents (Serenata_007694-007762) | Objection, FRE 401, 402, 403 (mislead the jury), 702, 703, 802. |
| 49. | Serenata Equipment (Serenata_007763-007764) | Objection, FRE 403 (mislead the jury), 802, 901. |
| 50. | Serenata Photos (Serenata_007765-007833, 008100, 008104-008117, 008142-008208) | Objection, as this was not provided by Plaintiffs until 12.29.11, Defendants were prejudiced by the delay |

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| | | and not given enough time to adequately respond pursuant to ILND LR 16.1. |
| 51. | Tribune Plaque-Article and Serenata Photo (Serenata_008098-008099) | No objection. |
| 52. | Invoices for Criminal Case (Serenata_008102-008103) | No objection. |
| 53. | Invoice for Liq. Comm'n Cases (Serenata_008101) | Objection, FRE 401, 402, 403 (mislead the jury), creates conflict with Plaintiffs' trial counsel, 802, 901. It is also a discovery violation in that it claims $255,000 in attorney fees over a course of several years, but is confined to a one page invoice for which no documents with specific time entries were provided in discovery. |
| 54. | Dr. Marshall Expert Report | No objection. |
| 55. | Dr. Marshall Rebuttal Expert Report | Objection this was not disclosed or provided to Defendants.[3] |
| 56. | Dr. Green Expert Report | Objection, Rule 702, 703. *See* Defendants' Motion in Limine. |
| 57. | Dr. Green Rebuttal Expert Report | Objection, not disclosed in appropriate timeframe.[4] |

[3]  Plaintiffs have filed a motion for extension of Plaintiffs' rebuttal expert report because Defendants' psychological expert has not appeared for his deposition pursuant to Plaintiffs' subpoena.

[4]  Plaintiffs served Defendants with Dr. Green's rebuttal report within the time limitations set forth under FED. R. CIV. P. 26(2)(D), which provides: "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Defendants' expert disclosures were due on October 15, 2011. (Docket #11.) Defendants did not produce their economic expert report

| Exhibit No. | Description | Defs.' Objections |
|---|---|---|
| 58. | 2005.2006.2007 Licenses (Serenata_007681-007687) | No objection. |
| 59. | 2006-2007 Entertainment License (Serenata_007688) | No objection. |

| Exhibit No. | Description – Demonstrative | |
|---|---|---|
| 1. | Timeline of Events – *based on the evidence* | Objection, no copy attached in violation of Standing Order on Final Pre-Trial Order Format Section (2)(c)(2). |
| 2. | Chart of Plaintiffs' damages – *based on the evidence* | Objection, no copy attached in violation of Standing Order on Final Pre-Trial Order Format Section (2)(c)(2).[5/] |

---

until November 7, 2011. Plaintiffs produced their rebuttal report to Defendants on December 2, 2011, well within the 30 days set forth under FED. R. CIV. P. 26(2)(D).

[5/]    Plaintiffs provided Defendants with Schedule G, Plaintiffs' itemization of damages in late December 2011 and it was and is included in the Parties' initial proposed pretrial order.

**Plaintiffs' Reserved Exhibits on Issue of Collateral Estoppel/Issue Preclusion**

The following exhibits are subject to Plaintiffs' Motion for collateral estoppel and will be withdrawn as exhibits if the Court grants Plaintiffs' motion.

| Exhibit No. | Description | Objections |
|---|---|---|
| 1. | 12.31.06_AO Citations 2nd Floor_1.17.07 (Serenata_004100-004101) | No objection. |
| 2. | 1.5.07_Cicero Mot to Disqualify DLK (Serenata_004102-004105) | Objection, FRE 401, 402, 403 (confuse the issues, waste of time). |
| 3. | 1.10.07_Serenata_07 CH 00474_Transcripts of Proceedings (Serenata_004192-004250) | Objection, FRE 401, 402, 403 (confuse the issues). |
| 4. | 1.10.07_Order Granting Serenata Mot to Dissolve TRO 07 CH 00474 (Serenata_004190-004191) | No objection. |
| 5. | 2.5.07_07 C-LLC-03_Order_7-day closure (Serenata_004271) | No objection. |
| 6. | 2.8.07_07 C-LLC-01_Not of Hearing 2nd floor (Serenata_004284-004286) | No objection. |
| 7. | 2.8.07_Serenata_07 C-LLC-03_Mot for Immediate Closure (Serenata_004293-004298) | No objection. |
| 8. | 2.8.07_07 C-LLC-03_Notice of Hearing (Serenata_004299-004301) | No objection. |
| 9. | 2.8.07_NOF Mot Vacate 7 Day & Demand Hrg (Serenata_004272-004282) | Objection, FRE 401, 402, 403 (unfair prejudice, confuse the issues), 802, 901. |
| 10. | 2.8.07_Serenata_07 C-LLC-01_Transcript of Proceedings (Serenata_004287-004292) | Objection, FRE 401, 402, 403. |
| 11. | 3.7.07_Serenata_06 C-LLC-12, 06 C-LLC-13, 07-C-LLC-01, 07-C-LLC-03 Transcripts (Serenata_004304-004333) | Objection, FRE 401, 402, 403. |
| 12. | 3.15.07_06 C-LLC 12_13_07 C-LLC 01_03_05_Transcript (Serenata_004334-004348) | Objection, FRE 401, 402, 403. |
| 13. | 3.27.07_Brd Meeting Notes_Auth Globtrotters | Objection, FRE 401, 402, |

