IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA, <br><br> Plaintiffs, <br> v. <br><br> TOWN OF CICERO, *et al.*, <br><br> Defendants. | Case No. 11 CV 01702 <br><br> Honorable John Z. Lee |

## PLAINTIFFS' MOTION TO BAR TESTIMONY OF DEFENDANTS' EXPERT, DR. JAFFE, OR, IN THE ALTERNATIVE, FOR RULE TO SHOW CAUSE AGAINST DR. JAFFE

Plaintiffs LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA (collectively "Plaintiffs"), move this Court for an order to bar testimony of Defendants' psychological expert, Dr. Alan Jaffe, or in the alternative, for a rule to show cause order and order compelling the deposition of Dr. Jaffe on a date certain, so that Plaintiffs' rebuttal expert report can be completed, which cannot be completed because Dr. Jaffe refuses to appear for his deposition despite being subpoenaed on numerous occasions. In support, Plaintiffs state as follows:

1. On September 30, 2011, Plaintiffs produced their expert reports in compliance with the Court's scheduling order. (*See* Docket #11.) On October 11, 2011, Defendants sought an extension of expert discovery, which the Court granted. (Docket #63.) Defendants then sought a second extension because Dr. Jaffe was going on vacation. (Docket #70 ¶ 6.) On November 10, 2011, the Court again extended Defendants'

deadline to complete Defendants' Psychological Expert Report to December 19, 2011. (Docket # 73.) The Court also ordered that depositions of expert witnesses were to be completed by December 30, 2011. (*Id*.)

2. On November 21, 2011, Plaintiffs issued a subpoena to Defendants' psychological expert, Dr. Jaffe, requiring Dr. Jaffe to sit for a deposition on December 22, 2011. Plaintiffs served a separate subpoena to Dr. Jaffe that required Dr. Jaffe to produce certain documents several days in advance of the deposition, including producing the raw testing materials of Plaintiff Gerardo Meza directly to Plaintiffs' psychological expert. Dr. Jaffe failed to comply with the subpoena. As a result, the deposition could not proceed, and Plaintiffs' counsel had to cancel Dr. Jaffe's deposition for December 22, 2011 because the documents had not been produced as required by the subpoena. (Docket #116-1 at 2.)

3. On December 30, 2011, Defendants' counsel indicated that Dr. Jaffe was available for his deposition on January 19, 2012, with assurances that the documents subpoenaed would be produced before then. (*See* Docket #116-1 at 2.)

4. On January 9, 2012, Plaintiffs' counsel again issued a subpoena to Dr. Jaffe, requiring him to sit for his deposition at his office on January 19, 2012. (Docket #116-1 at 5-10.) Plaintiffs' counsel provided payment to Dr. Jaffe in the amount of $350.00. Plaintiffs' counsel indicated to Defendants' counsel that Dr. Jaffe's deposition would last for less than 1 hour, which justified the payment of $350.00. (*Id.* at 12.) Defendants' Rule 26(a)(2) disclosures show that Dr. Jaffe's hourly rate is $350.00 per hour.

5. On January 12, 2012, Defendants again cancelled Dr. Jaffe's deposition. (Docket #116-1 at 14.)

6. As a result of Defendants' continued and repeated cancellations of Dr. Jaffe's deposition and Dr. Jaffe's failure and refusal to sit for his deposition despite several subpoenas, on January 18, 2012, Plaintiffs filed a motion for rule to show cause and for extension of time to disclose Plaintiffs' expert rebuttal report, seeking an order requiring Dr. Jaffe and Defendants to show cause as to why Dr. Jaffe failed to comply with the subpoenas and refused to sit for his deposition, and to extend the time for Plaintiffs' expert rebuttal report until after Dr. Jaffe sat for his deposition. (Docket #116.)

