IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA,<br><br>   Plaintiffs,<br><br>  v.<br><br>TOWN OF CICERO, et al.,<br><br>   Defendants. | Case No. 11 CV 01702<br><br>Honorable John Z. Lee |

**PLAINTIFFS' MOTION TO COMPEL CERTAIN INFORMATION FROM DEFENDANTS' EXPERT, DR. JAFFE, OR <u>OTHERWISE BAR HIM FROM TESTIFYING</u>**

Plaintiffs LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA (collectively "Plaintiffs"), move this Court for an order compelling Defendants' Expert, Dr. Jaffe, to produce certain information or otherwise bar his testimony at trial, and in support, Plaintiffs state as follows:

1. Plaintiffs have had to file no less than three (3) separate motions to obtain compliance with expert discovery from Defendants' Expert Dr. Jaffe, including on January 18, 2012 (Docket #116), July 23, 2012 (Docket #215), and the instant motion. The history of these motions are set forth in Docket ## 116 and 215 and incorporated as though fully set forth herein.

2. Defendants refuse to produce the following information that is required under Fed. R. Civ. P. 26 and necessary for Plaintiffs' rebuttal expert to complete the rebuttal report:

    a. Dr. Jaffe's notes, which he testified in his deposition that he took. (Ex. 1, Jaffe Dep. 26:24-27:2 (Q. Did you take notes of your interview with Mr. Meza? A. Yes.").) Defendants' counsel later represented that Dr. Jaffe did not take any notes, and if this is the case (which is inconsistent with his deposition testimony), Plaintiffs' counsel requested that Dr. Jaffe provide this verification under oath in a sworn Affidavit (since his deposition was taken under oath). (*See* Ex. 2, Kurtz E-mail.)

    b. Full citations to the references in his report, as Dr. Jaffe only has: "Friedman (2001)," "Morey (2003)," "Graham (2006)." It is impossible with this limited notation to identify what reference, book, or article Dr. Jaffe is referring to. Therefore, he should be required to produce the full citation, or otherwise be barred from testifying on these matters in his report.[1]

    c. A copy of the Curriculum Vitae of Dr. Jaffe's assistant who participated in the interviewing of Plaintiff Gerry Meza and actually asked questions of him

---

[1] Fed. R. Civ. P. 26(a)(2)(ii) requires Defendants to disclose: "the facts or data considered by the witness in forming them." This would include full citations to the data and or treatise or article referenced.

outside of Dr. Jaffe's presence.[2] It is necessary to identify whether or not she is qualified to participate in a psychological assessment and without her name and credentials this information cannot be determined. Moreover, Plaintiff may be entitled to call her as a witness in this case to impeach Dr. Jaffe.

3. Most of these issues were raised with the Court at the last Court status on November 20, 2012. Defendants' counsel represented that she would have the information and a response by seven (7) days. The Court did not put this in the Order (Docket #238) at Defendants' counsel's request and because the Court took Defendants' counsel at her word.

4. Defendants' response was generally that the information would not be provided or there was no information. (*See* Ex. 3, Grandfield Letter.)

5. Plaintiffs' counsel has attempted to resolve these issues before filing the instant motion; however, Defendants' counsel refuses to produce the citations or the Curriculum Vitae, and initially refused to produce the Affidavit until she was advised that Dr. Jaffe testified in his deposition that he took notes, to which Defendants' counsel said she would look into it. (*See* Ex. 2, Kurtz Email.) As of the filing of this motion, Defendants' counsel has not agreed to provide the affidavit.

---

[2] Fed. R. Civ. P. 26(a)(2)(iv) also requires Defendants disclose: "the witness's qualifications, including a list of all publications authored in the previous 10 years."

3

6. In the event Dr. Jaffe does not produce the information in seven (7) days and in light of Dr. Jaffe's non-compliance with discovery requiring Plaintiffs to file multiple motions, Plaintiffs' subpoenas, and this Court's orders, Plaintiffs request that Dr. Jaffe be barred from testifying. *See, e.g., Anglin v. Sears, Roebuck and Co.*, 139 F. Supp.2d 914, 917 (N.D. Ill. 2001) (Expert barred after report produced six days before the expert discovery cut-off and after seven attempts to schedule the deposition but none was taken despite six-week discovery extension); *see also Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996) (barring expert testimony when the disclosure of the experts was outside of the deadline set by the court).

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request that the Court enter the following order:

A. Requiring Dr. Jaffe to produce the following information within seven (7) days of this Court's order: (1) his notes or an Affidavit stating under oath and penalty of perjury that he did not take any notes, or if he took notes and destroyed them, that he so state as well, (2) the full text of the Citations referenced in his report, including the name of the source, book, or article and page number, and (3) a copy of his assistant's Curriculum Vitae;

B. Barring Dr. Jaffe from testifying in the event he does not comply with this Court's order; and

C. Granting Plaintiffs such other relief that is just and equitable.

Respectfully submitted,

PLAINTIFFS LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR and GERARDO MEZA

*s/Dana L. Kurtz*

Attorney for Plaintiffs

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us