IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LA PLAYITA CICERO, INC., d/b/a
SERENATA RESTAURANT & BAR, and
GERARDO MEZA

    Plaintiffs,

    v.

TOWN OF CICERO, *et al.*,

    Defendants.

Case No. 11 CV 01702

Honorable Judge John Z. Lee

## **EXHIBIT LIST**

Exhibit 1    Dr. Jaffe Deposition Excerpts

Exhibit 2    Kurtz E-mail

Exhibit 3    Grandfield Letter

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LA PLAYITA CICERO, INC., d/b/a      )
SERENATA RESTAURANT AND BAR,        )
AND GERARDO MEZA,                   )
                                    )
           Plaintiffs,              )
                                    )
      -vs-                          ) No. 10 C 1702
                                    )
THE TOWN OF CICERO, a municipal     )
corporation, LARRY DOMINICK, in     )
his official and individual         )
capacity, PAUL DEMBROWSKI,          )
LARRY POLK, and SERGE ROCHER,       )
in their individual capacities,     )
                                    )
           Defendants.              )

    The deposition of ALAN M. JAFFE, PSY.D, taken pursuant to the Federal Rules of Procedure for the United States District Courts pertaining to the taking of depositions, taken before Pamela S. Morgan, a Certified Shorthand Reporter and Notary Public within and for the State of Illinois, at 25 East Washington Street, Suite 925, Chicago, Illinois, on October 4, 2012, at the hour of 4:00 p.m.

1  reference to that particular chart.
2      Q.   When you did the interview of Mr. Meza,
3  did you have any other document in front of you
4  that you were asking specific questions about that
5  was provided to you by the Town of Cicero, other
6  than the chart?
7      A.   I don't believe so.
8           (The document was marked as Jaffe
9            Exhibit Number 5 for identification.)
10 BY MS. KURTZ:
11     Q.   Okay.  I am going to show you what's been
12 marked as Jaffe Exhibit Number 5 which are
13 documents provided to me by Miss Grandfield,
14 Dr. Jaffe, 207, they are out of order because it
15 was faxed that way.  So 142 to 148, and 207 to
16 211.
17          Do you know who typed these up?
18     A.   No.
19     Q.   You did not type them?
20     A.   I did not type them.
21     Q.   You did not have your assistant type
22 them?
23     A.   I do not recall, no.
24     Q.   Did you take notes of your interview with

```
 1    Mr. Meza?
 2         A.    Yes.
 3         Q.    Okay.  Did have you anybody transcribe
 4    those notes?
 5         A.    Transcribe the notes?
 6         Q.    Yes.
 7         A.    I don't recall.
 8         Q.    Do you know if Miss Grandfield's office
 9    transcribed these notes?
10         A.    I don't know.
11         Q.    And have you reviewed these notes to
12    determine if they are accurate or not from your
13    transcribed notes?
14         A.    Did I --
15         Q.    That was a bad question.  Let me rephrase
16    it.
17               Your handwritten notes from your
18    interview with Mr. Meza, had you reviewed that and
19    compared those handwritten notes to these notes to
20    determine whether Dr. Jaffe Exhibit Number 5 are
21    accurate?
22         A.    I don't believe so.
23         Q.    What was the referral question given to
24    you in this case?
```

# Exhibit 2

# Dana Kurtz

| | |
|---|---|
| **From:** | Dana Kurtz |
| **Sent:** | Monday, December 03, 2012 4:33 PM |
| **To:** | 'Cynthia S. Grandfield' |
| **Cc:** | 'zimmer@dlglawgroup.com' |
| **Subject:** | RE: LaPlayita, et al. v. Cicero, et al. - Motion for Rule v. Dr. Jaffe |
| **Attachments:** | image001.jpg |

Cynthia,

This will confirm our telephone conversation this afternoon regarding my email below.

You stated that Dr. Jaffe did not take any notes, and you were refusing to provide an affidavit. I explained to you that Dr. Jaffe testified in his deposition under oath that he did take notes, so if he is now claiming he did not, then I need an affidavit. Below is the excerpt from his deposition at pages 26-27:

    24    Q.  Did you take notes of your interview with
  1  Mr. Meza?
  2    A.  Yes.

In response to my request for the full citations, you said: "forget it."

In response to my request for the name and CV of the assistant, you said: "forget it."

I will file a motion tomorrow on these items. Rather than having our rebuttal expert issue a report and a supplement once the information is received, I would rather address all of these issues in one, which saves a considerable amount of time and costs for all of us.

Sincerely,

*Dana*

Dana L. Kurtz, Esq.



www.kurtzlaw.us
32 Blaine Street, Hinsdale, Illinois 60521
Office: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us
Cellular: 312.952.0712
Personal fax: 312.893.2239

**THIS IS A CONFIDENTIAL COMMUNICATION**: The preceding e-mail message contains information that is confidential. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at 630.323.9444. Unauthorized use, dissemination, distribution or reproduction of this message is strictly prohibited.

*Making a difference in the lives of others, every way we can. Please visit and support www.lmsdr.org.*

---

**From:** Dana Kurtz
**Sent:** Monday, December 03, 2012 4:00 PM
**To:** 'Cynthia S. Grandfield'
**Cc:** 'zimmer@dlglawgroup.com'
**Subject:** LaPlayita, et al. v. Cicero, et al. - Motion for Rule v. Dr. Jaffe
**Importance:** High

Counsel,

I am making one final attempt to resolve the issues regarding Dr. Jaffe's report/production and failure to comply with Rule 26, short of filing yet another motion for rule to show cause against Dr. Jaffe and to bar him altogether.

