**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LA PLAYITA CICERO, INC. d/b/a )
SERENATA RESTAURANT AND BAR, )
and GERARDO MEZA, )
                                       )
Plaintiffs, )
                                        )     Case No. 11 CV 1702
v. )
                                        )     Honorable Judge John Z. Lee
THE TOWN OF CICERO, a municipal )
corporation, LARRY DOMINICK, in his )
official and individual capacity, PAUL )
DEMBOWSKI, LARRY POLK, and SERGE )
ROCHER, in their individual capacities, )
                                        )
Defendants. )

<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON BASIS OF STATUTE OF LIMITATIONS</u>

       NOW COME the Defendants, the TOWN OF OF CICERO, LARRY DOMINICK, PAUL

DEMBOWSKI, LARRY POLK, and SERGE ROCHER, by and through their attorney Cynthia

S. Grandfield of Del Galdo Law Group, LLC and in support of summary judgment on grounds of

the statutes of limitations states as follows:

*I.     Nature of the Case*

       This Complaint was filed on February 9th, 2011.  <u>See</u> SMF 1.[1]  The Complaint alleges

civil rights and state law intentional torts were committed in issuing citations and ordering

closures of Meza's restaurant due to liquor code, building code, business license code and

criminal violations.  Counts I through III allege § 1983 violations of Equal Protection, First

_____

[1] "SMF" means Defendants' Rule 56.1 Statement of Material Facts throughout this document

Amendment, and Due Process respectively. Counts IV through VI allege state law claims of malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress.

The Complaint concerns citations that occurred in 2006 through 2009. With respect to the § 1983 Counts, the statue of limitations is two years. Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998). With respect to any state law claims, the statute of limitations is one year. 745 ILCS 10/8-101(a).

*II. History of Citations and Complaints at Serenata Restaurant and Bar*

Plaintiff Meza owned LaPlayita Cicero, Inc., which operated as "Serenata Restaurant and Bar" from 2005 to 2009. Serenata was a bar that had constant problems. From 2006 through 2009, Meza's Serenata violated the liquor code on over a dozen occasions. The offenses included "no manager on duty," multiple batteries, several instances of serving a minor, as well as multiple DUIs where the driver was underaged and claimed to have been drinking Serenata where they "could get cheap drinks and not get carded."

On May 18th, Cicero Police Officers arrested five individuals as they were exiting Serenata, two for driving under the influence, one for possession of cannabis and drug paraphernalia, and two for disobeying a police officer and using offensive gestures. SMF 5. On May 26th, 2006, Cicero Police Officers were dispatched to Serenata due to reports of a fight; two groups of gang members were yelling at one another inside; Serenata security had asked the groups to leave and upon exiting, the gang members were throwing bottles at one another and causing property damage to a neighboring business. SMF 6. On May 28th, 2006 Cicero Police Officers were in the vicinity and observed someone being hit and were informed that the fight

occurred inside.  SMF 7. Also, on May 28th, 2006, Cicero Police Officers proceeded to Serenata following reports of a large group of individuals standing in front of Serenata and being disorderly.  SMF 8.  Citations resulted for all of these incidents.  Meza entered into a global settlement agreement with respect to all four of these citations in July of 2006 for an agreed fine of $1,400 dollars and to close the business for 10 days.   SMF 10.  As part of the settlement agreement, Meza agreed to waive any and all claims against the Town and any officials or employees related to the citations.  SMF 10.

On September 28th, 2006, a traffic accident occurred close to Serenata.  SMF 11.  One of the drivers involved was twenty years old and was arrested for a DUI. It was determined that she had been drinking at Serenata, and citations were issued.  SMF 11.  On October 21st, 2006, Serenata had a band playing live music in violation of Serenata's liquor license, which resulted in citations that were ultimately dismissed.  SMF 12.

On December 31st, 2006, upon entry Deputy Liquor Commissioner Dembowski determined that Meza was using the second floor of Serenata as a bar as well, which had been completely refurbished, and for which neither Meza nor Serenata had an occupancy permit. SMF 14.    On January 5th, 2007, the Town filed a Complaint and TRO in the Circuit Court of Cook County requesting Serenata remain closed until the Town could determine the condition of the second floor and how it affected the rest of the structure.  SMF 15.  On January 10th, 2007, the TRO was dissolved with respect to the first floor, but the judge ordered that the second floor was not to be used under any circumstances. SMF 16.

