IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., *et al.*, | |
| Plaintiffs, | Case No. 11 CV 05561 |
| v. | Case No. 11 CV 1702 |
| TOWN OF CICERO, *et al.*, | Honorable Judge John Z. Lee |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION TO STRIKE (DKT. 154 (5561))**

Plaintiffs, La Playita Cicero, Inc. (hereinafter "Serenata"), and Gerardo Meza ("Mr. Meza"), through their undersigned counsel, respectfully submit this response to Defendants' Motion to Strike, and in support state:

1. On November 26, 2016, instead of filing their reply brief pursuant to the Court's order, Defendants' filed a motion to strike Dr. Green's supplement to his report and his declaration attached to Plaintiffs' response, and requested additional time to file their reply.

2. Plaintiffs have no objection to Defendants having additional time to file a reply.

3. However, there is no basis to grant Defendants leave to take yet another deposition of Dr. Green.

4. His supplemental report (Dkt. 154-1) only brings Plaintiffs' damages calculation to the present value, *i.e.*, 2016 dollars instead of 2011 dollars when the original report was tendered. (*See* Dkt. 154-1 at 2 ("This addendum updates the dollar measures used in the original report. The update is necessary because dollar values change over time. Per this addendum Serenata's total financial losses in 2016 dollars is $1,487,991.").) There are no new opinions in the supplemental report, and there is no basis to take another deposition of Dr. Green.

5.      Pursuant to Fed. R. Civ. P. 26, the supplemental disclosures are appropriate and required. Rule 26(e)(2) states:

> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Rule 26(a)(3)(B) states:

> (B) *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made *at least 30 days before trial*. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause.

Fed.R.Civ.P. 26(a)(3)(B) (emphasis added). No trial date has been set in this case, and thus the supplemental disclosure updating the damages calculation because of the 5 years since the 2011 report is timely.

6.      Defendants also object to Dr. Green's declaration, filed in response to Defendants' *Daubert* motion in an attempt to bar his opinions. However, these are not new opinions, but simply source information for the Capital Asset Pricing Model and the updated web page for the reference to the Wall Street Journal source from the U.S. Department of Treasury. Because 5 years have passed, the prior information on the Wall Street Journal's web page could not be located, but the same information was located on the web page for the U.S. Department of Treasury.

7.      The information contained in paragraphs 6 (whether or not the business was allowed to serve food during the "closures") and 7 (whether Dr. Green considered perishable inventory) is consistent with Dr. Green's testimony in his deposition. (Dkt. 123-4 (5561), Green

2

Dep. 32:2-21 (perishable inventory would not change his analysis "because the cost numbers are still in the data"), and 31:16-32:1 (whether or not Serenata was prohibited from serving alcohol but was allowed to remain open to serve food would not change the analysis "[b]ecause the dollar values are still there. . . .").)

8. There is no basis to incur additional expense in another deposition of Dr. Green, and there is no basis to bar his opinions.

9. Defendants argue that "Dr. Green's amendments take no account whatsoever of the fact that an original comparator restaurant has since closed in 2015 and was, like Plaintiffs' restaurant, only open for 5 years. See Business License with notice of Closure as of 06/30/2015 in lower right hand corner highlighted attached as *Exhibit C*." (Dkt. 154 at 5.) First, Defendants have not produced this document in discovery or supplemented their Rule 26 disclosures or discovery responses with this document or any other documents relating to the citations issued to Merendero Sanmarcos Bar & Grill, as is required under Rules 26, 33, 34, and 37. Because Defendants have not produced this or other related records, it should not be considered. Second, it is simply not relevant. A comparative Mexican restaurant was considered (in addition to the other data that Dr. Green considered) for determining growth rate of Plaintiffs' business. Whether another business closed in 2015 is not relevant to considering the growth rate years prior to the closure. Such a suggestion would mean that a defendant could stall a case until comparative businesses closed and then argue that there are no comparatives by which to calculate damages.

10. As stated in Plaintiffs' response to Defendants' *Daubert* Motion of Dr. Green, topics for cross-examination are not a basis to bar an expert under *Daubert*. Dr. Green's opinions are reliable and in conformity with standard practices in the field of economics.

WHEREFORE, for the reasons stated above, Defendants' motion to strike (Dkt. 154) should be denied, and Plaintiffs granted such other relief that is just and equitable.

    Respectfully submitted,

    LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA

    */s/Dana L. Kurtz*

    *Electronically filed on September 28, 2016*

Dana L. Kurtz, Esq. (ARDC# 6256245)
Heidi Karr Sleper, Esq. (ARDC# 6287421)
Kurtz Law Offices, Ltd.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us
E-mail: hsleper@kurtzlaw.us

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on September 28, 2016.

K. Austin Zimmer  zimmer@dlglawgroup.com
Cynthia Sara Grandfield  grandfield@dlglawgroup.com

*/s/Dana L. Kurtz*
_____
Dana L. Kurtz