| Exhibit No. | Description | Objections |
|---|---|---|
| | (Serenata_004349-004350) | 403. |
| 14. | 4.9.07_07 C-LLC-05_Order_Not of Closure (Serenata_004377) | No objection. |
| 15. | 4.11.07_Serenata Emergency Mot for Prelim Injunction 07 CH 00474 (Serenata_004378-004403) | Objection, FRE 401, 402, 403, 802, 901, would require Plaintiffs' counsel to testify as a witness. |
| 16. | 4.12.07_Serenata Mot for Sanctions Dismiss Bar (Serenata_004407-004411) | Objection, FRE 401, 402, 403, 802, 901, would require Plaintiffs' counsel to testify as a witness. |
| 17. | 4.12.07_07 C-LLC-05_Mot for Immediate Closure (Serenata_004412-Serenata_004416) | No objection. |
| 18. | 4.12.07_07 C-LLC-05_Notice of Hearing (Serenata_004417-Serenata_004419) | No objection. |
| 19. | 4.12.07_07 C-LLC-01 - 05_Transcripts of Proceedings (Serenata_004423-004455) | Objection, FRE 401, 402, 403 (confuse the issues, mislead the jury). |
| 20. | 4/13/07 Transcript (Serenata_003425-003463) | Objection, FRE 401, 402, 403 (mislead the jury, confuse the issues, unfair prejudice). |
| 21. | 9.10.07 Order_Cicero Findings of Fact (Serenata_005229-005238) | No objection. |
| 22. | 9.10.07_Serenata Notice of Appeal with Attachments 08-CA-16, and 9.17.07_Serenata Supp Not Appeal 08-CA-16 (Serenata_005239-005274, Serenata_005313-005355) | No objection. |
| 23. | 9.25.07_Serenata Appellant Emergency Motion (Serenata_005356-005360) | Objection, FRE 401, 402, 403 (unfair prejudice and confuse the issues), 802. |
| 24. | 10.10.07_State Liquor Comm Order Granting Stay (Serenata_005430) | No objection. |
| 25. | 1.7.08_Serenata_Order_Reversing Revocation (Serenata_005509-005512) | No objection. |
| 26. | 2.7.08_ILCC Order Denying Cicero App | Objection, FRE 401, 402. |

| Exhibit No. | Description | Objections |
|---|---|---|
| | ReHearing 08-CA-16 (Serenata_005632-005634) | |
| 27. | 11.21.08_Serenata Motion to Dismiss 07 CH 00474 (Serenata_007030-007045) | Objection, FRE 401, 402, 403 (mislead the jury confuse the issues), 802. |
| 28. | 1/28/09 Order of Dismissal, 07 CH 00474 | No objection. |

Plaintiffs reserve the right to offer into evidence any of Defendants' exhibits and to offer into evidence such rebuttal exhibits which are not presently identified, as may be necessary. Plaintiffs reserve the right to offer into evidence portions of any of the videos and/or transcripts from any of the depositions taken in this case.