7. At the hearing on the rule to show cause, Defendants agreed to produce Dr. Jaffe for his deposition, and agreed to provide new dates that Dr. Jaffe would be available to sit for his deposition. Plaintiffs' counsel also agreed to pay Dr. Jaffe $1,000 for his deposition, even though his hourly rate is $350.00 per hour as reflected in Defendants' Rule 26(a)(2) disclosures.[1] The Parties further agreed that Plaintiffs would disclose Plaintiffs' rebuttal expert report after Dr. Jaffe's deposition. (*See* Docket #159 ¶ 1.) In light of this agreement, Plaintiffs withdrew their motion for rule to show cause. (*See* Docket #142; *see also* Docket #159 ¶ 1.)

8. The pretrial order and motions in *limine* were due on January 25, 2012. (*See* Docket #105.) To preserve their rights, Plaintiffs filed a motion for leave to file a motion to exclude Dr. Jaffe's testimony pursuant *to Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) after the completion of Dr. Jaffe's deposition. (Docket #159.) That

---

[1] Dr. Jaffe later agreed to the payment of $1,000 for his deposition.

3

motion was denied without prejudice until Plaintiffs could take Dr. Jaffe's deposition. (Docket #172.)

9. Further attempts were made to schedule and take Dr. Jaffe's deposition that were delayed by Dr. Jaffe and/or Defendants, including but not limited to the following:

  a. On February 1, 2012 and thereafter, Plaintiffs' counsel sent Defendants' counsel several correspondences requesting dates for Dr. Jaffe's deposition.

  b. On February 14, 2012, Defendants' counsel proposed March 20, 2012 for Dr. Jaffe's deposition.

  c. On February 15, 2012, Plaintiffs' counsel confirmed Dr. Jaffe's deposition for March 20, 2012, and on that same day, sent Defendants' counsel a W-9 form to complete so that payment could be issued.

  d. On February 20, 2012, Plaintiffs' counsel again forwarded the W-9 form for Dr. Jaffe to complete in order to issue payment, since the W-9 form still had not been completed.

  e. On March 1, 2012, Dr. Jaffe still had not completed the W-9 form, and Plaintiffs' counsel sent another correspondence to Defendants' counsel requesting the completed form so that payment could be issued.

  f. As of March 14, 2012, Dr. Jaffe still had not completed the W-9 form, and therefore, payment could not be issued. Dr. Jaffe cancelled the deposition of March 20, 2012 because he claims to require payment 14 days in advance. Plaintiffs' counsel requested that Dr. Jaffe provide the signed W-9 form by no

    later than Monday, March 19, 2012, along with new dates for his deposition.

  g. On March 16, 2012, instead of providing the signed W-9 form, Defendants' counsel faxed Dr. Jaffe's EIN number and requested Plaintiffs' counsel propose new dates for Dr. Jaffe's deposition.

  h. On March 22, 2012, Plaintiffs' counsel proposed several dates for Dr. Jaffe's deposition in April and May 2012.

  i. On March 28, 2012, Dr. Jaffe's deposition was confirmed for April 25, 2012 at 4:00 p.m.

(*See* Group Exhibit 1, Correspondence.)

10. On April 23, 2012, Plaintiffs' counsel was required to attend a settlement conference in another case. It was likely that the settlement conference would run past 4:00 p.m. and would thus conflict with Dr. Jaffe's deposition. (*See* Group Exhibit 1, 4/23/12 Correspondence.) Plaintiffs' counsel communicated the conflict to Defendants' counsel via email, and through telephone calls by Plaintiffs' counsel's assistant. Defendants' counsel confirmed that she would cancel Dr. Jaffe's deposition on April 24, 2012. (Group Exhibit 1, 4/24/12 Correspondence.) Plaintiffs' counsel repeatedly requested but did not receive a new date for Dr. Jaffe's deposition. (*See, e.g.,* Group Exhibit 1, 5/3/12 and 5/18/12 Correspondence.) In mid-May 2012, Defendants' counsel mentioned in passing that there may be some dates in June where both Dr. Jaffe and Defendants' counsel would be available, but never provided Plaintiffs' counsel with any concrete dates. (*See* Group Exhibit 1, 5/18/12 Correspondence.) Having not received a

new date by the end of May 2012, Plaintiffs' counsel issued another subpoena on May 24, 2012 scheduling Dr. Jaffe's deposition for June 27, 2012. (*See* Exhibit 2, 5/24/12 Subpoena to Dr. Jaffe.) Over a month later and two days before the scheduled deposition, on June 25, 2012, Defendants cancelled Dr. Jaffe's deposition claiming that Plaintiffs had violated Dr. Jaffe's "cancellation policy" in April 2012, demanding a $1,000 "cancellation fee" and stating that Dr. Jaffe would be unable to attend the June 27 deposition in any event due to family medical issues. (*See* Group Exhibit 1, 6/25/12 Defs.' Correspondence.)