I received Ms. Grandfield's letter last week stating that Defendants and Dr. Jaffe are refusing to produce the name of his assistant and her CV. The issue with Dr. Jaffe's assistant is that she **did** participate in the evaluation and asked questions when Dr. Jaffe was not present, so I do need her CV.

Ms. Grandfield's letter is unclear about whether Dr. Jaffe now contends that he did not take notes. Ms. Grandfield wrote in her letter: "With respect to Dr. Jaffe's notes, I have also spoken with Dr. Jaffe on this issue. He does not have any of his own personal notes related to his examination of Mr. Meza." The statement that "he does not have any of his own personal notes," suggests that he took them but does not have them anymore. If Dr. Jaffe claims that he did not take any notes, then please provide an Affidavit to this effect. If he claims that he no longer has his notes and they were thrown away/destroyed, then please provide an Affidavit as well, and when they were thrown away, or why he does not have them anymore.

I also need the full citations that Dr. Jaffe references in his report. All he lists is the following:
    Friedman (2001)
    Morey (2003)
    Graham (2006)

Our expert cannot finalize the rebuttal report without this information. Please confirm by <u>tomorrow, December 4, 2012</u> that you will provide this information within the seven (7) days previously agreed before the Court. We will produce the rebuttal report seven (7) days thereafter.

Sincerely,

*Dana*

Dana L. Kurtz, Esq.



www.kurtzlaw.us
32 Blaine Street, Hinsdale, Illinois 60521
Office:  630.323.9444
Facsimile:  630.604.9444
E-mail:  dkurtz@kurtzlaw.us
Cellular:  312.952.0712
Personal fax: 312.893.2239

**THIS IS A CONFIDENTIAL COMMUNICATION**: The preceding e-mail message contains information that is confidential. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at 630.323.9444. Unauthorized use, dissemination, distribution or reproduction of this message is strictly prohibited.

*Making a difference in the lives of others, every way we can. Please visit and support www.lmsdr.org.*

# Exhibit 3

# Del Galdo Law Group, LLC
*Attorneys & Counselors*

November 27th, 2012

<u>*VIA FACSIMILE AT (630) 604-9444*</u>
Ms. Dana L. Kurtz
Kurtz Law Offices
32 Blaine Street
Hinsdale, Illinois 60521

Re: *LaPlayita, et al. v. Town of Cicero, et al.*, Case No. 11 CV 1702

Dear Ms. Kurtz:

Please allow this letter and its attachments to serve as a supplement pursuant to 26(e) of expert disclosures and as a response to your previous additional requests:

(a) With respect to the CV of Dr. Jaffe's assistant, after speaking with Dr. Jaffe on this issue it is my understanding that she served primarily as a notetaker and to remind Dr. Jaffe of any questions he had forgotten to ask. We are also not disclosing her as an expert and her CV is not required under Rule 26(a)(2)(B). Additionally, discovery has been closed since the end of last year; thus, your request is untimely. Thus, we will not be disclosing her CV at this time as it is not relevant, not a required disclosure by the rules, and untimely.

(b) With respect to Dr. Jaffe's notes, I have also spoken with Dr. Jaffe on this issue. He does not have any of his own personal notes related to his examination of Mr. Meza. He did not consider it necessary as he had his assistant as a notetaker and the interviews were being recorded and transcribed.

(c) During the deposition of Dr. Jaffe, you had requested that he supplement his disclosure of testimony that he had given since the disclosures. Attached to this correspondence is a table indicating additional testimony he has given since the disclosures late last year.

(d) Lastly, please see the affidavit of Dr. Jaffe with regard to another issue that came up during his deposition.

Sincerely,
DEL GALDO LAW GROUP, LLC

*Cynthia S. Grandfield*
Cynthia S. Grandfield

Attachments

# Dr. Alan M. Jaffe
## Supplemented Litigation Case History
### Cases to which He Provided Testimony at Trial and Deposition
### November 26th, 2012

| Case Name | Case No. |
| --- | --- |
| Freehling v. Department of Children and Family Services (2012, Department of Children and Family Services, Administrative Appellate Court) | N/A |
| In re: Ghias (2012, Illinois Prison Review Board) | N/A |

La Playita, Inc., et al. v. the Town of Cicero, et al.
Case No. 11 CV 1702

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR, and GERARDO MEZA, <br><br> Plaintiffs, <br><br> v. <br><br> THE TOWN OF CICERO, a municipal corporation, LARRY DOMINICK, in his official and individual capacity, PAUL DEMBOWSKI, LARRY POLK, and SERGE ROCHER, in their individual capacities, <br><br> Defendants. | Case No. 11 CV 1702 |

## AFFIDAVIT

I, DR. ALAN JAFFE, being first duly sworn on oath, do hereby depose and state:

1. After reviewing my file to refresh my recollection, the Table attached hereto as *Exhibit A* represents all the materials referenced in my statement on page 2 of my report "Documents and Depositions to be provided with court order" under the heading "The following evaluation of Mr. Gerard Meza was based upon the following:"

2. I make these statements within my personal knowledge and could competently testify thereto if called upon to do so.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Dr. Alan Jaffe

SUBSCRIBED AND SWORN
before me this 26 day of November 2012.

_____
Notary Public

```
OFFICIAL SEAL
JOSHUA J WALTERS
Notary Public - State of Illinois
My Commission Expires Jul 7, 2015
```

| Documents and Depositions Relied Upon |
|---|
| 1. Complaint |
| 2. Verified Counterclaim in Case No. 07 CH 000474 |
| 3. Police Reports related to Serenata |
| 4. Deposition Transcript of Meza |
| 5. Table of Serenata Liquor Citations and Results |
| 6. Psychological Treatises and Texts Referenced in Report |

*La Playita v. Town of Cicero, et al., Case No. 11 CV 1702*

*Dr. Jaffe*