On January 12th, 2007, a battery occurred at Serenata, where a man was hit over the head with a broken bottle.  SMF 17.  Meza initially tried to conceal the battery to Cicero Police

officers, admitting that he was afraid that he would get a dramshop report. SMF 17. Citations were issued related to the incident. SMF 17. On March 1st, 2007, an auto accident occurred in Cicero. The Cicero police determined that both the driver and the passenger involved, who were underage, had been at Serenata where they had consumed alcohol. This also led to a citation, and Serenata could not serve alcohol from April 9th to 13th 2007. SMF 19, 20.

On September 10th of 2007, subsequent to a consolidated hearing before the appointed hearing officer for the Town Liquor Control Commission, Richard Pellegrino, on the three charges related to the citations received by Serenata on September 28th, 2006, December 31st, 2006, and January 1st, 2007, the hearing officer made several findings of fact and law. The hearing officer sustained September 28th, 2006, December 31st, 2006, and January 1st, 2007 citations and revoked Serenata's liquor license. SMF 22. The hearing officer did not sustain the March 1st, 2007 citation. SMF 22. On January 7th, 2008, pursuant to Serenata's appeal, the Illinois Liquor Control Commission modified the revocation to a ten day suspension. SMF 23.

On January 31st, 2008, Serenata sold alcohol to a minor as part of a Cicero liquor sting operation. There also was no manager on duty. A citation was issued. SMF 24. Pursuant to the January 31st, 2008 citation, Serenata was not permitted to sell alcohol from February 1st to 8th of 2008 under the authority of 235 ILCS 5/7-5. SMF 25. On April 21st of 2008, the hearing officer for the Town Liquor Control Commission issued a ruling sustaining both counts with the penalty of a $2,000 fine and Serenata not being allowed to serve liquor for 30 days. SMF 24. This was later upheld by the Illinois Liquor Control Commission. SMF 28. On May 23rd, 2008, Serenata again sold to a minor as part of a liquor sting operation. Citations were again issued. SMF 27. After a 3-day hearing on the merits before the Town Liquor Commission's hearing

officer, Serenata was issued a 30 day suspension of its liquor license to commence on July 31st, 2008 and a $2,000 fine.  SMF 27.

On October 28th, 2008, subsequent to another hearing before the Town Liquor Commission Control hearing officer a 7 day suspension commencing on January 13th, 2009 and a $500 fine was issued.  SMF 30.

On July 24th, 2009, Serenata was cited for not having a valid business license.  SMF 32 A settlement agreement was entered to by all parties, including Serenata, Meza and the Town that Meza admitted the charges and agreed to pay a $500 fine and serve a five day suspension.  Meza was given time to consult with counsel.  Within the settlement, Meza also agreed to waive any and all claims of suit related to the incident.  He also admitted that he had committed the violation of operating without a valid business license.  SMF 32.

III.    *Counts I through III § 1983 Claims*

All three of these federal claims are barred by the two year statute of limitations as this Complaint was not filed until February 9th, 2011.  <u>Ashafa v. City of Chicago</u>, 146 F.3d 459, 461 (7th Cir. 1998)(collecting cases holding two year statute of limitations applies to §1983 actions).  The only potential dates that bring the claim within the statute of limitations under a "continuing violation" theory are the July 24th, 2009 citation related to Meza's Serenata being cited for no valid business license or Meza's arrest for battery in October of 2009.  The July 24th, 2009 incident is not actionable by Meza or Serenata as he signed a settlement agreement waiving any and all claims and admitting that a violation had occurred.  The October of 2009 arrest of Meza for battery and subsequent alleged acquittal in  October of 2010 is not actionable because the Complaint only contains elements related to this arrest that sound in malicious prosecution and