**Defendants' Proposed Exhibit List**

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 1. | G. Meza Deposition Transcript (Case No. 07 CH 474) | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805. |
| 2. | La Playita's Verified Counterclaim (Case No. 07 CH 474) | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805. |
| 3. | Complaint (Case No. 11 cv 1702) | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805. |
| 4. | Certified docket of the dismissal for want of prosecution in 2008 (Case No. 07 CH 474) | Objection: Inadmissible as an exhibit; irrelevant; *see also* Fed. R. Evid. 401, 402. |
| 5. | Order reinstating Case No. 07 CH 474 in 2009 | Objection: Inadmissible as an exhibit; irrelevant; *see also* Fed. R. Evid. 401, 402. |
| 6. | Order regarding voluntary dismissal in Case No. 07 CH 474 in August of 2011 | Objection: Inadmissible as an exhibit; irrelevant; *see also* Fed. R. Evid. 401, 402. |
| 7. | (In two pdf. Documents) G. Meza Criminal Trial Proceeding Transcripts (TOC Bates Nos. 04295-04591) | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805; not produced as required by Fed. R. Civ. P. 26 and 37, and therefore barred; produced after the close of fact discovery, and was produced on 12/13/11 just before the pretrial order was due in this case. |
| 8. | Deposition Transcript of Dr. Marshall | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805. |
| 9. | Deposition Transcript of Dr. Green | Objection: Inadmissible as an exhibit; *see also* Fed. R. Evid. 801, 802, 805. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 10. | Town Code Provisions: 10-2, 10-4, 10-7, 10-11, 10-13, 10-16, 10-28, 10-29, 10-66, 10-70, 10-72, 10-107, 22-1, 22-285, 26-31, 26-38, 26-41, 62-6, 62-8 | Objection: These documents are not Bates stamped and there is no Bates stamp designation to be able to verify that these documents were produced in discovery; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |
| 11. | CERTIFIED: Town of Cicero Ordnance No. 74-06 – Regarding Town of Cicero's Sidewalk Cafés | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |
| 12. | Timeline of Town of Cicero Liquor Citations 2006-2009 | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; incomplete and does not accurately reflect the timeline of events in this case; improper use as an Exhibit; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 13. | La Playita Settlement Agreements regarding Citations with the Town of Cicero (A & B) | Objection: These documents are not Bates stamped and there is no Bates stamp designation to be able to verify that these documents were produced in discovery; Fed. R. Evid. 401, 402, 403, 801, 802, 805; Plaintiffs further object in that on December 13, 2011 Defendants' counsel "dumped" over 5,000 pages of documents on Plaintiffs' counsel just prior to the pretrial order being due in this case, and such documents are barred under Fed. R. Civ. P. 26 and 37; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 14. | La Playita Liquor Citations 2006-2009 | Objection: These documents are not Bates stamped and there is no Bates stamp designation to be able to verify that these documents were produced in discovery; Fed. R. Evid. 401, 402, 403, 801, 802, 805; Plaintiffs further object in that on December 13, 2011 Defendants' counsel "dumped" over 5,000 pages of documents on Plaintiffs' counsel just prior to the pretrial order being due in this case, and such documents are barred under Fed. R. Civ. P. 26 and 37; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |
| 15. | History of G. Meza's Mortgage Payments | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; Fed. R. Evid. 401, 402, 403. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 16. | Town of Cicero Fire Department Violations Report for La Playita | Objection: These documents are not Bates stamped and there is no Bates stamp designation to be able to verify that these documents were produced in discovery; Fed. R. Evid. 401, 402, 403, 801, 802, 805; Plaintiffs further object in that on December 13, 2011 Defendants' counsel "dumped" over 5,000 pages of documents on Plaintiffs' counsel just prior to the pretrial order being due in this case, and such documents are barred under Fed. R. Civ. P. 26 and 37; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |
| 17. | Photographs of 2nd floor by Cicero Fire Department (these were produced in discovery, TOC.2452-2532 and are far too large to send via email, these will be send to you in the CD) | Objection: These documents are not Bates stamped and there is no Bates stamp designation to be able to verify that these documents were produced in discovery; Fed. R. Evid. 401, 402, 403; not produced in compliance with Fed. R. Civ. P. 26 and therefore barred under Fed. R. Civ. P. 37; *see also* Plaintiffs' Motions in *Limine* and Motion based on Collateral Estoppel. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 18. | Balloon Mortgage Terms of 6007-6009 W. Cermak Rd. | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine*. |
| 19. | Photographs of Cermak Road | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |
| 20. | Photographs of Al's, Klas Restaurant, Squirrely Shirley's and San Marcos | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |
| 21. | Menu's for Mexican Restaurants near 6007-6009 W. Cermak Rd. | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |
| 22. | HILCO Business Valuation Report | Objection: not admissible as evidence, Fed. R. Evid. 401, 402, 403, 701, 702, 703, 704, 801, 802, 805. |
| 23. | Dr. Jaffe Report (Bates DrJaffe00157-00179) | Objection: not admissible as evidence, Fed. R. Evid. 401, 402, 403, 701, 702, 703, 704, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 24. | Serenata Advertisements in *El Dia* | Objection: First page was not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; additional pages were not produced in compliance with the court's discovery schedule as Defendants sent a subpoena requesting compliance after the close of discovery, and therefore, barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine*. |
| 25. | 2006 Serenata Tax Return (Serenata_VardalosSubp_000024) | Objection: Document is incomplete. |
| 26. | *El Dia* issue that had ad for Hernandez as well as Garcia in March of 2006 (Serenata_El Dia Subp002270-002271) | Objection: Not produced or subpoenaed in compliance with Fed. R. Civ. P. 26 and therefore barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*. |
| 27. | *El Dia* issue subsequent to ad that discusses "Indisputable Triumph" of Hernandez (03/24/2006) (Serenata_El Dia Subp002279-002280) | Objection: Not produced or subpoenaed in compliance with Fed. R. Civ. P. 26 and therefore barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 28. | *El Dia* articles in 1/27/06-2/2-06 issue discussing "Strong Support" received by Hernandez (Serenata_El Dia Subp002227-002228) | Objection: Not produced or subpoenaed in compliance with Fed. R. Civ. P. 26 and therefore barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*. |
| 29. | El Meson Advertisements in *El Dia* | Objection: First page was not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; additional pages were not produced in compliance with the court's discovery schedule as Defendants sent a subpoena requesting compliance after the close of discovery, and therefore, barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine*. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 30. | El Meson Liquor Citations and Results (TOC.05154-TOC05177) | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*.<br><br>Plaintiffs further object in that on December 13, 2011 Defendants' counsel "dumped" over 5,000 pages of documents on Plaintiffs' counsel just prior to the pretrial order being due in this case, and such documents are barred under Fed. R. Civ. P. 26 and 37; *see also* Plaintiffs' Motions in *Limine* and Motion. |
| 31. | Supermercado Salmeron Advertisements in *El Dia* | Objection: First page was not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; additional pages were not produced in compliance with the court's discovery schedule as Defendants sent a subpoena requesting compliance after the close of discovery, and therefore, barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine*. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 32. | El Torito Liquor Citations and Results (TOC.05402-TOC05432) | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*.<br><br>Plaintiffs further object in that on December 13, 2011 Defendants' counsel "dumped" over 5,000 pages of documents on Plaintiffs' counsel just prior to the pretrial order being due in this case, and such documents are barred under Fed. R. Civ. P. 26 and 37; *see also* Plaintiffs' Motions in *Limine* and Motion. |
| 33. | El Patron Liquor Citations and Results (TOC.00238-TOC.00262) | Objection: First page was not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; *see also* Fed. R. Evid. 401, 402, 403, 801, 802, 805; *see also* Plaintiffs' Motions in *Limine*. |
| 34. | February 2009 Election Results | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |

| Exhibit No. | Description | Objections by Either Side |
|---|---|---|
| 35. | History of Sinfonia Del Mar advertisements in *El Dia* | Objection: First page was not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; no foundation; additional pages were not produced in compliance with the court's discovery schedule as Defendants sent a subpoena requesting compliance after the close of discovery, and therefore, barred under Fed. R. Civ. P. 37; Fed. R. Evid. 401, 402, 403; *see also* Plaintiffs' Motions in *Limine*. |
| 36. | D-2 Contribution Comparisons 2008-2009 | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |
| 37. | Proportion of Contributions from Liquor Licensees in 2005 and 2009 | Objection: Not produced in discovery and barred under Fed. R. Civ. P. 26 and 37; Fed. R. Evid. 401, 402, 403; no foundation; *see also* Plaintiffs' Motions in *Limine*. |

# EXHIBIT 7

STATE OF ILLINOIS
LIQUOR CONTROL COMMISSION

In the Matter of:                          )
                                           )        APPEAL 08 CA 16
    La Playita Cicero, Inc.          )        ON THE RECORD
    d/b/a Serenata Restaurant and Bar )
    6007-09 W. Cermak Road           )
    Cicero, IL 60804                 )

## ORDER DENYING PETITION FOR REHEARING

THIS MATTER coming to be heard on the filing of a Petition of Rehearing by the Town of
Cicero, and this Commission being fully informed on the premises:

IT IS HEREBY ORDERED:

    1.  The Petition for Rehearing is denied.

# THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW

You are hereby notified that you have THIRTY-FIVE (35) days from service of this Order upon
you to commence an action for Administrative Review in the Circuit Court of Illinois (735 ILCS
5/3-103). That date of mailing is deemed to be the date of service (235 ILCS5/7-10).

Serenata_005632

ENTERED before the Illinois Liquor Control Commission at Chicago, Illinois, on February 6, 2008.

Irving J. Koppel, Chairman

Lillibeth Lopez, Commissioner

Daniel J. Downes, Commissioner

J. M. Hogan, Commissioner

John M. Aguilar, Commissioner

Stephen B. Schnorf, Commissioner

A T T E S T:

Susan McNulty, Secretary

STATE OF ILLINOIS      )
                            ) SS
COUNTY OF COOK      )


The undersigned certifies that the foregoing ORDER was sent First Class Mail on February 1, 2008 at the United States Post Office, 100 West Randolph Street, Chicago, Illinois 60601; addressed to the following:


K. Austin Zimmer, Esq.
One of the Attorneys for the Town of Cicero
Giglio & Del Galdo, LLC
10526 W. Cermak Rd., Ste 300
Westchester, IL 60154

Dana L. Kurtz
Kurtz Law Offices, LLC
414 S. State St.
Lockport, IL 60441