11. On that same day, June 25, 2012, Plaintiffs' counsel immediately responded, reminding Defendants' counsel that she agreed to reschedule Dr. Jaffe's deposition and at no time did she mention anything about a rescheduling fee. Plaintiffs' counsel also attempted to resolve the issue pursuant to Fed. R. Civ. P. 37.2. (*See* Group Exhibit 1, 6/25/12 Pls.' Correspondence.)

12. Plaintiffs' counsel's attempts to resolve this issue and obtain a new date for Dr. Jaffe's deposition have gone unanswered. Defendants' counsel never responded and has not provided new dates for Dr. Jaffe's deposition.

13. Plaintiffs have been unable to take Dr. Jaffe's deposition, despite the fact that Plaintiffs have issued several subpoenas for his deposition.

14. Expert discovery in this matter has long closed, and Plaintiffs' rebuttal report deadline has long passed. (Docket #73.) The Parties agreed and the Court was advised that Plaintiffs' rebuttal report could not be completed until after Dr. Jaffe's deposition,

and it was understood that Plaintiffs' rebuttal report would be provided after Dr. Jaffe's completed deposition.

15. The Pre-trial order in this matter has been filed and entered. (Docket #168.)

16. A motion for summary judgment has been fully briefed and is waiting for ruling by this Court. (See Docket #174-178, 199-201, 209-210.)

17. Defendants have failed to comply with this Court's orders with regard to expert discovery by failing to produce Dr. Jaffe for his deposition.

18. "Adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions." *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996). If a party fails to comply with the Court's deadlines, the court is "within its authority to prohibit a party from presenting witnesses or evidence as a sanction." *Id.* (*quoting In re Maurice*, 21 F.3d 767, 773 (7th Cir. 1994)).

19. "Under Rule 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. 2006) (internal quotations omitted) (*quoting NutraSweet Co. v. X-L Engineering Co.,* 227 F.3d 776, 785 (7th Cir. 2000)). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Finwall,* 239 FRD at 498, (*citing Keach v. U.S. Trust Co.,* 419 F.3d 626, 639 (7th Cir. 2005); *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.

1998)).

20. Here, Defendants are well outside the expert discovery cut-off despite warnings (by Plaintiffs' motion for rule to show cause in January 2012) that the expert deadline was looming. Additionally, Defendants cannot show that the violation of Rule 26 was justified or harmless. First, the violation was not justified. Plaintiffs' counsel attempted to schedule Dr. Jaffe's deposition on numerous occasions over a six-month period. Defendants failed to provide Plaintiffs with dates on which Dr. Jaffe would be available for deposition and cancelled the final attempt over one month after the subpoena was served and just two days before the deposition. Defendants have repeatedly failed to provide dates for Dr. Jaffe's deposition, despite repeated requests by Plaintiffs' counsel.

21. Also, failure to produce Dr. Jaffe is not harmless. This matter is set for summary judgment ruling and the pre-trial order is already on file and entered. *See Anglin v. Sears, Roebuck and Co.*, 139 F. Supp.2d 914, 917 (N.D. Ill. 2001) (Expert barred after report produced six days before the expert discovery cut-off and after seven attempts to schedule the deposition but none was taken despite six-week discovery extension); *see also Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996) (barring expert testimony when the disclosure of the experts was outside of the deadline set by the court). Defendants have received extensions (which have since expired) to produce their expert for his deposition, and they have failed to do so. This case is set for trial, the pre-trial order is already filed, and deposing Dr. Jaffe at this late juncture would be prejudicial to Plaintiffs in that the time for Plaintiffs to produce their rebuttal report has also passed.