the Seventh Circuit does not permit a § 1983 action based on malicious prosecution. See Ray v. City of Chicago, 629 F.3d 660, 664 (7th Cir. 2011); Parish v. City of Chicago, 594 F.3d 551, 552 (7th Cir. 2009); Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001)(holding that a malicious prosecution claim not actionable under §1983 if state law provides action than §1983 claims are knocked out). Additionally, while Meza closed Serenata in December of 2009, that is also not actionable. A cause of action accrues when a person is put on reasonable notice that a violation has occurred, not when it becomes painful. A violation of rights or tort, however, accrues when the discriminatory act occurs, not when the consequences of that act become painful. Chardon v. Fernandez, 454 U.S. 6, 8 (1981); Delaware State College v. Ricks, 449 U.S. 250, 261 (1980); Feltmeier v. Feltmeier, 207 Ill.2d 263, 798 N.E.2d 75, 85 (2003)("A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation.").

But even if the Court disagrees with the Defendants and instead believes that the July 2009 incident and arrest of October of 2009 arrest of Meza are actionable, the continuing violation doctrine does not apply so as to bring the rest of the incidents within the purview of the Court in this case.

*A. Count I Equal Protection § 1983 Claim*

Regardless of whether the continuing violation doctrine applies to this case or the October of 2009 arrest of Meza are found actionable under the §1983 claim, the equal protection case is clearly barred by the two-year statute of limitations. To make out a prima facie case of an equal protection violation you must allege that you were treated less favorably then those similarly situated. Bissessur v. Ind. Univ. Bd. of Trs., 581 F.3d 599, 601 n. 7 (7th Cir. 2009);

Stachowski v. Town of Cicero, 425 F.3d 1075, 1078-1079 (7th Cir. 2005); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001).  Serenata and Meza have only made that allegations with regard to incidents in  April and July of 2008.  See Compl. *Exhibit A* to SMF ¶ 108, 112.  Thus, they have only alleged incidents that potentially make out a prima facie case in 2008.  As this complaint was not filed until February of 2011, this count is barred.  If the Court disagrees, the Defendants believe that the continuing violation doctrine does not apply for the reasons stated in Section III. C. of this brief and that only incidents that occurred less than two years prior to February of 2011 are actionable.

*B. Count III Due Process § 1983 Claim*

Regardless of whether the continuing violation doctrine applies to this case or the October of 2009 arrest of Meza are found actionable under the § 1983 claims, the due process count is clearly barred by the two-year statute of limitations.  While not labeled as procedural or substantive due process, Defendants presume that it is a procedural due process claim as it makes allegation of seizure of property without a hearing and admission of hearsay in violation of due process.  See Sherwin Manor Nursing, Inc. v. McAuliffe, 37 F.3d 1216, 1220 (7th Cir. 1990) (holding that Complaint appeared to allege a procedural due process claim  because it alleged a deprivation of a property interest "without cause, without notice, and without a hearing").  Further, it can only be one count as it was filed initially in the Circuit Court of Cook County and the Illinois Code of Civil Procedure only allows one claim per count.   See 735 ILCS 5/2-603(b).

The specific violations of due process alleged are: (1) seizure of property (specifically a liquor license) without a hearing; (2) improper use of hearsay evidence; and (3) improper use of 235 ILCS 5/7-5 of the Illinois Liquor Code "when no immediate threat to the health or welfare

existed." See Compl. attached as *Exhibit A* to SMF ¶ 175. However, the Town only revoked the liquor license in September of 2007, the only time in allegedly improperly admitted hearsay evidence was at the hearings immediately preceding the revocation of the license in September of 2007, and the last date that the used its power under 235 ILCS 5/7-5 was in February of 2008. SMF 25. Even applying a broader standard, the last time that the hearing officer for the Town Liquor Commission issued an actionable penalty (excluding July of 2009 due to the settlement agreement) was in January of 2009. SMF 31.

There are also allegations that Serenata and Meza were improperly "targeted" under the due process clause, but this is not a proper procedural due process claim and could not be made as a substantive due process claim as it could be brought as an Equal Protection or First Amendment Retaliation. Compl. ¶ 174, 175 *Exhibit A* to SMF; Brokaw v. Mercer County, 235 F. 3d 1000, 1017 (7th Cir. 2000)(holding that when a specific constitutional provision protects the right allegedly infringed, substantive due process may not be called upon); See also Jewett v. Anders, 521 F.3d 818, 827 n.9 (7th Cir. 2008); Belcher v. Norton, 497 F.3d 742, 754 (7th Cir. 2007); Colon v. Schneider, 899 F.2d 660, 666 (7th Cir. 1990)(procedural due process claim alleges that property taken without due process of law).