8

22. Should this Court decide that Dr. Jaffe's testimony should not be barred, Plaintiffs respectfully request an order compelling Dr. Jaffe's deposition without payment of the "cancellation fee." As explained in Plaintiffs' original motion for rule to show cause, Defendants previously attempted to recover money from Plaintiffs for their expert that was not justified. (*See* Docket #116 ¶¶ 6-9). Defendants are again attempting to recover money from Plaintiffs by charging a "cancellation fee." A fee which was only demanded two days before a deposition Dr. Jaffe had no intention of attending and more than two months after the cancellation. The "cancellation fee" is unreasonable and not proper under Fed. R. Civ. Pro. 26(b)(4)(E).

23. While in limited circumstances some courts have allowed cancellation fees, the circumstances were egregious, which is not present here, and the fee awarded was much more reasonable and justified. *Demir v. U.S.*, 199 F.R.D. 617, 620 (allowing a 1-hour "cancellation fee" where the expert's deposition was cancelled one hour before the scheduled start time). The Court in *Demir* reasoned that the cancellation fee was reasonable because the expert did not have time to schedule to see patients given the 1-hour advance notice of the cancellation. Here, Plaintiffs gave two days' notice of the cancellation for a reason that was also outside Plaintiffs' counsel's control (needing to appear at the settlement conference that would likely run into the 4:00 p.m. start time of Dr. Jaffe's deposition). Thus, the $1,000 cancellation fee is unreasonable given the advanced notice for the unforeseen circumstances and requirement that Plaintiffs' counsel appear at a settlement conference.

24. The $1,000 "cancellation fee" is also unreasonable because of the amount demanded. Plaintiffs and Defendants agreed that Dr. Jaffe will be paid $1,000 for his deposition, despite his hourly rate of $350. Since Plaintiffs agreed to take Dr. Jaffe's deposition at his office, he did not have to travel. The deposition was scheduled at 4:00 p.m. at Dr. Jaffe's request and after Dr. Jaffe normally saw patients, thus he did not lose any time that he could have scheduled with a patient for that one (1) hour. Plaintiffs have taken great pains to ensure that Dr. Jaffe's regular schedule would not be interrupted by his having to testify at his deposition.

25. Additionally, Defendants' attempt to charge Plaintiffs $1,000 for the rescheduling of Dr. Jaffe's deposition is unreasonable because Defendants' agreed to reschedule the deposition and at no time ever mentioned charging a cancellation fee of $1,000. Had Defendants' counsel mentioned this at the time she agreed to reschedule Dr. Jaffe's deposition, Plaintiffs' counsel could have tried to make alternate arrangements to ensure that the settlement conference was completed early enough to begin the deposition at 4:00 p.m. Thus, Defendants should not be able to recover the $1,000 they are seeking for the "cancellation fee."

26. In light of the above attempts to schedule and take Dr. Jaffe's deposition, Defendants and/or Dr. Jaffe will continue to cancel the deposition for frivolous and unjustified reasons without a court order setting a date for Dr. Jaffe's deposition. Therefore, if the Court is inclined to not bar Defendants from calling Dr. Jaffe as an expert in this case, despite their failure to comply with the Court's prior orders and

Rule 26, Plaintiffs request the Court compel Dr. Jaffe to sit for his deposition on a date certain, and extend the time for Plaintiffs to provide their rebuttal report until after Dr. Jaffe sits for his deposition.

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request that the Court enter the following order:

A.  Barring Defendants from calling Dr. Jaffe at trial in this matter; or

B.  Compelling Dr. Jaffe to appear for his deposition on a date certain, and granting Plaintiffs 21 days after Dr. Jaffe's deposition to disclose their rebuttal expert report; and

C.  Granting Plaintiffs such other relief that is just and equitable.

    Respectfully submitted,

    PLAINTIFFS LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR and GERARDO MEZA

    *s/Dana L. Kurtz*

    Attorney for Plaintiffs

    *Electronically filed on July 23, 2012*

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

11