*C. Continuing Violation Doctrine and Count II First Amendment Retaliation*

Defendants also believe that this count is barred by the two year statute of limitations, as the July of 2009 incident and October of 2009 arrest of Meza are not actionable for the reasons stated at the beginning of III. But if the Court disagrees with this analysis, Defendants argue, in the alternative, that the continuing violation doctrine does not apply to this case and that only

events that occurred less than two years prior to the filing of this Complaint in February of 2011 are actionable.

The continuing violation doctrine does allow a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period.  Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992).  A violation of rights or tort, however, accrues when the discriminatory act occurs, not when the consequences of that act become painful.  Chardon v. Fernandez, 454 U.S. 6, 8 (1981); Delaware State College v. Ricks, 449 U.S. 250, 261 (1980); Feltmeier v. Feltmeier, 207 Ill.2d 263, 798 N.E.2d 75, 85 (2003)("A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation."). The continuing violation theory is not available when the plaintiff "knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and harmed him." Moskowitz v. Trustees of Purdue Univ., 5 F.3d 279, 282 (7th Cir. 1993).  Specifically, when the discriminatory action is a separate and distinct act, the time period for the filing of charges starts when the discriminatory action takes place.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).  Courts in the Northern District of Illinois consider the following three factors in determining if the defendants' conduct "related closely enough to constitute a continuing violation" and not "merely discrete, isolated, and completed acts which must be regarded as individual violations": (1) the subject matter, (2) the frequency, and (3) the degree of permanence.  Selan v. Kiley, 969 F.2d 560, 565; See also Kielczynski v. Village of LaGrange, Illinois, 19 F. Supp.2d 877 (N.D. Ill. 1998).

In American National, the plaintiffs, the owners of the Hawthorne Inn, brought §1983 and various Illinois state law claims in a complaint filed on February 28th, 2001 and alleged four

main acts: (1) the aborted sale of 1996 after the Town passed a "new ordinance;" (2) a summary closing of the Hawthorne in 1998; (3) an alleged aborted sale to Mr. Diaz in 1999; and (4) finally, a "forced" sale at a reduced priced on March 1st of 2000.  See 2001 WL 1631871, *3-4, Case No. 01 C 1396 (N.D. Ill. 12/14/2001, Guzman, J.).  This Court held that the Hawthorne knew or should have known that its rights were violated in 1998 when the Town officials shut down the Hawthorne.  Id. at *4.  The Court disagreed that the case could be analogized to the cases Kielczynski v. Village of LaGrange, Ill., 19 F. Supp.2d 877, 881 (N.D. Ill. 1998) and Wolf v. Chicago Heights, 828 F. Supp. 520, 523 (N.D. Ill. 1993) to fall under the continuing violation doctrine, and instead held that the facts of the case were more closely related to the Seventh Circuit decision in Kelly v. Collins, 4 F.3d 509, 510 (7th Cir. 1993).  Id. at *4-6 (discussion of Kielczynski and Wolf) and *6-7 (discussion of Kelly).  In Kelly, the Seventh Circuit held that a claim for Chicago police conspiring to close down a bar owned by the plaintiffs on the city's north side accrued when the license was revoked in September of 1988, not when the bar was closed in July of 1989.  See Kelly v. Collins, 4 F.3d 509, 511-512.

Here, similar to Kelly and American National, Serenata and Meza should have known their rights were allegedly being violated as early as 2006, but, at a minimum in September of 2007 when their license was revoked by the Town.  SMF 22; See also Compl. ¶ 46, 51 *Exhibit A* to SMF.  In fact with respect to the April of 2008 and July of 2008 citations and closures, Serenata and Meza's counsel, the same counsel representing them in this case, argued this same thing before the Town Liquor Commission hearing officer during the hearings on the April of 2008 and July of 2008 citations.  SMF 26, 29.  The continuing violation theory is not available when the plaintiff "knows or with the exercise of reasonable diligence would have known after

each act that it was discriminatory and harmed him." <u>Moskowitz v. Trustees of Purdue Univ.</u>, 5 F.3d 279, 282 (7th Cir. 1993).

Additionally, specifically applying the factors of <u>Selan</u>, the citations were frequently months apart (SMF 19, 24, 30, 32), they were for different violations of Town Code, and they were permanent in that a fine was assessed, a 7-day closure was ordered and served, a 30-day fine was ordered and served. SMF 24, 25, 27, 30, 31.

Further still, Plaintiffs admit in the body of their complaint that they had previously filed a complaint on similar issues, and as this Court is aware this Complaint is pending before Judge Dow as Case No. 11 CV 5561. The previous filing of a suit on the same issue is "strong evidence" that a continuing violation does not apply. <u>Davis v. Wells Fargo Bank</u>, 2008 WL 1775481, *1, 4 (N.D. Ill. 04/17/2008, Aspen J.)(holding that no continuing violation existed when previous suits had been filed on multiple occasions in Kankakee state court). That same lawsuit was initially filed in state court on April 13th, 2007. SMF 21.

IV.     *State Law Claims Counts IV through VI*

*A. Supplemental Jurisdiction*

The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." <u>Davis v. Cook County</u>, 534 F.3d 650, 654 (7th Cir. 2008); <u>Williams v. Rodriguez</u>, 509 F.3d 392, 404 (7th Cir 2007); <u>Grace v. Eli Lilly</u>, 193 F.3d 496, 501 (7th Cir. 1999); 28 U.S.C. § 1367(c)(3). Defendants respectfully request that the Court follow this usual practice and decline to exercise supplemental jurisdiction with respect to

the remaining state law claims if it agrees with Defendants that the Plaintiffs federal claims are time-barred.

*B. Abuse of Process (Count V)*

The two elements of a claim for abuse of process are: (1) some act in the use of the legal process not proper in the regular prosecution of such proceedings, and (2) the existence of an ulterior purpose or motive. Arora v. Chui, 279 Ill. App.3d 321, 331, 664 N.E.2d 1101 (1996); Holiday Magic, Inc. v. Scott, 4 Ill. App.3d 962, 966, 282 N.E.2d 452 (1972). In order to satisfy the first element, a plaintiff must plead facts that show that the defendant instituted proceedings against him for an improper purpose, such as intimidation, extortion, or embarrassment. Community Nat'l Bank in Monmouth v. McCrery, 156 Ill. App.3d 580, 583, 509 N.E.2d 122 (1987). The mere institution of a suit for an improper purpose does not itself constitute an abuse of process, however, the second element being the gravamen of the offense. McCrery, 156 Ill. App.3d at 583, 509 N.E.2d 122. "Process" is defined "as any means used by the court to acquire or exercise jurisdiction over a person or over specific property. Arora, 279 Ill. App.3d at 331, 664 N.E.2d 1101; Holiday Magic, 4 Ill. App.3d at 968, 282 N.E.2d 452. Process is issued by the court under its official seal and thus must be distinguished from pleadings, which are created and filed by litigants. Doyle v. Shlensky, 120 Ill. App.3d 807, 458 N.E.2d 1120, 1128 (1st Dist. 1983). Thus, the mere use of the legal process, such as the filing of a lawsuit, does not constitute abuse of process. Kurek v. Kavanaugh, Scully, Sudow, White & Frederick, 50 Ill. App.3d 1033, 1038, 365 N.E.2d 1191 (1977). Abuse of process exists only in instances in which the plaintiff has suffered an actual arrest or seizure of property. Holiday Magic, 282 N.E.2d at 457. The tort of abuse of process is a very narrow tort that is not favored under Illinois law; because of this

disfavored status, the elements are strictly construed. <u>Commerce Bank v. Plotkin</u>, 255 Ill. App. 3d 870, 872, 627 N.E.2d 746 (1994); <u>Erlich v. Lopin-Erlich</u>, 195 Ill. App.3d 537, 539, 553 N.E. 2d 21 (1990).

In this case, Plaintiffs claim that the Defendants improperly applied the Illinois Liquor Control Act, specifically 235 ILCS 5/7-5, to entirely shut down the premises, as well as prosecuted actions before the Town Liquor Commission, Town administrative ordinance court, the criminal court and the Cook County Circuit Court. <u>See</u> Compl. ¶ 188, 189, 190 *Exhibit A* to *SMF.* The actions of the Deputy Liquor Control Commissioner, the Liquor Control Commissioner, as well as orders of the Town Liquor Commission and the Town's administrative ordinance court, however, are not subject to an abuse of process claim. The Illinois Appellate Court has already rejected a similar argument and held that an administrative hearing or process cannot serve as the basis for an abuse of process claim in <u>Kirchner v. Greene</u> stating:

Kirchner's claim fails for the simple reason that no court process was involved and, thus, it is axiomatic that there can be no abuse of process. Kirchner recognizes this fact in urging us to expand the tort of abuse of process to include proceedings undertaken by the DCFS because it is a quasi-judicial administrative body that is charged with the responsibility of adjudicating claims of child abuse. Such expansion is baseless in the law and would be contrary to the narrow strictures to which courts have confined this tort.
<u>Kirchner v. Greene</u>, 294 Ill. App.3d 672, 684, 691 N.E.2d 107, 117 (1st Dist. 1998).

Thus, the only proceedings that could be brought before this Court would be the Town's TRO, preliminary and permanent injunction suit brought in Cook County in early 2007, and the criminal charges brought against Meza in October of 2009. Further applying the rule that an abuse of process can only occur if there is a seizure of property or arrest, the only proceeding this tort could possibly apply to would be Meza's arrest in October of 2009. <u>See</u> Compl. ¶ 132-135 *Exhibit A* to SMF. Even applying a more expansive view of this tort, which Illinois warns

against, Plaintiffs argue that the Town cited Serenata in an effort to close down the business. See Compl. ¶ 188, 190, 192 *Exhibit A* to SMF. But Meza closed Serenata in December of 2009. SMF 33. Thus, under any interpretation of this abuse of process claim, this count is barred by the one year statute of limitations under the 745 ILCS 10/8-101(a) of the Illinois Tort Immunity Act.

C. *Intentional Infliction of Emotional Distress (Count VI)*

Defendants believe that the Court should decline to exercise supplemental jurisdiction over this state law claim as the federal claims are barred by the statute of limitations. See Garner v. Lakeside Community Committee, 2001 WL2415754, *6 (N.D. Ill., Dow, J. 06/13/2011) (declining to exercise supplemental jurisdiction over IIED claim). But should the Court disagree, the Defendants do have an argument that at least part of the incidents alleged are barred by the statute of limitations under this Count. Much like § 1983 claims, there is also a continuing violation theory for state law claims that operates similarly. However, the theory only applies to continuing conduct of a similar nature, such as a continuing course of making inappropriate comments to a coworker in a sexual harassment case. See Pavlik v. Kornhaber, 326 Ill. App.3d 731, 745, 761 N.E.2d 175, 187 (1st Dist. 2001). In this case, while the emotional distress Meza allegedly suffered due to receiving repeated citations from the Town would be one course of conduct; the emotional distress Meza allegedly suffered from his prosecution for battery in October of 2009 until he was allegedly acquitted of the charges in 2010 would be a separate course of conduct and basis for emotional distress. Thus, any emotional distress from the citations would be barred by the one-year statute of limitations under the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a) as Meza closed Serenata in December of 2009,

and only the emotional distress from Meza's prosecution for battery would remain actionable.
SMF 33.

D. *Malicious Prosecution (Count IV)*

      Defendants do not have a statute of limitations argument with respect to this Count, but instead believe that the Court should decline to exercise supplemental jurisdiction as all of the § 1983 federal counts are barred by the statute of limitations as discussed in IV. A. of this brief.

      WHEREFORE, Defendants respectfully request that their motion for summary judgment on grounds of statute of limitations be granted with respect to Counts I to III, V and that the Court decline to exercise supplemental jurisdiction over remaining state law claims Count IV and VI pursuant to 28 U.S.C. 1367(c)(3).

Respectfully submitted,
Defendants

By: */s/ Cynthia S. Grandfield*
    Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
Eric T. Stach
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)